UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21551-CIV-ALTONAGA/Goodman

In re:

**FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION**
_____/

## ORDER APPOINTING PLAINTIFFS' LEADERSHIP

**THIS CAUSE** came before the Court on the parties' Joint Motion for Appointment of Plaintiffs' Interim Co-Lead Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Executive Committee [ECF No. 95]. In the Order dated May 22, 2019 [ECF No. 63], the Court directed the parties, if they reached an agreement regarding lead counsel, to file a single motion to appoint lead class counsel, accompanied by a proposed litigation structure plan, by May 31, 2019. In accord with that Order, the parties filed a single motion for appointment of Plaintiffs' Interim Co-Lead Counsel accompanied by a proposed leadership structure. (*See* Joint Motion). The Motion indicates that Plaintiffs' counsel reached an agreement regarding the appointment of Plaintiffs' Interim Co-Lead Counsel, Plaintiffs' Liaison Counsel and a Plaintiffs' Executive Committee ("PEC"). The Court has carefully reviewed the Motion.

The appointment of interim class counsel is authorized by Rule 23(g)(2)(A) of the Federal Rules of Civil Procedure. In cases such as this, where multiple overlapping and duplicative class actions have been filed, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management. *See generally Manual for Complex Litigation (Fourth)* § 21.11 (2004) ("*Manual*"). Generally, such counsel has the responsibility for "protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."

*Id*. § 21.11 at 246. No party has voiced any objection to the notion that interim class counsel, a liaison counsel and a four-firm PEC should be appointed here.

Although neither the federal rules nor the advisory committee notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1)(C), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See*, *e.g.*, *In re: Disposable Contact Lens Antitrust*, No. 3:15-md-2626, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) (factors for appointing class counsel under Rule 23(g)(1)(A) apply "equally to the appointment of interim lead counsel before certification.") (citations omitted); *Bowers v. Sioux Honey Coop. Ass'n*, No. 12-21034, 2012 WL 12865846, at *2 (S.D. Fla. Dec. 14, 2012); *In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, No. H-11-2266, 2011 WL 13135156, at *3 (S.D. Tex. Dec. 19, 2011). Those factors include the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(C).

Because this Consolidated Action involves (at least at present) numerous separately pleaded class actions with multiple plaintiffs' counsel, interim class counsel will be serving in a somewhat more expansive role than simply protecting the interest of the putative class. Interim class counsel will also be acting on behalf of other attorneys and those other attorneys' clients in the role of lead or liaison counsel. Thus, other considerations come into play, including among others, the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. *See Manual* § 10.224 at 27. Ultimately, the Court's goal is

"achieving efficiency and economy without jeopardizing fairness to the parties." *Id*. § 10.001 at 25.

After considering the Motion in light of the foregoing factors, the Court is satisfied that the attorneys in proposed Plaintiffs' leadership structure all have experience handling class actions, complex litigation, and claims of the type asserted in this action, as well as knowledge of the applicable law.  Each of the proposed members of Plaintiffs' leadership has done work identifying or investigating potential claims in the action and will commit the resources necessary to represent the class.  Therefore, based on the Court's review and consideration of the Motion, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion **[ECF No. 95]** is **GRANTED** as follows:

1.     Pursuant to Fed. R. Civ. P. 23(g)(2), the Court appoints **Hausfeld, LLP (Michael Lehmann, Christopher Lebsock, Reena Gambhir) and Podhurst Orseck, P.A. (Peter Prieto) as Plaintiffs' Interim Co-Lead Class Counsel**, who shall be responsible for coordinating plaintiffs in the conduct of the Consolidated Action and shall:

  a.     direct overall case strategy and case management for the direct purchaser plaintiffs;

  b.     make, brief, and argue pleadings, motions, and memoranda, and participate in proceedings initiated by other parties;

  c.     initiate, conduct and defend discovery proceedings;

  d.     act as spokesperson at pretrial conferences;

  e.     negotiate with defense counsel with respect to settlement and other matters;

  f.     call meetings of plaintiffs' counsel when appropriate;

  g.     make all work assignments to plaintiffs' counsel to facilitate the orderly

        and efficient prosecution of this litigation and avoid duplicative or unproductive effort;

    h.    conduct pretrial, trial and post-trial proceedings;

    i.    consult with and employ experts;

    j.    request that the Court approve settlements, if any, and fee awards;

    k.    allocate fees;

    l.    perform such other duties and undertake such other responsibilities as they deem necessary or desirable in the prosecution of this litigation; and

    m.    coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

2.    No work shall be undertaken by any plaintiffs' counsel without the express advance authorization of Plaintiffs' Interim Co-Lead Counsel. Likewise, no pleadings, motions, discovery or other pretrial proceedings shall be initiated or filed by any plaintiffs' counsel except through Plaintiffs' Interim Co-Lead Class Counsel or upon their express advance authorization.

3.    All plaintiffs' counsel shall submit to Plaintiffs' Interim Co-Lead Class Counsel (or their designee) a record of the time expended and costs incurred on a monthly basis, or such other schedule as may be established, in accord with the procedures established by Plaintiffs' Interim Co-Lead Class Counsel.

4.    The Court appoints **Kopelowitz Ostrow Ferguson Weiselberg Gilbert (Robert C. Gilbert) as Plaintiffs' Liaison Counsel**, who shall:

    a.    serve as the primary contact, along with Plaintiffs' Interim Co-Lead Counsel, with whom the Court may communicate regarding the administration and management of the litigation;

      b.      facilitate and expedite communications between Plaintiffs' Interim Co-Lead Counsel and the Court;

      c.      file motions and other papers on behalf of Plaintiffs' Interim Co-Lead Counsel and participate in proceedings initiated by other parties;

      d.      receive and distribute, as appropriate, to Plaintiffs' Interim Co-Lead Counsel and other plaintiffs' counsel orders from the Court and documents and other papers received from counsel for Defendants; and

      e.      carry out such other duties and responsibilities as assigned by Plaintiffs' Interim Co-Lead Counsel.

5. The Court appoints four firms as members of the PEC: **(i) Preti, Flaherty, Beliveau & Pachios LLP (Gregory P. Hansel), (ii) Wollmuth Maher & Deutsch LLP (Ronald J. Aranoff), (iii) Steyer Lowenthal Boodrookas Alvarez & Smith, LLP (Allan Steyer), and (iv) Freed Kanner London & Millen LLC (Steven Kanner, Kimberly A. Justice)**, who shall work in tandem with Plaintiffs' Interim Co-Lead Counsel in the orderly and efficient prosecution of the Consolidated Action and carry out such duties and responsibilities as are appropriate for the successful prosecution of this action.

6. Defendants shall effect service of papers on plaintiffs by serving copies on Plaintiffs' Interim Co-Lead Class Counsel and Plaintiffs' Liaison Counsel by electronic mail, overnight mail, telecopy or hand delivery. Plaintiffs' Interim Co-Lead Class Counsel and Plaintiffs' Liaison Counsel shall effect service on plaintiffs by serving copies on all other plaintiffs' counsel. The Court's Master Service List shall govern in all proceedings.

CASE NO. 19-21551-CIV-ALTONAGA/Goodman

7. The terms of this Order, including the appointment of Plaintiffs' Interim Co-Lead Class Counsel, Plaintiffs' Liaison Counsel and the PEC, shall not constitute a waiver by any party of any claims in or defenses to any of the actions.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of June, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record