# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 19-21551-CIV-ALTONAGA

IN RE FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION,

_____/

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBITS TO THEIR MOTION FOR RECONSIDERATION, AND PORTIONS OF THAT MOTION

Pursuant to Southern District of Florida Local Rule 5.4(b), Defendants Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC), Grieg Seafood ASA, Grieg Seafood BC Ltd., Leroy Seafood AS, Leroy Seafood USA Inc., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., Ocean Quality Premium Brands, Inc., and SalMar ASA seek leave to file under seal (1) confidential letters from European Commission ("EC" or the "Commission") filed as exhibits in support of the Defendants Motion to Reconsider, or in the Alternative For a Protective Order (the "Motion to Reconsider") and (2) portions of the Motion to Reconsider that reflect the content of those letters.

## BACKGROUND

On April 6, 2020, the Court issued the Third Scheduling Order, in which it stayed all discovery pending resolution of Defendants' motion to dismiss, with the exception of records already produced by Defendants to the DOJ and other foreign and domestic government entities. [ECF No. 207 at ⁋ 5.]  On April 9, 2020, Plaintiffs served discovery requests on each Defendant

seeking all documents produced to any government agency, including the Commission, in connection with any investigation relating to anticompetitive conduct in the salmon market.

On April 21, 2020, Defendants notified the Commission of Plaintiff's requests.  On April 29, 2020, the Commission sent a substantively identical letter to each Norwegian Defendant, informing them of the Commission's concerns regarding the disclosure of documents related to the Commission's proceedings (the "Administrative Letters").  The Commission stated that it had no objection to Defendants submitting its letter to this Court or Plaintiffs' counsel, but requested that the full contents of Administrative Letters should not be publicly disclosed because they contain non-public information concerning the Commission's ongoing investigation and investigative practices.

In support of the Motion to Reconsider, Defendants intend to file the Administrative Letters with the Court.  In addition, portions of the Motion to Reconsider itself reflect the contents of the Administrative Letters.  Because of the confidential nature of these letters and the Commission's stated desire that they remain confidential, Defendants seek leave to file under seal (1) the Administrative Letters and (2) portions of the Motion for Reconsideration that reflect the contents of those letters.  Pending the Court's resolution of this motion, Defendants will file on the public docket a redacted version of the Motion to Reconsider and non-confidential exhibits attached thereto.

## ARGUMENT

While the public has a right to access judicial records, the Eleventh Circuit has explained that "material filed [in connection] with discovery motions is not subject to the common-law right of access."  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001); *see also Comm'r, Alabama Dep't of Corr. v. Advance Local Media, LLC*, 918 F.3d

1161, 1166 (11th Cir. 2019) ("Both [*Chicago Tribune* and *AbbVie Products*] . . . emphasiz[ed] a distinction between documents filed with discovery motions and those filed with substantive motions requiring judicial action." (citing *Chicago Tribune*, 263 F.3d at 1312 and *FTC v. AbbVie Prods., LLC*, 713 F.3d 54, 63-64 (11th Cir. 2013))).  "The mere filing of a document does not transform it into a judicial record," and discovery-related materials "only constitute judicial records if they are filed with pretrial motions 'that require judicial resolution of the merits' of an action."  *Advance Local Media*, 918 F.3d at 1167 (citing *Chicago Tribune*, 263 F.3d at 1312); *see also Locke v. Warren*, No. 19-61056-CIV-ALTMAN, 2019 WL 4805716, at *5 (S.D. Fla. Oct. 1, 2019) ("The Eleventh Circuit has held that the common law right of access applies *only* to judicial documents that are 'integral to judicial resolution of the merits.'" (citing *Advance Local Media*, 918 F.3d at 1167)).

Here, Defendants are seeking to seal the Administrative Letters filed in support of the Motion for Reconsideration—a discovery dispute that does not relate to, let alone require resolution of, the merits of the underlying action.  *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2015 WL 5307729, at *2 (M.D. Fla. Sept. 10, 2015) ("[C]ourts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions. Where, as here, the information is to be filed in connection with discovery motions, it is not subject to the common-law right of access."). Moreover, the Administrative Letters themselves have no bearing on the underlying merits of Plaintiffs' claim.  Thus there is no common law right of access to the Administrative Letters.

In any event, good cause exists to seal the Administrative Letters.  The public's right of access to judicial records may be overcome by a showing of good cause, which includes a balancing of "the party's interest in obtaining access against the other party's interest in keeping

the information confidential." *Chicago Tribune Co.*, 263 F.3d at 1313.  In evaluating whether good cause exists, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, No. 3:10–cv–978–J–37JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

The Commission's stated interests in the confidentiality of its communications with Defendants outweigh any public interest in access to those communications.  The Commission has requested that the contents of the Administrative Letters remain non-public to protect its important interest in maintaining the confidentiality of communications related to an ongoing investigation.  *See ArrowPac Inc. v. Sea Star Line, LLC*, No. 3:12-cv-1180-J-32JBT, 2014 WL 12617733, at *1 (M.D. Fla. July 30, 2014) (granting motion to seal exhibits that contained sensitive information exchanged in preliminary plea negotiations with the Department of Justice in a prior related criminal case); *see also Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *4 (S.D. Fla. July 23, 2013) (noting potential prejudice to an ongoing investigation "justifies the closure of judicial records").  These interests significantly outweigh the minimal public interest in accessing an exhibit to an intermediary discovery dispute that does not implicate public concerns or the merits of the case.  *See Fid. Nat'l Fin. Inc. v. Attachmate Corp.*, No. 3:15-CV-1400-J-20PDB, 2016 WL 9526337, at *1 (M.D. Fla. Nov. 7, 2016) (noting sealing is warranted when the document "does not concern public officials or public concerns" and "will be used not to decide the merits of the case but to resolve a collateral discovery dispute").

Defendants' request to file the Administrative Letters under seal is appropriately tailored, as it goes no further than is necessary to protect disclosure of the confidential material at issue, and there is no less onerous alternative to sealing the documents.  Here, Defendants do not seek to file their entire Motion for Reconsideration under seal, and instead have redacted only those portions that reflect the contents of the Administrative Letters.  As for the Administrative Letters themselves, there is no less onerous alternative to sealing them in full "such as redaction—as the documents themselves embody [confidential information]."  *See SMA Issuer, LLC v. CPX Tampa Gateway Opag, LLC*, No. 8:11-CV-1925-T-23EAJ, 2013 WL 12214839, at *2 (M.D. Fla. Sept. 5, 2013); *see also Local Access*, 2015 WL 5307729, at *3 (granting motion to seal "exhibit [that] cannot be meaningfully redacted" and the parties "are unaware of any other, less restrictive method other than sealing the exhibit").

For the foregoing reasons, Defendants respectfully request that the Court enter an Order sealing the Administrative Letters and the portion of the Motion for Reconsideration reflecting the contents of those letters for the duration of this litigation, and upon its conclusion, the Clerk of the Court shall return the Administrative Letters and unredacted Motion for Reconsideration to Defendants' respective counsel of record.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Counsel for Defendants hereby certify that on May 7, 2020, counsel for Defendants conferred with Plaintiffs' counsel via telephone, and they agreed with the requested relief.

Dated: May 7, 2020

Respectfully submitted,

By: */s/ Lawrence D. Silverman*
Lawrence D. Silverman
Florida Bar No: 7160
Diane O. Fischer
Florida Bar No: 994560
AKERMAN LLP
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, Florida 33131
lawrence.silverman@akerman.com
deedee.fischer@akerman.com

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Karen Hoffman Lent (*pro hac vice*)
Matthew M. Martino (*pro hac vice
forthcoming*)
One Manhattan West
New York, NY 10001
karen.lent@skadden.com
matthew.martino@skadden.com

*Counsel for Defendants Mowi ASA (f/k/a
Marine Harvest ASA), Mowi USA, LLC
(f/k/a Marine Harvest USA, LLC), Mowi
Canada West, Inc. (f/k/a Marine Harvest
Canada, Inc.), and Mowi Ducktrap, LLC
(an assumed name of Ducktrap River of
Maine, LLC)*

By: */s/ John C. Seipp*
John C. Seipp
Florida Bar No: 289264
Christine L. Welstead
Florida Bar No: 970956
BOWMAN AND BROOKE, LLP
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
john.seipp@bowmanandbrooke.com
christine.welstead@bowmanandbrooke.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
David I. Gelfand (*pro hac vice*)
Matthew Bachrack (*pro hac vice*)
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
dgelfand@cgsh.com
mbachrack@cgsh.com

*Counsel for Defendants Leroy Seafood AS and
Leroy Seafood USA Inc.*

By: */s/ Sara L. Salem*                    
Sara L. Salem
Florida Bar No: 1011429
Eric J. Mahr *(pro hac vice)*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
sara.salem@freshfields.com
eric.mahr@freshfields.com

*Counsel for Defendants Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., and Ocean Premium Brands, Inc.*

By: */s/ Adam L. Schwartz*          
Adam L. Schwartz
Florida Bar No: 0103163
HOMER BONNER JACOBS ORTIZ, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
aschwartz@homerbonner.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Stephen R. Neuwirth *(pro hac vice)*
Sami H. Rashid *(pro hac vice)*
Christopher Tayback *(pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com
christayback@quinnemanuel.com

*Counsel for Defendant SalMar ASA*