# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**
**GRIEG SEAFOOD ASA**

TO:    Defendant, Grieg Seafood ASA, by and through its attorneys of record,

       Sara Leann Salem
       Freshfields Bruckhaus Deringer US LLP
       700 13th Street NW, 10th Floor
       Washington DC, DC 20005
       Email: sara.salem@freshfields.com

       Eric J. Mahr
       Freshfields Bruckhaus Deringer US LLP
       700 13th Street, NW, 10th Floor
       Washington, DC 20005
       Email: eric.mahr@freshfields.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Grieg Seafood ASA produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

**DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1.    "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

   c. internal or external websites;

   d. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

   e. activity listing of electronic mail receipts and/or transmittals; and

    f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.    "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.   "Government" means the governing body of a nation, state, or community.

11.   "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.   "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.   "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14.   "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15.   "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16.   "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17.   "Person" means any individual, corporation, proprietorship, partnership, trust, association,

3

or any other entity.

18.  "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19.   "You" or "Your" means Grieg Seafood ASA and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1.  In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2.  You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3.  The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4.  The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6.  For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

   a.  "any," "all," "each," or "every" shall mean "any, all, each, and every;"

4

    b.  "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c.  "including" shall mean "including but not limited to;"

    d.  the singular form of any word shall include the plural, and the plural form shall include the singular;

    e.  a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f.  each verb shall include all of its tenses; and

    g.  each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

    c.   the identity of all persons having knowledge of the contents of such document or ESI;

    d.   the document or ESI request number(s) to which the document or ESI would have been responsive;

    e.   whether the document or ESI is missing or lost and the reason thereof;

    f.   whether the document or ESI has been destroyed and the reason thereof;

    g.   whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h.   whether the document or ESI has been otherwise disposed of and the reason thereof;

    i.   a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j.   the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.   the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.   the party who is asserting the privilege; and

    c.   the following information about each purportedly privileged document:

        i.   the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

   ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

   iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

   iv.  each and every person having custody or control of the document and all copies thereof;

   v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

   vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                              Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By:   _/s/ Peter Prieto_
     Peter Prieto
     Email: pprieto@podhurst.com
     Florida Bar No: 501492
     John Gravante, III
     Email: jgravante@podhurst.com
     Florida Bar No: 617113
     Matthew P. Weinshall
     Email: mweinshall@podhurst.com
     Florida Bar No: 84783
     Alissa Del Riego
     Email: adelriego@podhurst.com
     Florida Bar No: 99742

     **HAUSFELD LLP**
     600 Montgomery Street, Suite 3200
     San Francisco, California 94111
     Michael P.Lehmann
     Email: mlehmann@hausfeld.com
     Christopher L. Lebsock *(pro hac vice)*
     Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*                    </u>
Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO GRIEG SEAFOOD BC LTD.

TO:   Defendant, Grieg Seafood BC Ltd., by and through its attorneys of record,

Sara Leann Salem
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW
10th Floor
Washington DC, DC 20005
Email: sara.salem@freshfields.com

Eric J. Mahr
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Email: eric.mahr@freshfields.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and

through undersigned counsel, hereby request that Defendant Grieg Seafood BC Ltd. produce the

following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One

S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following

definitions apply to each request contained herein and are deemed to be incorporated in each

request:

1.    "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case
      No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

   c. internal or external websites;

   d. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

   e. activity listing of electronic mail receipts and/or transmittals; and

f. any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9. "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10. "Government" means the governing body of a nation, state, or community.

11. "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12. "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.  The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13. "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Grieg Seafood BC Ltd. and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

4

    a.  "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b.  "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c.  "including" shall mean "including but not limited to;"

    d.  the singular form of any word shall include the plural, and the plural form shall include the singular;

    e.  a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f.  each verb shall include all of its tenses; and

    g.  each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

c.  the identity of all persons having knowledge of the contents of such document or ESI;

d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

e.  whether the document or ESI is missing or lost and the reason thereof;

f.  whether the document or ESI has been destroyed and the reason thereof;

g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12.  If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13.  If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

b.  the party who is asserting the privilege; and

c.  the following information about each purportedly privileged document:

i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

6

ii. a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

iii. a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

iv. each and every person having custody or control of the document and all copies thereof;

v. the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

vi. a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                                    Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By: ___*/s/ Peter Prieto*_____
     Peter Prieto
     Email: pprieto@podhurst.com
     Florida Bar No: 501492
     John Gravante, III
     Email: jgravante@podhurst.com
     Florida Bar No: 617113
     Matthew P. Weinshall
     Email: mweinshall@podhurst.com
     Florida Bar No: 84783
     Alissa Del Riego
     Email: adelriego@podhurst.com
     Florida Bar No: 99742

**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, California 94111
Michael P.Lehmann
Email: mlehmann@hausfeld.com
Christopher L. Lebsock *(pro hac vice)*
Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

8

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*          </u>
Peter Prieto

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-21551-CIV-ALTONAGA

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO LEROY SEAFOOD AS

TO:    Defendant, Leroy Seafood AS, by and through its attorneys of record,

    Christine L. Welstead
    Bowman and Brooke LLP
    Two Alhambra Plaza, Suite 800
    Miami, FL 33134
    Email: christine.welstead@bowmanandbrooke.com

    John Carl Seipp, Jr.
    Bowman and Brooke, LLP
    Two Alahambra Plaza, Suite 800
    Miami, FL 33134
    Email: john.seipp@bowmanandbrooke.com

    David I. Gelfand
    Cleary Gottlieb Steen & Hamilton LLP
    2112 Pennsylvania Avenue, NW
    Washington, DC 20037
    Email: dgelfand@cgsh.com

    Matthew Bachrack
    Cleary Gottlieb Steen & Hamilton LLP
    2112 Pennsylvania Avenue, NW
    Washington, DC 20037
    Email: mbachrack@cgsh.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and

through their undersigned counsel, hereby request that Defendant Leroy Seafood AS produce the

following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

c. internal or external websites;

d. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

e. activity listing of electronic mail receipts and/or transmittals; and

f. any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9. "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10. "Government" means the governing body of a nation, state, or community.

11. "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12. "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

3

13. "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Leroy Seafood AS and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document

shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

    a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c. "including" shall mean "including but not limited to;"

    d. the singular form of any word shall include the plural, and the plural form shall include the singular;

    e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f. each verb shall include all of its tenses; and

    g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever

a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8.  In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.  For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

    c.  the identity of all persons having knowledge of the contents of such document or ESI;

    d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

    e.  whether the document or ESI is missing or lost and the reason thereof;

    f.  whether the document or ESI has been destroyed and the reason thereof;

    g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

    i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof

shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a. the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b. the party who is asserting the privilege; and

    c. the following information about each purportedly privileged document:

        i. the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii. a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii. a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv. each and every person having custody or control of the document and all copies thereof;

        v. the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi. a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.


Dated: April 9, 2020.                         Respectfully submitted,

                                              **PODHURST ORSECK, P.A**
                                              SunTrust International Center
                                              One S.E. 3rd Avenue, Suite 2300
                                              Miami, Florida 33131

                                              By:    */s/ Peter Prieto*
                                                    Peter Prieto
                                                    Email: pprieto@podhurst.com
                                                    Florida Bar No: 501492
                                                    John Gravante, III
                                                    Email: jgravante@podhurst.com
                                                    Florida Bar No: 617113
                                                    Matthew P. Weinshall
                                                    Email: mweinshall@podhurst.com
                                                    Florida Bar No: 84783
                                                    Alissa Del Riego
                                                    Email: adelriego@podhurst.com
                                                    Florida Bar No: 99742

                                              **HAUSFELD LLP**
                                              600 Montgomery Street, Suite 3200
                                              San Francisco, California 94111
                                              Michael P.Lehmann
                                              Email: mlehmann@hausfeld.com
                                              Christopher L. Lebsock *(pro hac vice)*
                                              Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for
Direct Purchaser Plaintiff Class***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*</u>
Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION

_____/

<u>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**</u>
<u>**LEROY SEAFOOD USA, INC.**</u>

TO:     Defendant, Leroy Seafood USA, Inc., by and through its attorneys of record,

Christine L. Welstead
Bowman and Brooke LLP
Two Alhambra Plaza, Suite 800
Miami, FL 33134
Email: christine.welstead@bowmanandbrooke.com

John Carl Seipp , Jr.
Bowman and Brooke, LLP
Two Alahambra Plaza, Suite 800
Miami, FL 33134
Email: john.seipp@bowmanandbrooke.com

David I. Gelfand
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Email: dgelfand@cgsh.com

Matthew Bachrack
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Email: mbachrack@cgsh.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and

through undersigned counsel, hereby request that Defendant Leroy Seafood USA, Inc., produce

the following documents, electronically-stored information, and things to Podhurst Orseck, P.A.,

One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

  a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

  b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

  c. internal or external websites;

  d. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

  e. activity listing of electronic mail receipts and/or transmittals; and

  f. any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9. "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10. "Government" means the governing body of a nation, state, or community.

11. "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12. "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13. "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Leroy Seafood USA, Inc. and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document

shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

   a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

   b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

   c. "including" shall mean "including but not limited to;"

   d. the singular form of any word shall include the plural, and the plural form shall include the singular;

   e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

   f. each verb shall include all of its tenses; and

   g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever

a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a. the type of document or ESI;

    b. the type of information contained therein;

    c. the identity of all persons having knowledge of the contents of such document or ESI;

    d. the document or ESI request number(s) to which the document or ESI would have been responsive;

    e. whether the document or ESI is missing or lost and the reason thereof;

    f. whether the document or ESI has been destroyed and the reason thereof;

    g. whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h. whether the document or ESI has been otherwise disposed of and the reason thereof;

    i. a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j. the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof

shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1.  All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2.  All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.

Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By:   */s/ Peter Prieto*
  Peter Prieto
  Email: pprieto@podhurst.com
  Florida Bar No: 501492
  John Gravante, III
  Email: jgravante@podhurst.com
  Florida Bar No: 617113
  Matthew P. Weinshall
  Email: mweinshall@podhurst.com
  Florida Bar No: 84783
  Alissa Del Riego
  Email: adelriego@podhurst.com
  Florida Bar No: 99742

  **HAUSFELD LLP**
  600 Montgomery Street, Suite 3200
  San Francisco, California 94111
  Michael P.Lehmann
  Email: mlehmann@hausfeld.com
  Christopher L. Lebsock *(pro hac vice)*
  Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com
***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*        </u>
       Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO
## MOWI ASA, f/k/a MARINE HARVEST ASA

TO:     Defendant, Mowi ASA, f/k/a Marine Harvest ASA, by and through its attorney of record,

Lawrence Dean Silverman
Diane O. Fischer
Akerman LLP
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL 33131
Email: lawrence.silverman@akerman.com;
deedee.fischer@akerman.com

Karen Hoffman Lent
Paul M. Eckles
Skadden, Arps, Slate, Meagher & Flom
4 Times Square
New York, NY 10036
Karen.lent@skadden.com
Paul.eckles@skadden.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Mowi ASA, f/k/a Marine Harvest ASA, produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## <u>DEFINITIONS</u>

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

    a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

c. internal or external websites;

d. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

e. activity listing of electronic mail receipts and/or transmittals; and

f. any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9. "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10. "Government" means the governing body of a nation, state, or community.

11. "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12. "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13. "Meeting" means the contemporaneous presence of natural persons, whether in person or by

3

teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Mowi ASA, f/k/a Marine Harvest ASA, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## **INSTRUCTIONS**

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

    a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c. "including" shall mean "including but not limited to;"

    d. the singular form of any word shall include the plural, and the plural form shall include the singular;

    e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f. each verb shall include all of its tenses; and

    g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container

must be attached to the document or group of documents.

8.  In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.  For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

    c.  the identity of all persons having knowledge of the contents of such document or ESI;

    d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

    e.  whether the document or ESI is missing or lost and the reason thereof;

    f.  whether the document or ESI has been destroyed and the reason thereof;

    g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

    i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in

full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents

mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.

Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By: _/s/ Peter Prieto_
      Peter Prieto
      Email: pprieto@podhurst.com
      Florida Bar No: 501492
      John Gravante, III
      Email: jgravante@podhurst.com
      Florida Bar No: 617113
      Matthew P. Weinshall
      Email: mweinshall@podhurst.com
      Florida Bar No: 84783
      Alissa Del Riego
      Email: adelriego@podhurst.com
      Florida Bar No: 99742

**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, California 94111
Michael P.Lehmann
Email: mlehmann@hausfeld.com
Christopher L. Lebsock *(pro hac vice)*
Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.

By: /s/ *Peter Prieto*
　　　Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO MOWI CANADA WEST,**
**INC., f/k/a MARINE HARVEST CANADA, INC**.

TO:    Defendant, Mowi Canada West, Inc., f/k/a Marine Harvest Canada, Inc., by and through
       its attorney of record,

       Lawrence Dean Silverman
       Diane O. Fischer
       Akerman LLP
       Three Brickell City Centre
       98 SE 7th Street, Suite 1100
       Miami, FL 33131
       Email: lawrence.silverman@akerman.com;
       deedee.fischer@akerman.com

       Karen Hoffman Lent
       Paul M. Eckles
       Skadden, Arps, Slate, Meagher & Flom
       4 Times Square
       New York, NY 10036
       Karen.lent@skadden.com
       Paul.eckles@skadden.com

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and

through undersigned counsel, hereby request that Defendant Mowi Canada West, Inc., f/k/a

Marine Harvest Canada, Inc., produce the following documents, electronically-stored information,

and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within

30 days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

    c.   internal or external websites;

    d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

    e.   activity listing of electronic mail receipts and/or transmittals; and

    f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.    "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.    "Government" means the governing body of a nation, state, or community.

11.    "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.    "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.    "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Mowi Canada West, Inc., f/k/a Marine Harvest Canada, Inc., and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another

4

Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

   a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

   b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

   c. "including" shall mean "including but not limited to;"

   d. the singular form of any word shall include the plural, and the plural form shall include the singular;

   e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

   f. each verb shall include all of its tenses; and

   g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a. the type of document or ESI;

    b. the type of information contained therein;

    c. the identity of all persons having knowledge of the contents of such document or ESI;

    d. the document or ESI request number(s) to which the document or ESI would have been responsive;

    e. whether the document or ESI is missing or lost and the reason thereof;

    f. whether the document or ESI has been destroyed and the reason thereof;

    g. whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h. whether the document or ESI has been otherwise disposed of and the reason thereof;

    i. a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j. the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing

documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute

routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                           Respectfully submitted,

                                                **PODHURST ORSECK, P.A**
                                                SunTrust International Center
                                                One S.E. 3rd Avenue, Suite 2300
                                                Miami, Florida 33131

                                                By:   */s/ Peter Prieto*
                                                _____
                                                       Peter Prieto
                                                       Email: pprieto@podhurst.com
                                                       Florida Bar No: 501492
                                                       John Gravante, III
                                                       Email: jgravante@podhurst.com
                                                       Florida Bar No: 617113
                                                       Matthew P. Weinshall
                                                       Email: mweinshall@podhurst.com
                                                       Florida Bar No: 84783
                                                       Alissa Del Riego
                                                       Email: adelriego@podhurst.com
                                                       Florida Bar No: 99742

                                                **HAUSFELD LLP**
                                                600 Montgomery Street, Suite 3200
                                                San Francisco, California 94111
                                                Michael P.Lehmann
                                                Email: mlehmann@hausfeld.com
                                                Christopher L. Lebsock *(pro hac vice)*
                                                Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.


By: /s/ *Peter Prieto*
       Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO MOWI DUCKTRAP, LLC, f/k/a DUCKTRAP RIVER OF MAINE LLC

TO:    Defendant, Mowi Ducktrap, LLC, f/k/a Ducktrap River of Maine, LLC, by and through its
attorney of record,

     Lawrence Dean Silverman
     Diane O. Fischer
     Akerman LLP
     Three Brickell City Centre
     98 SE 7th Street, Suite 1100
     Miami, FL 33131
     Email: lawrence.silverman@akerman.com;
     deedee.fischer@akerman.com

     Karen Hoffman Lent
     Paul M. Eckles
     Skadden, Arps, Slate, Meagher & Flom
     4 Times Square
     New York, NY 10036
     Karen.lent@skadden.com
     Paul.eckles@skadden.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and

through undersigned counsel, hereby request that Defendant Mowi Ducktrap, LLC, f/k/a Ducktrap

River of Maine, LLC, produce the following documents, electronically-stored information, and

things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30

days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation

date, file modification date, etc.);

    c.   internal or external websites;

    d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

    e.   activity listing of electronic mail receipts and/or transmittals; and

    f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.    "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.    "Government" means the governing body of a nation, state, or community.

11.    "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.    "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title. The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.    "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in

connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Mowi Ducktrap, LLC, f/k/a Ducktrap River of Maine, LLC, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

4

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

    a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c. "including" shall mean "including but not limited to;"

    d. the singular form of any word shall include the plural, and the plural form shall include the singular;

    e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f. each verb shall include all of its tenses; and

    g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

5

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a. the type of document or ESI;

    b. the type of information contained therein;

    c. the identity of all persons having knowledge of the contents of such document or ESI;

    d. the document or ESI request number(s) to which the document or ESI would have been responsive;

    e. whether the document or ESI is missing or lost and the reason thereof;

    f. whether the document or ESI has been destroyed and the reason thereof;

    g. whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h. whether the document or ESI has been otherwise disposed of and the reason thereof;

    i. a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j. the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground

that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

   a. the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

   b. the party who is asserting the privilege; and

   c. the following information about each purportedly privileged document:

      i. the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

      ii. a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

      iii. a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

      iv. each and every person having custody or control of the document and all copies thereof;

      v. the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

      vi. a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests,

or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                              Respectfully submitted,

                                                    **PODHURST ORSECK, P.A**
                                                    SunTrust International Center
                                                    One S.E. 3rd Avenue, Suite 2300
                                                    Miami, Florida 33131

                                                    By:   */s/ Peter Prieto*
                                                    _____
                                                          Peter Prieto
                                                          Email: pprieto@podhurst.com
                                                          Florida Bar No: 501492
                                                          John Gravante, III
                                                          Email: jgravante@podhurst.com
                                                          Florida Bar No: 617113
                                                          Matthew P. Weinshall
                                                          Email: mweinshall@podhurst.com
                                                          Florida Bar No: 84783
                                                          Alissa Del Riego
                                                          Email: adelriego@podhurst.com
                                                          Florida Bar No: 99742

                                                    **HAUSFELD LLP**
                                                    600 Montgomery Street, Suite 3200
                                                    San Francisco, California 94111
                                                    Michael P.Lehmann
                                                    Email: mlehmann@hausfeld.com
                                                    Christopher L. Lebsock *(pro hac vice)*
                                                    Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*</u>
Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO MOWI USA, LLC, f/k/a MARINE HARVEST USA, LLC

TO:    Defendant, Mowi USA, LLC, f/k/a Marine Harvest USA, LLC, by and through its attorney of record,

Lawrence Dean Silverman
Diane O. Fischer
Akerman LLP
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, FL 33131
Email: lawrence.silverman@akerman.com;
deedee.fischer@akerman.com

Karen Hoffman Lent
Paul M. Eckles
Skadden, Arps, Slate, Meagher & Flom
4 Times Square
New York, NY 10036
Karen.lent@skadden.com
Paul.eckles@skadden.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Mowi USA, LLC, f/k/a Marine Harvest USA, LLC, produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation

2

date, file modification date, etc.);

c.   internal or external websites;

d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

e.   activity listing of electronic mail receipts and/or transmittals; and

f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.   "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.   "Government" means the governing body of a nation, state, or community.

11.   "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.   "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title. The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.   "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in

3

connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Mowi USA, LLC, f/k/a Marine Harvest USA, LLC, and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## **INSTRUCTIONS**

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

    a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c. "including" shall mean "including but not limited to;"

    d. the singular form of any word shall include the plural, and the plural form shall include the singular;

    e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f. each verb shall include all of its tenses; and

    g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

   a.  the type of document or ESI;

   b.  the type of information contained therein;

   c.  the identity of all persons having knowledge of the contents of such document or ESI;

   d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

   e.  whether the document or ESI is missing or lost and the reason thereof;

   f.  whether the document or ESI has been destroyed and the reason thereof;

   g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

   h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

   i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

   j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground

that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests,

or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.

Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By: _/s/ Peter Prieto_
        Peter Prieto
        Email: pprieto@podhurst.com
        Florida Bar No: 501492
        John Gravante, III
        Email: jgravante@podhurst.com
        Florida Bar No: 617113
        Matthew P. Weinshall
        Email: mweinshall@podhurst.com
        Florida Bar No: 84783
        Alissa Del Riego
        Email: adelriego@podhurst.com
        Florida Bar No: 99742

**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, California 94111
Michael P.Lehmann
Email: mlehmann@hausfeld.com
Christopher L. Lebsock *(pro hac vice)*
Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*</u>
      Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO OCEAN QUALITY AS**

TO:     Defendant, Ocean Quality AS, by and through its attorneys of record,

Sara Leann Salem
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW
10th Floor
Washington DC, DC 20005
Email: sara.salem@freshfields.com

Eric J. Mahr
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Email: eric.mahr@freshfields.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Ocean Quality AS produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

**DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1.     "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);

   c. internal or external websites;

   d. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

   e. activity listing of electronic mail receipts and/or transmittals; and

f. any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9. "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10. "Government" means the governing body of a nation, state, or community.

11. "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12. "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13. "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Ocean Quality AS and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

4

a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

c. "including" shall mean "including but not limited to;"

d. the singular form of any word shall include the plural, and the plural form shall include the singular;

e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

f. each verb shall include all of its tenses; and

g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

a. the type of document or ESI;

b. the type of information contained therein;

  c. the identity of all persons having knowledge of the contents of such document or ESI;

  d. the document or ESI request number(s) to which the document or ESI would have been responsive;

  e. whether the document or ESI is missing or lost and the reason thereof;

  f. whether the document or ESI has been destroyed and the reason thereof;

  g. whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

  h. whether the document or ESI has been otherwise disposed of and the reason thereof;

  i. a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

  j. the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

  a. the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

  b. the party who is asserting the privilege; and

  c. the following information about each purportedly privileged document:

    i. the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

ii. a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

iii. a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

iv. each and every person having custody or control of the document and all copies thereof;

v. the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

vi. a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                              Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By:  __/s/ Peter Prieto__
     Peter Prieto
     Email: pprieto@podhurst.com
     Florida Bar No: 501492
     John Gravante, III
     Email: jgravante@podhurst.com
     Florida Bar No: 617113
     Matthew P. Weinshall
     Email: mweinshall@podhurst.com
     Florida Bar No: 84783
     Alissa Del Riego
     Email: adelriego@podhurst.com
     Florida Bar No: 99742

     **HAUSFELD LLP**
     600 Montgomery Street, Suite 3200
     San Francisco, California 94111
     Michael P.Lehmann
     Email: mlehmann@hausfeld.com
     Christopher L. Lebsock *(pro hac vice)*
     Email: clebsock@hausfeld.com

     **HAUSFELD LLP**
     1700 K Street, N.W., Suite 650
     Washington, D.C. 20006
     Reena A Gambhir *(pro hac vice)*
     Email: rgambhir@hausfeld.com
     ***Interim Co-Lead Counsel for***
     ***Direct Purchaser Plaintiff Class***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.

By: /s/ *Peter Prieto*
Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**
**OCEAN QUALITY NORTH AMERICA, INC.**

TO:     Defendant, Ocean Quality North America, Inc., by and through its attorneys of record,

        Sara Leann Salem
        Freshfields Bruckhaus Deringer US LLP
        700 13th Street NW
        10th Floor
        Washington DC, DC 20005
        Email: sara.salem@freshfields.com

        Eric J. Mahr
        Freshfields Bruckhaus Deringer US LLP
        700 13th Street, NW, 10th Floor
        Washington, DC 20005
        Email: eric.mahr@freshfields.com

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and

through undersigned counsel, hereby request that Defendant Ocean Quality North America, Inc.

produce the following documents, electronically-stored information, and things to Podhurst

Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service

of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation

2

date, file modification date, etc.);

    c.   internal or external websites;

    d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

    e.   activity listing of electronic mail receipts and/or transmittals; and

    f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.    "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.   "Government" means the governing body of a nation, state, or community.

11.   "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.   "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.  The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.   "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in

3

connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Ocean Quality North America, Inc., and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another

Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

   a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

   b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

   c. "including" shall mean "including but not limited to;"

   d. the singular form of any word shall include the plural, and the plural form shall include the singular;

   e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

   f. each verb shall include all of its tenses; and

   g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8. In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9. For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a. the type of document or ESI;

    b. the type of information contained therein;

    c. the identity of all persons having knowledge of the contents of such document or ESI;

    d. the document or ESI request number(s) to which the document or ESI would have been responsive;

    e. whether the document or ESI is missing or lost and the reason thereof;

    f. whether the document or ESI has been destroyed and the reason thereof;

    g. whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h. whether the document or ESI has been otherwise disposed of and the reason thereof;

    i. a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j. the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing

documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute

routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                                   Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By: _  /s/ Peter Prieto_
        Peter Prieto
        Email: pprieto@podhurst.com
        Florida Bar No: 501492
        John Gravante, III
        Email: jgravante@podhurst.com
        Florida Bar No: 617113
        Matthew P. Weinshall
        Email: mweinshall@podhurst.com
        Florida Bar No: 84783
        Alissa Del Riego
        Email: adelriego@podhurst.com
        Florida Bar No: 99742

**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, California 94111
Michael P.Lehmann
Email: mlehmann@hausfeld.com
Christopher L. Lebsock *(pro hac vice)*
Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing document was served by electronic mail on all counsel of record.

By: /s/ *Peter Prieto*_____
Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO**
**OCEAN QUALITY PREMIUM BRANDS, INC.**

TO: Defendant, Ocean Quality Premium Brands, Inc., by and through its attorneys of record,

  Sara Leann Salem
  Freshfields Bruckhaus Deringer US LLP
  700 13th Street NW
  10th Floor
  Washington DC, DC 20005
  Email: sara.salem@freshfields.com

  Eric J. Mahr
  Freshfields Bruckhaus Deringer US LLP
  700 13th Street, NW, 10th Floor
  Washington, DC 20005
  Email: eric.mahr@freshfields.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Ocean Quality Premium Brands, Inc., produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

   a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

   b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation

2

date, file modification date, etc.);

    c.   internal or external websites;

    d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

    e.   activity listing of electronic mail receipts and/or transmittals; and

    f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.    "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.   "Government" means the governing body of a nation, state, or community.

11.   "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.   "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.  The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.   "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in

3

connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Ocean Quality Premium Brands, Inc., and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another

4

Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4.  The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6.  For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

    a.  "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b.  "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c.  "including" shall mean "including but not limited to;"

    d.  the singular form of any word shall include the plural, and the plural form shall include the singular;

    e.  a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f.  each verb shall include all of its tenses; and

    g.  each pronoun shall apply to the male, female, and neutral genders.

7.  All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8.  In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.  For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

    c.  the identity of all persons having knowledge of the contents of such document or ESI;

    d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

    e.  whether the document or ESI is missing or lost and the reason thereof;

    f.  whether the document or ESI has been destroyed and the reason thereof;

    g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

    i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing

documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute

routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## REQUESTS FOR PRODUCTION

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.

Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By: _/s/ Peter Prieto_
     Peter Prieto
     Email: pprieto@podhurst.com
     Florida Bar No: 501492
     John Gravante, III
     Email: jgravante@podhurst.com
     Florida Bar No: 617113
     Matthew P. Weinshall
     Email: mweinshall@podhurst.com
     Florida Bar No: 84783
     Alissa Del Riego
     Email: adelriego@podhurst.com
     Florida Bar No: 99742

**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, California 94111
Michael P.Lehmann
Email: mlehmann@hausfeld.com
Christopher L. Lebsock *(pro hac vice)*
Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

document was served by electronic mail on all counsel of record.


By: /s/ *Peter Prieto*
                    Peter Prieto

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-21551-CIV-ALTONAGA

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO OCEAN QUALITY USA, INC.

TO:     Defendant, Ocean Quality USA, Inc., by and through its attorneys of record,

Sara Leann Salem
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW
10th Floor
Washington DC, DC 20005
Email: sara.salem@freshfields.com

Eric J. Mahr
Freshfields Bruckhaus Deringer US LLP
700 13th Street, NW, 10th Floor
Washington, DC 20005
Email: eric.mahr@freshfields.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Ocean Quality USA, Inc., produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

# DEFINITIONS

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1. "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2. "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3. "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4. "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5. "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6. "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7. "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8. "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

    a. all items covered by Fed. R. Civ. P. 34(a)(1)(A);

    b. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation

2

date, file modification date, etc.);

c.   internal or external websites;

d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

e.   activity listing of electronic mail receipts and/or transmittals; and

f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.   "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.   "Government" means the governing body of a nation, state, or community.

11.   "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.   "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.   "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in

3

connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19.  "You" or "Your" means Ocean Quality USA, Inc., and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## <u>INSTRUCTIONS</u>

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another

4

Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4.  The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6.  For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

    a.  "any," "all," "each," or "every" shall mean "any, all, each, and every;"

    b.  "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

    c.  "including" shall mean "including but not limited to;"

    d.  the singular form of any word shall include the plural, and the plural form shall include the singular;

    e.  a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

    f.  each verb shall include all of its tenses; and

    g.  each pronoun shall apply to the male, female, and neutral genders.

7.  All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8.  In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.  For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

    c.  the identity of all persons having knowledge of the contents of such document or ESI;

    d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

    e.  whether the document or ESI is missing or lost and the reason thereof;

    f.  whether the document or ESI has been destroyed and the reason thereof;

    g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

    i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing

documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

    a.  the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

    b.  the party who is asserting the privilege; and

    c.  the following information about each purportedly privileged document:

        i.  the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

        ii.  a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

        iii.  a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

        iv.  each and every person having custody or control of the document and all copies thereof;

        v.  the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

        vi.  a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute

routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

Dated: April 9, 2020.                                     Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By:   */s/ Peter Prieto*
      Peter Prieto
      Email: pprieto@podhurst.com
      Florida Bar No: 501492
      John Gravante, III
      Email: jgravante@podhurst.com
      Florida Bar No: 617113
      Matthew P. Weinshall
      Email: mweinshall@podhurst.com
      Florida Bar No: 84783
      Alissa Del Riego
      Email: adelriego@podhurst.com
      Florida Bar No: 99742

      **HAUSFELD LLP**
      600 Montgomery Street, Suite 3200
      San Francisco, California 94111
      Michael P.Lehmann
      Email: mlehmann@hausfeld.com
      Christopher L. Lebsock *(pro hac vice)*
      Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for***
***Direct Purchaser Plaintiff Class***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

document was served by electronic mail on all counsel of record.


By: /s/ *Peter Prieto*
Peter Prieto

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA**

In re:

FARM-RAISED SALMON AND
SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO SALMAR ASA

TO:     Defendant, Salmar ASA, by and through its attorneys of record,

Adam L. Schwartz
Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Email: aschwartz@homerbonner.com

Stephen Neuwirth
Sami H. Rashid
Christopher Tayback
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Email: stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com
christayback@quinnemanuel.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Plaintiffs, by and through undersigned counsel, hereby request that Defendant Salmar ASA produce the following documents, electronically-stored information, and things to Podhurst Orseck, P.A., One S.E. 3rd Ave., Suite 2300, Miami, Florida 33131, within 30 days after service of these requests.

## **DEFINITIONS**

In addition to the definitions set forth in the Federal Rules of Civil Procedure, the following definitions apply to each request contained herein and are deemed to be incorporated in each request:

1.   "Action" means *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19-21551-CIV-ALTONAGA/Goodman (S.D. Fla.).

2.   "Affiliate" means a corporation that is related to another corporation (such as a subsidiary, parent, or sibling corporation) by shareholdings or other means of control.

3.   "Agent" means any agent, employee, officer, director, attorney, independent contractor, or any other person who at any time acted or purported to act at the direction of or on behalf of another.

4.   "Associated with," "related to," and "concerning" mean pertain to, refer to, contain, describe, embody, mention, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, or contradict (whether legally, factually, or otherwise), in whole or in part.

5.   "Communication" means the transmittal (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise) and includes, without limitation, correspondence, memoranda, reports, presentations, face-to-face conversations, telephone conversations, text messages, instant messages, voice messages, negotiations, agreements, inquiries, understandings, meetings, letters, notes, telegrams, faxes, mail, email, and postings of any type.

6.   "Date" means the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

7.   "Document" shall mean any writing, recording, Electronically-Stored Information, or photograph in Your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this Action, or which are themselves listed below as specific documents, including, but not limited to correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, or tape recordings.

8.   "Electronically-Stored Information" or "ESI" includes, but is not limited to, the following:

a.   all items covered by Fed. R. Civ. P. 34(a)(1)(A);

b.   information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation

2

date, file modification date, etc.);

c.   internal or external websites;

d.   output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger programs, bulletin board programs, operating systems, source codes, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or a file fragment;

e.   activity listing of electronic mail receipts and/or transmittals; and

f.   any and all items stored on computer memories, hard disks, floppy disks, CDROM, USBs, hard drives, portable hard drives, magnetic tape, microfiche, or any other media for digital data storage, or transmittal, such as, but not limited to, personal digital assistants (*e.g.*, Palm Pilots), hand-held wireless devices (*e.g.*, BlackBerrys), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

9.   "Employee" means any person who at any time acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

10.   "Government" means the governing body of a nation, state, or community.

11.   "Government Agency" means any national, provincial, municipal or local governmental authority, agency, or body.

12.   "Identify," when referring to a person, means to state, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, email address, telephone number, and job title.   The word "identify," when used in reference to a document (including Electronically Stored Information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (*e.g.*, letter or memorandum) and, if ESI, the software application used to create it (*e.g.*, MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or ESI; (3) the date of the document or ESI; (4) the author of the document or ESI; (5) the addressee of the document or ESI; and (6) the relationship of the author and addressee to each other.

13.   "Meeting" means the contemporaneous presence of natural persons, whether in person or by teleconferencing, video conferencing, or otherwise, whether or not such presence was by chance or prearranged and whether or not the meeting was formal or informal or occurred in

connection with some other activity.

14. "NASDAQ" means the National Association of Securities Dealers Automated Quotations System.

15. "NASDAQ Salmon Index" means the weighted average of weekly reported sales prices and corresponding volumes in fresh Superior Atlantic Salmon, head on gutted (HOG), reported to Nasdaq Commodities by a panel of Norwegian salmon exporters and salmon producers with export license.

16. "Officer" means a person who holds an office of trust, authority, or command, such as a person elected or appointed by the board of directors to manage the daily operations of a corporation, such as a CEO, president, secretary, or treasurer.

17. "Person" means any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

18. "Relate to" or "relating to" mean relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts (whether legally, factually, or otherwise), in whole or in part.

19. "You" or "Your" means Salmar ASA and any of its corporations, businesses, subsidiaries, divisions, subdivisions, affiliated entities, predecessors, successors, and parents; and any current or former directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of the preceding entities.

## **INSTRUCTIONS**

In addition to the requirements set forth in the Federal Rules of Civil Procedure, the following instructions apply to each of the requests set forth herein, and are deemed to be incorporated in each of them:

1. In responding to these requests, all documents shall be produced in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. You are required to produce documents in Your possession, custody, or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, investigators, or Your attorneys or their agents, employees, representatives, or investigators. A document shall be deemed to be within Your control if You have the right to secure the document or a copy of the document from another person having possession or custody of the document.

3. The production by one person, party, or entity of a document does not relieve another

Person, party, or entity from the obligation to produce his, her, or its own copy of that document, even if the two documents are identical.

4. The terms defined above and the individual request should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which You are aware.

6. For purposes of reading, interpreting, or construing the scope of these requests, the terms used shall be given their most expansive and inclusive interpretation. This includes:

   a. "any," "all," "each," or "every" shall mean "any, all, each, and every;"

   b. "and" and "or" shall mean "and/or," and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope;

   c. "including" shall mean "including but not limited to;"

   d. the singular form of any word shall include the plural, and the plural form shall include the singular;

   e. a term or word defined herein is meant to include both the lower and upper-case reference to such term or word;

   f. each verb shall include all of its tenses; and

   g. each pronoun shall apply to the male, female, and neutral genders.

7. All documents must be produced in their entirety, including all attachments and enclosures, and documents shall be produced as they are kept in the usual course of business. With respect to documents that are maintained in the usual course of business in paper, all documents must be produced in their original folder, envelope, binder, or other cover or container, regardless of whether You consider the entire document to be relevant or responsive to the request. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business during the subsequent maintenance of documents. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or container must be attached to the document or group of documents.

8.  In producing documents, You are required to produce a copy of each original document together with all copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

9.  For each document produced, identify the document request number(s) to which the document is responsive.

10. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found.

11. If any responsive document or ESI was at any time but is no longer in Your possession or subject to Your control, provide the following information:

    a.  the type of document or ESI;

    b.  the type of information contained therein;

    c.  the identity of all persons having knowledge of the contents of such document or ESI;

    d.  the document or ESI request number(s) to which the document or ESI would have been responsive;

    e.  whether the document or ESI is missing or lost and the reason thereof;

    f.  whether the document or ESI has been destroyed and the reason thereof;

    g.  whether the document or ESI has been transferred voluntarily or involuntarily to others and, if so, at whose request and the reason thereof;

    h.  whether the document or ESI has been otherwise disposed of and the reason thereof;

    i.  a precise statement of the circumstances surrounding the disposition of the document or ESI and the date of its disposition; and

    j.  the name and address of each person known or reasonably believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable).

12. If an objection is made to any request or any portion thereof, the request or portion thereof shall be specified and, as to each, all reasons for objection shall be stated fully. Documents responsive to the portion of the request to which no objection is made shall be produced in full. Moreover, if an objection is made to any request or any portion thereof on the ground that it is "overbroad" or "unduly burdensome," You shall not be excused from producing

documents responsive to the request or portion altogether but shall produce documents responsive to the request or portion to whatever extent You are able without waiving Your objections.

13. If any responsive documents are withheld or redacted under a claim of attorney-client privilege, attorney work product doctrine, or any other privilege or immunity from discovery, You are requested to provide the information required by Federal Rule of Civil Procedure 26(b)(5), and include the following information in sufficient detail to permit adjudication of the validity of the claim:

   a. the nature of the privilege being asserted or other rule of law relied upon and any facts supporting Your assertion thereof;

   b. the party who is asserting the privilege; and

   c. the following information about each purportedly privileged document:

      i. the authors, signatories, and each and every other person who prepared or participated in its preparation, including the relationship of those persons to any party in this litigation and/or the authors of the document;

      ii. a description sufficient to identify the type (*e.g.*, letter, chart, memorandum), subject matter, purpose, and length of the document;

      iii. a list of those persons and entities to whom said document was disseminated, including the primary addressees and secondary addressees or persons copied, together with their last known addresses, and the date or approximate date on which each such person or entity received it;

      iv. each and every person having custody or control of the document and all copies thereof;

      v. the date the document was prepared, the date the document bears, the date the document was modified or updated, the date the document was sent, and the date the document was received; and

      vi. a description of the place where each copy of the document is kept, including its custodian(s).

14. If a portion of any responsive document is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such document must be produced and the portion claimed to be privileged may be redacted.

15. Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by these requests, or if such documents are attached to documents called for by these requests and constitute

routing slips, transmittal memoranda, letters, comments, evaluations, or similar materials.

16. Each document requested herein is to be produced in its entirety and without deletion or excisions, regardless of whether You consider the entire document to be relevant or responsive to these requests.  If You have redacted any portion of a document, stamp the word "redacted" on each page of such document.

17. These document requests are continuing in nature and require supplemental responses as specified in Federal Rule of Civil Procedure 26(e) if You (or any person acting on Your behalf) obtain additional documents or information called for by these requests between the time of the original response and the time set for trial. Each supplemental response shall be served on Plaintiffs no later than 14 days after the discovery of additional responsive documents or information, and in no event shall any supplemental response be served later than the day before the first day of trial.

## <u>REQUESTS FOR PRODUCTION</u>

1. All documents produced by you to any governmental agency or authority in the United States, including but not limited to the United States Department of Justice, any United States Attorney's Office, or any grand jury in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.

2. All documents produced by you to any government or government agency outside of the United States, including but not limited to representatives of the European Commission and the European Union, in connection with any investigation relating to alleged anticompetitive or antitrust activities or conduct in the salmon market.


Dated: April 9, 2020.                                        Respectfully submitted,

**PODHURST ORSECK, P.A**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

By:   */s/ Peter Prieto*
        Peter Prieto
        Email: pprieto@podhurst.com
        Florida Bar No: 501492
        John Gravante, III
        Email: jgravante@podhurst.com
        Florida Bar No: 617113
        Matthew P. Weinshall
        Email: mweinshall@podhurst.com
        Florida Bar No: 84783
        Alissa Del Riego
        Email: adelriego@podhurst.com
        Florida Bar No: 99742

        **HAUSFELD LLP**
        600 Montgomery Street, Suite 3200
        San Francisco, California 94111
        Michael P.Lehmann
        Email: mlehmann@hausfeld.com
        Christopher L. Lebsock *(pro hac vice)*
        Email: clebsock@hausfeld.com

**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Reena A Gambhir *(pro hac vice)*
Email: rgambhir@hausfeld.com

***Interim Co-Lead Counsel for
Direct Purchaser Plaintiff Class***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on April 9, 2020, a true and correct copy of the foregoing

document was served by electronic mail on all counsel of record.

By: <u>/s/ *Peter Prieto*</u>
      Peter Prieto