UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-21551-CIV-ALTONAGA

IN RE FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION,
_____/

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO RECONSIDER**

On May 7, 2020, Defendants[1] filed their Motion to Reconsider Third Scheduling Order Based on New Information, or in the Alternative for a Protective Order ["Motion," ECF No. 215] in light of concerns recently raised by the European Commission ("Commission" or "EC") regarding Plaintiffs' request that Defendants produce the set of documents that have been produced to the Commission. Plaintiffs thereafter filed a Motion to Compel the Production of Documents in Accordance with the Court's Order, ["Response," ECF No. 217], which the Court instructed the Clerk to convert into a response to Defendants' Motion. [ECF No. 218.] Defendants now submit this Reply in further support of their Motion.

I. **INTRODUCTION**

Plaintiffs' Response confirms that good cause exists to extend the discovery stay to include production of the EC Documents, in the interests of comity and to avoid the burdens of addressing and resolving the policy issues raised by the Commission.

Plaintiffs' entire brief is premised on the misconception that the relief Defendants seek would deny Plaintiffs discovery that they need to pursue their claim. But extending the temporary discovery stay to cover the EC Documents would not deny Plaintiffs *any* discovery

---

[1] Defined terms have the same meaning ascribed to them in the Motion.

they are otherwise entitled to seek in the event the motion to dismiss is denied. The issue before the Court is whether Plaintiffs should be entitled to receive those documents now ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Defendants simply ask the Court to delay production of those documents until after its ruling on the motion to dismiss, at which time they could be produced (if necessary) in a manner that would not prejudice the Commission, such as through subject-based document requests.

Due in significant part to this misconception, Plaintiffs' comity analysis is flawed. The general interest of the United States in fully and fairly adjudicating matters before its courts would not be infringed by a limited extension of the existing temporary discovery stay and thus is far outweighed by the interest expressed by the Commission ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓. Plaintiffs have no immediate need for the documents, and they are not important to the litigation while the parties are briefing Defendants' motion to dismiss. Moreover, if the motion to dismiss is denied, Plaintiffs may seek relevant business documents produced to the Commission through alternative means (i.e., targeted discovery requests), and any delay in production would be minimal, as briefing on the motion to dismiss will be complete in just six weeks. A brief stay thus would not prejudice Plaintiffs' ability to pursue their claim, while it would protect a compelling interest of the EC and reduce the burden on the Court and parties.

Plaintiffs spend much of their Response arguing that Defendants are not entitled to redact personal data that Plaintiffs speculate is necessary for their claim. But Defendants have never stated that they would redact information that is "necessary" for Plaintiffs' claims. Nor are Defendants arguing that the burden imposed by GDPR is an independent basis to preclude production of the EC Documents. Rather, Defendants' point is that a review and analysis for

2

compliance with GDPR—an obligation that will apply to all of Defendants' business documents from Europe—is an unnecessary burden to undertake right now. The burden imposed by GDPR is thus one factor among many that weighs decidedly against production.

## II. ARGUMENT

### A. The Commission's Concerns Warrant Reconsideration of the Scheduling Order.

Plaintiffs assert that Defendants "offer no valid reason to reconsider the Court's prior decision." (Response at 3.) To the contrary, the Administrative Letters from the EC provide a compelling reason for the Court to reconsider its Scheduling Order because they are new information that was unavailable at the time the Court issued its order and bear directly on whether Defendants should have to produce the EC Documents while their motion to dismiss is pending. (Response at 7-8.)[2] The Commission's objection to production raises important comity concerns that were not previously before the Court, and Plaintiffs' attempts to second-guess the Commission's stated conclusions (Response at 15-17) serve only to heighten those concerns. These comity concerns, and the associated burdens with producing the EC Documents, can be avoided by broadening the stay, and thus warrant reconsideration of the Court's Scheduling Order and an expansion of the existing stay of discovery to include the EC Documents. (*Id.*)

### B. Alternatively, a Protective Order is Warranted in the Interests of Comity.

In assessing international comity in the context of discovery, courts "should not take such action as may cause a violation of the laws of a friendly neighbor or, at the least, *an unnecessary*

---

[2] Plaintiffs assert that Defendants "solicited" the Administrative Letters and suggest there was something vaguely improper about Defendants notifying the Commission of Plaintiffs' discovery requests. (Response at 15.) As Defendants explained to Plaintiffs during the parties' meet and confers, Defendants felt compelled to notify the Commission of Plaintiffs' discovery requests (just as Defendants notified the DOJ of those requests), but the decision to issue the Administrative Letters was the Commission's.

*(cont'd)*

3

*circumvention of its procedures."* In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., No. 05-MD-1720 (JG)(JO), 2010 WL 3420517, at *5 (E.D.N.Y. Aug. 27, 2010) (citation omitted). Plaintiffs agree that courts undertaking this assessment weigh five factors and that the most important is the balancing of national interests. Here, each factor, and particularly the balancing of national interests, weighs against production of the EC Documents.[3]

### 1. Production of the EC Documents Would Undermine Broader Commission Interests That Outweigh Any Competing Interests.

Plaintiffs do not dispute that the Commission opposes production of the EC Documents at this time or that the Commission has an important interest ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. Instead, Plaintiffs argue that: (1) a stay would infringe on U.S. interests in the full and fair adjudication of matters before its courts by depriving Plaintiffs of discovery; (2) ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅; and (3) case law does not support ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅ Each of these arguments is without merit.

*First*, the limited stay of discovery that Defendants seek would not infringe any U.S. interest because it would not deny Plaintiffs any discovery. Defendants are not, as Plaintiffs assert, attempting to use the Administrative Letters to "deny Plaintiffs access to all documents obtained by the EC in their entirety," or redact documents in an effort to interfere with the

---

[3] Contrary to Plaintiffs' claims, Defendants' objection to producing the EC Documents does not amount to a plea for ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ Rather, Defendants ask the Court to stay production on the basis of U.S. comity law ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

4

progress of these proceedings. (Response at 9, 17.) Rather, ███████████████████
████████████████████████████████████████████████████████. (Motion at 8-9.) Defendants do not contend that the Administrative Letters forever shield disclosure of the EC Documents by making them non-discoverable. (*Id.*) If this case proceeds past the motion to dismiss, Plaintiffs will have ample opportunity to seek and receive relevant business documents ███████████████████████████████████████████████████████
████████████████████████████████████████ (*Id.*)

None of the cases Plaintiffs cite regarding countervailing U.S. interests are on point because, unlike here, the requested relief in each case was a *complete bar* on discovery. *See British Int'l Ins. Co. v. Seguros La Republica, S.A.*, No. 90Civ.2370(JFK)(FM), 2000 WL 713057, at *10 (S.D.N.Y. June 2, 2000) (defendants argued foreign law was a complete bar to all forms of discovery for the requested information); *Consejo De Defensa Del Estado De La Republica De Chile v. Espirito Santo Bank*, No. 09-20613-CIV, 2010 WL 2162868 (S.D. Fla. May 26, 2010) (plaintiff, a foreign government, chose to litigate in the United States yet argued for a complete bar to discovery of foreign documents); *Burrow v. Forjas Taurus S.A.*, No. 16-21606-Civ-TORRES, 2017 WL 2620067, at *7 (S.D. Fla. June 16, 2017) (defendant resisted discovery of all documents on the basis that discovery should proceed under foreign law).[4]

Here, by contrast, because Plaintiffs are "able to obtain documents necessary to litigate [their] claims" through alternative means, the U.S. interest in full and fair adjudication is not undermined. *Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp.*, Case No. 17-cv-02191-SK,

---

[4] Plaintiffs also cite *Query v. Lexington Insurance Co.*, No. 15-21951-CIV, 2015 WL 12434326, at *1 (S.D. Fla. Nov. 19, 2015) to argue that the Court should "act in accordance with the spirit of the Federal Rules of Civil Procedure and 'employ a liberal and broad scope of discovery.'" (Response at 13.) But there the court *denied* the motion to compel because plaintiff's overbroad request sought irrelevant documents, *Query*, 2015 WL 12434326, at *2, like Plaintiffs do here.

2019 WL 6134958, at *4 (N.D. Cal. Nov. 19, 2019).

*Second,* █████████████████████████



███ *See Payment Card Interchange Fee*, 2010 WL 3420517, at *3 (request for production after Commission's investigation had existed for over a decade); *In re Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (request for production after Commission's investigation had been closed for over a year); *Emerson Elec. Co. v. Le Carbone Lorraine, S.A.*, Civil Action No. 05-6042 (JBS), 2008 WL 4126602, at *7-8 (D.N.J. Aug. 27, 2008) (request for production after Commission had already reached a decision in its investigation).[5]

████████████████████████████████████

---

[5] *In re Vitamins Antitrust Litigation*, MDL No. 1285, 2002 WL 34499542 (D.D.C. Dec. 18, 2002) is similarly distinguishable. In that case, the court required production of communications with the Commission only after defendants had stymied discovery, leaving plaintiffs few options for obtaining any other relevant documents. In stark contrast here, Defendants have already agreed to produce to Plaintiffs more than 150,000 documents provided to the DOJ.



See *Payment Card Interchange Fee*, 2010 WL 3420517 at *9 (denying requested discovery because discovery would compromise the Commission's expressly stated interest in "the effective enforcement of European antitrust law"); *Rubber Chems. Antitrust Litig.*, 486 F. Supp. 2d at 1083 (denying requested discovery and finding that compelling discovery would "impact U.S.—E.U. cooperation in the enforcement of the antitrust laws").[6] Those cases further support the limited extension of the discovery stay that Defendants seek.

2. *Plaintiffs' Requests Lack the Requisite Degree of Specificity.*

Despite asking for *all* documents produced to *any* foreign governmental agency [*see* ECF No. 215, Exhibits 1-13], Plaintiffs contend that their requests are specific because they seek a "specific, discrete set of documents . . . precisely because they relate to Plaintiffs' claim." (Response at 11.) Plaintiffs thus make the unreasonable assumption that every document produced by an EU company to an EU regulator in connection with an investigation into conduct

---

[6] *In re Air Cargo Shipping Services Antitrust Litigation*, 278 F.R.D. 51, 54 (E.D.N.Y. 2010) is distinguishable as the court overruled defendants' objections under a French blocking statute where "the information sought . . . ha[d] already been disclosed outside France's borders with France's consent." *Id.* at 54. No such sanctioned disclosure has occurred here.

in the EU would be relevant to Plaintiffs' U.S.-based claim. (Motion at 13-14.) Simply referencing foreign conduct in their allegations does not absolve Plaintiffs of their obligation to "limit foreign discovery to information [that is] necessary to the action . . . and directly relevant and material." Restatement (Third) of Foreign Relations Law § 442, cmt. a (1987).

        3. *All of the EC Documents Originated and Are Currently Located in Europe.*

Plaintiffs concede that the EC Documents originated outside the United States, and that this weighs in favor of precluding production. (*See* Response at 11.) This factor weighs even more heavily in favor of preclusion here, because of the burdens associated with ensuring compliance with GDPR. (*See* Motion at 14-15.) Plaintiffs argue that GDPR is not a barrier to production of the EC Documents because "disclosure of the personally identifiable information contained in Defendants' responsive documents . . . is necessary" for Plaintiffs to pursue their claim and Defendants' redaction of "the names of individuals from documents . . . would undoubtedly interfere with the progress of these proceedings." (Response at 9.) But Defendants have never stated that they would redact names of relevant individuals or other information "necessary" to Plaintiffs' claim. Defendants have simply stated that they have not yet reviewed the EC Documents to determine what data must be redacted, if any, and that they should not be required to undertake this analysis right now due to the EC's objection. (*See* Motion at 15.)

The circumstances here are thus in stark contrast to the cases Plaintiffs cite, in which the parties seeking discovery identified specific redacted information that they needed to advance their case. *See In re Mercedes-Benz Emissions Litig.*, No. 16-CV-881 (KM) (ESK), 2020 WL 487288, at *7-8 (D.N.J. Jan. 30, 2020) (requiring production of organization charts with unredacted names, positions, and titles); *Finjan, Inc. v. Zscaler, Inc.*, No. 17-cv-06946-JST (KAW), 2019 WL 618554, at *3 (N.D. Cal. Feb. 14, 2019) (requiring production of emails of one specific custodian without anonymization after proposed search terms are run); *Henry Zoch*

*II v. Daimler, A.G.*, No. 4:17- CV-578, 2017 WL 5177959, at *1, 6 (E.D. Tex. Nov. 8, 2017) (requiring production of "various items referenced by [Defendants' corporate representative] in his deposition or related to past documents disclosed by Defendant").[7] Yet even in those cases, the courts recognized that GDPR imposed restrictions on what the producing parties could disclose and "not every piece of foreign private data within a document may be relevant." *Mercedes-Benz Emissions Litig.*, 2020 WL 487288, at *7; *see also Finjan*, 2019 WL 618554, at *3 ("Given [the custodian's] role and the limited search terms, disclosure of the e-mails that are directly relevant to the instant case would appear to not violate the GDPR."). Personal data encompasses not only employee names, which may very well be relevant, but personal cellphone numbers, personal email addresses, and other information that Plaintiffs cannot blanketly assert are relevant to their claim.[8]

    4. *Plaintiffs Have an Alternative Means of Securing Business Documents Produced to the Commission.*

[REDACTED]

---

[7] *Burrow v. Forjas Taurus S.A.*, No. 16-21606-Civ-TORRES, 2017 WL 2620067, at *7 (S.D. Fla. June 16, 2017) is also distinguishable, as the defendants opposed producing *any* documents through ordinary document requests and sought to use Brazilian discovery procedures. Likewise, in *Knight Capital Partners Corp. v. Henkel Ag & Co., KGaA*, 290 F. Supp. 3d 681, 687 (E.D. Mich. 2017), the defendants argued the "German Federal Data Protection Act bars their production of all the information the plaintiff seeks," which is not the case here.

[8] Defendants have never asserted that they would redact names, positions, titles, or professional contact information of foreign employees when undertaking their GDPR review.

████████████████████████████████████

████████████████████████████████████

██████████████████████████████ *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (noting that the burdens and expenses of unnecessary discovery should be avoided before the sufficiency of a complaint's allegations are determined).

### 5. *The EC Documents are Not Crucial at This Stage of the Litigation.*

Plaintiffs argue that the EC Documents "further[] a viable legal theory," making them crucial to the litigation and weighing in favor of production. (Response at 10.) But whether Plaintiffs' theory is viable is a matter that the Court has yet to resolve, and the EC Documents will play no role in that decision. Plaintiffs thus have no need for these documents now. Moreover, Plaintiffs assume that the EC Documents "concern the same . . . conduct alleged in Plaintiffs' complaint," (*id.*), but the EC Documents are not necessarily relevant (let alone crucial) to Plaintiffs' claim.[9] *See supra* Section II.B.2. And Plaintiffs' assumption that the EC Documents contain "key evidence" in the form of "Defendants' communications with each other" is pure speculation. (*Id.*)

## III.    CONCLUSION

For the foregoing reasons and those in Defendants' opening brief, Defendants respectfully request that the Court extend the existing stay of discovery to include the EC Documents or, in the alternative, issue a protective order precluding production of the EC Documents based on the principles of comity.

---

[9] For this reason, Plaintiffs' reliance on *Consejo* is misplaced. There, the requested discovery furthered a "viable *defense* theory" and the court required production because "the discovery in question is quite significant" to what "Defendant seeks to show at trial," making it "important and material for this litigation." 2010 WL 2162868, at *4 (emphasis added).

10

Dated: May 15, 2020

Respectfully submitted,

By: /s/ *Lawrence D. Silverman*
Lawrence D. Silverman
Florida Bar No: 7160
Diane O. Fischer
Florida Bar No: 994560
AKERMAN LLP
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, Florida 33131
lawrence.silverman@akerman.com
deedee.fischer@akerman.com

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Karen Hoffman Lent *(pro hac vice)*
Matthew M. Martino *(pro hac vice)*
One Manhattan West
New York, NY 10001
karen.lent@skadden.com
matthew.martino@skadden.com

*Counsel for Defendants Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC)*

By: /s/ *John C. Seipp*
John C. Seipp
Florida Bar No: 289264
Christine L. Welstead
Florida Bar No: 970956
BOWMAN AND BROOKE, LLP
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
john.seipp@bowmanandbrooke.com
christine.welstead@bowmanandbrooke.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
David I. Gelfand *(pro hac vice)*
Matthew Bachrack *(pro hac vice)*
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
dgelfand@cgsh.com
mbachrack@cgsh.com

*Counsel for Defendants Leroy Seafood AS and Leroy Seafood USA Inc.*

11

By: /s/ Sara L. Salem
Sara L. Salem
Florida Bar No: 1011429
Eric J. Mahr *(pro hac vice)*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
sara.salem@freshfields.com
eric.mahr@freshfields.com

*Counsel for Defendants Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., and Ocean Premium Brands, Inc.*

By: /s/ Adam L. Schwartz
Adam L. Schwartz
Florida Bar No: 0103163
HOMER BONNER JACOBS ORTIZ, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
aschwartz@homerbonner.com

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Stephen R. Neuwirth *(pro hac vice)*
Sami H. Rashid *(pro hac vice)*
Christopher Tayback *(pro hac vice)*
51 Madison Avenue, 22nd Floor
New York, New York 10010
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com
christayback@quinnemanuel.com

*Counsel for Defendant SalMar ASA*