**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 19-CV-21551-ALTONAGA**

IN RE: FARM-RAISED SALMON AND SALMON
PRODUCTS ANTITRUST LITIGATION

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

In accordance with the Court's Order (ECF No. 218), Plaintiffs submit this sur-reply in opposition to the motion (ECF No. 215) and reply (ECF No. 225) of Defendants[1] to reconsider the Court's Third Scheduling Order, and in support of Plaintiffs' motion to compel the production of documents (ECF No. 217).[2]

## INTRODUCTION

Defendants urge this Court to make an unprecedented ruling that the interests of comity require a U.S. Court, irrespective of the Federal Rules of Civil Procedure, to block the production to U.S. plaintiffs of pre-existing documents already obtained by the European Commission ("EC"). Not a single case cited by Defendants endorses this expansive view of comity. To the contrary, in each case relied upon by Defendants, courts noted that pre-existing documents obtained by foreign government entities either would be discoverable or were already produced to U.S. plaintiffs, and then addressed the precise categories of documents that Plaintiffs have already agreed to *exclude* from their current requests: (i) documents prepared by Defendants specifically for the EC's investigation, such as Defendants' written replies to EC requests for information; and (ii) leniency statements or settlement submissions.

These two categories of documents already excluded from Plaintiffs' current requests also appear to be the primary concern of the EC, as expressed in its letters to the individual Defendants

---

[1] Defendants are Mowi ASA; Mowi USA, LLC; Marine Harvest Canada, Inc.; Mowi Ducktrap, LLC; Grieg Seafood ASA; Grieg Seafood BC Ltd.; Ocean Quality AS; Ocean Quality North America Inc.; Ocean Quality USA Inc.; Ocean Quality Premium Brands, Inc.; SalMar ASA; Lerøy Seafood AS; and Lerøy Seafood USA Inc.

[2] Defendants' motion and reply, as well as Plaintiffs' motion, were filed under seal, because Defendants initially asked Plaintiffs to treat correspondence from the European Commission ("EC") as confidential, based on the understanding that the EC sought such confidentiality. Now that the EC's letter to the Court is a matter of public record (ECF No. 227), and the EC has indicated to Plaintiffs that it does not object to the public filing of its prior letters to Defendants, Plaintiffs are publicly filing this sur-reply without redactions.

and to this Court (collectively the "EC Letters"). It is at least understandable, albeit disputable, to claim that communications with the EC could reveal the strategy of its investigation, or that the production of documents voluntarily provided under a leniency or settlement program could affect such cooperation. But it is far from clear, and neither Defendants nor the EC explain, how the production of pre-existing documents seized in a raid of a company—as Defendants' documents were obtained—implicates either concern or creates a conflict impacting comity. Indeed, producing the entire, undifferentiated set of seized documents hardly would reveal the specific foci or strategies of the EC's investigation—at a minimum, it would not be any more revealing to Plaintiffs than the initial seizure was to Defendants, the targets of the investigation. And it could not discourage cooperation because the seized documents were not voluntarily provided to the EC in the first place.

But blocking the production of pre-existing documents already obtained by the EC and requiring Plaintiffs, at a later time, to proceed through subject-based document requests, as Defendants urge, would contravene the putative efficiency rationale underlying Defendants' initial request to stay discovery. There is no comparison between copying a computerized file directory and placing it on a hard drive, as the Court's straightforward Order requires, and engaging in the costly, redundant, and time-consuming tasks of negotiating and perhaps litigating custodian lists, search terms, search methodologies, review protocols, etc., and then performing the resulting searches. Adopting Defendants' position and allowing the EC's "concerns" and preferred EU framework to displace the Federal Rules of Civil Procedure "would therefore be inconsistent with the overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 542-43 (1987) (quoting Fed. R. Civ. P. 1).

2

Defendants' position is also problematic because it is advanced in a deficient motion for reconsideration. Defendants could have but chose not to raise concerns about EU law before the Court issued its April 6, 2020 Order. It is inappropriate for Defendants to raise the argument for the first time now.

For these reasons and those explained below, the Court should deny Defendants' motion for reconsideration and compel Defendants to comply with the Court's April 6, 2020 Order.

## ARGUMENT

"Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, No. 19-20623-CIV, 2020 WL 264674, at *3 (S.D. Fla. Jan. 17, 2020) (Altonaga, J.) (internal quotation marks omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Defendants have not carried their burden of establishing a valid basis for reconsideration, "an extraordinary remedy to be employed sparingly." *Id.* at 1370. As explained below, the EC Letters on which Defendants rely are not "new evidence" in the relevant sense, and in either event, the Court did not err in requiring Defendants to produce preexisting documents already obtained by the EC.

### I.     Reconsideration Is Unwarranted Because Defendants Failed To Raise Arguments Regarding EU Law In The First Instance.

"Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Great Lakes Ins. SE*, 2020 WL 264674, at *4 (internal quotation marks omitted). Before this Court issued its April 6, 2020 Order, Defendants could have presented arguments concerning EU law to contest the production of documents already obtained

3

by the EC, but they chose not to, and thus their current arguments are not appropriate grounds for a motion for reconsideration.

Contrary to Defendants' claims, the EC Letters do not represent "new information" or "new evidence" warranting reconsideration. As the letters themselves confirm, the EC only issued them after Defendants contacted the EC. (*E.g.*, ECF No. 227-1, ¶ 2.) Defendants now claim that "they felt compelled to notify the Commission of Plaintiffs' discovery requests." (ECF No. 225 at 3 n2.) But whatever "compelled" Defendants to notify the Commission of Plaintiffs' requests also should have led Defendants to notify this Court and Plaintiffs of their apparent concerns that the production of documents obtained by the EC might raise issues with EU law—especially because Plaintiffs expressly sought the immediate production of such documents in the parties' joint scheduling report and prior discussions. (ECF No. 205, ¶¶ 5-7.) Defendants, however, chose not to raise a particularized argument concerning the EC documents, strategically choosing instead to pursue a broader stay of discovery in its entirety. (*Id.*) Because "parties 'cannot use' a motion for reconsideration to 'raise argument[s] . . . that could have been raised' earlier," *Miller v. Gizmodo Media Grp., LLC*, No. 18-24227-CIV, 2019 WL 5864176, at *1 (S.D. Fla. June 5, 2019) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)), Defendants should not be permitted to invoke EU law in a motion for reconsideration, as they could have but did not raise it earlier. *See Schmidt v. Washington Newspaper Publ'g Co., LLC*, No. 18-80614-CIV, 2018 WL 6422705, at *3 (S.D. Fla. Dec. 6, 2018) (reasoning that "it is not the job of courts deciding motions for reconsideration to rescue parties from their strategic litigation choices") (internal quotation marks omitted). That the EC letters were issued after the Court's ruling does not salvage Defendants' request for reconsideration, because the letters merely raise issues that Defendants could have presented themselves before the Court issued its Order. Defendants,

4

therefore, cannot satisfy their burden of showing that "new evidence" warrants reconsideration of the Court's April 6, 2020 Order.

> **II.     Reconsideration Is Unwarranted Because The Court Did Not Err In Requiring Defendants To Produce Pre-Existing Documents Obtained By The EC.**

Nor can Defendants demonstrate that the Court clearly erred in requiring them to produce to Plaintiffs pre-existing documents already obtained by the EC, as would be required to merit reconsideration. *Burger King Corp.*, 181 F. Supp. 2d at 1369. Although Defendants cite in their motion the same authority upon which they previously relied to request a complete stay of discovery (ECF No. 215 at 8 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997)), they do not contend that the Court erred in declining to stay all discovery pending the resolution of their motion to dismiss. Nor could Defendants seriously raise such an argument in a motion for reconsideration, because the Court clearly considered and rejected Defendants' initial argument in ruling that certain discovery—the production of records already obtained by domestic and foreign entities—should proceed. *See Great Lakes Ins. SE*, 2020 WL 264674, at *3 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly.") (internal quotation marks and alterations omitted).[3] Instead, Defendants contend that the EC's views expressed in its letters, together with the interests of comity, warrant crafting a special exception for pre-existing documents obtained by the EC. Defendants' position, however, is inconsistent with prevailing law.

---

[3] The Court's ruling that Defendants were not entitled to a complete stay of discovery is entirely consistent with prevailing law. *See Cabrera v. Progressive Behavioral Science, Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (denying a motion to stay discovery pending a motion to dismiss because "[a] stay of discovery pending the determination of a motion to dismiss [] is the exception rather than the rule").

### A. There is no true conflict between EU law and this Court's Order, and thus no need for the Court to consider the interests of comity.

As a threshold matter, Defendants have not demonstrated that a comity analysis—i.e., consideration of the five factors specified in *Aerospatiale*, 482 U.S. at 544 n.28—is even appropriate because they have not identified a true conflict between domestic and foreign law. *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13 CIV. 2575, 2015 WL 1514746, at *4 (S.D.N.Y. Apr. 1, 2015) ("In the absence of a true conflict between domestic and foreign law, it is unnecessary to engage in a comity analysis."); (ECF No. 217 at 6-7). "A district court only reaches the issue of comity if it finds a true conflict exists, that is, when the laws of one country require conduct that violates the laws of the other." *Yukos Capital S.A.R.L. v. Samaraneftegaz*, 592 F. App'x 28, 29 (2d Cir. 2015) (internal quotation marks omitted); *see Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 799 (1993) ("No conflict exists, for these purposes, where a person subject to regulation by two states can comply with the laws of both.") (internal quotation marks omitted). Neither Defendants nor the EC has identified any conflict between EU law and this Court's requirement for Defendants to produce pre-existing records already obtained by the EC.

In fact, the EC concedes that "[u]nder EU law, pre-existing documents are not, as such, protected from disclosure" (ECF No. 227-1, ¶12), precluding Defendants from satisfying the threshold requirement of demonstrating a true conflict. Instead of identifying any general laws that regulate the conduct of Defendants or prohibit them from complying with this Court's Order, the EC points to rules of procedure—Article 6.4(a) and recital 23 of the Directive on Antitrust Damages Actions—that explicitly are restricted to orders of ***EU courts***. (*Id.*, ¶ 12.)[4] This is not the type of putative conflict that satisfies the threshold requirement for undertaking a comity

---

[4] The EC acknowledges that the EU "framework" it urges this Court to adopt only "applies to disclosure in damages actions before the ***national courts of the EU member states***." (ECF No. 227-1, ¶ 7 (emphasis added).)

6

analysis. *Cf. CE Int'l Res. Holdings, LLC v. S.A. Minerals Ltd. P'ship*, No. 12-CV-08087 CM SN, 2013 WL 2661037, at *6, 16 (S.D.N.Y. June 12, 2013) (performing comity analysis because compliance with U.S. subpoena would subject bank or its employees to criminal liability in Singapore). Because Article 6.4(a) and recital 23 of the Directive on Antitrust Damages Actions do ***not***, by their own terms, apply to actions in U.S. courts for violations of federal antitrust laws or even to the conduct of Defendants, there is no risk that Defendants' compliance with this Court's Order—i.e., the production of records already obtained by the EC—will violate any laws of the EU. Thus, Defendants cannot satisfy the "true conflict" requirement and there is no need for the Court to engage in a comity analysis to deny Defendants' motion for reconsideration. *See Samaraneftegaz*, 592 F. App'x at 29.

### B. This Court's Order is consistent with the interests of comity.

Even if the Court considers the five comity factors specified in *Aerospatiale*, 482 U.S. at 544 n.28, Defendants' motion for reconsideration should be denied because the interests of comity do not support this Court's adoption of EU procedural law in place of the Federal Rules of Civil Procedure—particularly as to pre-existing documents already obtained by the EC, the only documents at issue at this time. (ECF No. 217 at 10-17 (analyzing each of the five factors).) Indeed, neither the EC nor Defendants cite a single case holding that the interests of comity are sufficient to block the production of pre-existing documents already obtained by the EC or any other foreign governmental entity.

To the contrary, ***every*** case involving an EC investigation that Defendants rely upon— some of which block the production of categories of documents not at issue here—supports the production to Plaintiffs of pre-existing documents already obtained by the EC. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-CV-01827-SI, 2011 WL 13147214, at *1 (N.D. Cal.

7

Apr. 26, 2011) (noting that defendant "had produced all pre-existing business documents exchanged with the EC or the JFTC" and blocking the production of documents created in connection with the investigation); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 JG JO, 2010 WL 3420517, at *10 (E.D.N.Y. Aug. 27, 2010) (holding that "the plaintiffs are entitled to discovery of the defendants' existing business documents, including those that were disclosed to the European Commission," and blocking production of EC hearing transcripts and statement of objections); *In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007) (noting that the defendant had "produced all the business documents that had been produced in Europe" and blocking production of leniency communications with EC). As these cases and the authorities cited in Plaintiffs' initial motion (ECF No. 217 at 16-14) demonstrate, the overwhelming weight of authority rejects Defendants' reliance on comity to block the production to Plaintiffs of pre-existing documents already obtained by the EC.

The EC's submission of a letter to the Court (ECF No. 227) does not alter this conclusion. Indeed, even faced with the EC's direct intervention and submission of briefs, courts have properly held that the interests of comity do not support deviating from the Federal Rules of Civil Procedure and rejected the EC's explicit requests to block the production of documents, including the categories of documents that Plaintiffs have already agreed to exclude from their current requests. *See In re Vitamins Antitrust Litig.*, No. MDL 1285, 2002 WL 34499542, at *5-10 (D.D.C. Dec. 18, 2002) (ordering defendant to "produce its submissions to the EC" over the EC's objections).[5]

Moreover, the EC's most recent letter largely just reiterates the points raised in the prior letters sent to the individual Defendants and already submitted to the Court. The only apparent

---

[5] Defendants attempt to distinguish *Vitamins* on the grounds that the production was ordered "only after defendants had stymied discovery" (ECF No. 225 at 6 n.5), but the court does not mention such circumstances or cite them as a rationale for its decision.

8

addition is the EC's opinion that its concerns may not be accommodated by a protective order. (ECF No. 227-1, ¶ 15.) Again, however, the EC's letter is premised on the inaccurate assumption that Plaintiffs are seeking the two categories of documents already excluded from Plaintiffs' current requests—documents prepared for the EC's investigation, and leniency statements or settlement submissions—and fails to explain how the production of preexisting documents seized in the EC's raids of Defendants will reveal the strategies of its investigation or jeopardize the future cooperation of Defendants or other investigative targets. (*Id.*) Instead, it reiterates its request for this Court to recognize and give force to EU procedural rules applicable to actions in EU courts. (*Id.*, ¶¶ 7, 15.) But as the Supreme Court recognized in *Aerospatiale*, 482 U.S. at 544 n.29, "American courts are not required to adhere blindly to the directives" of foreign jurisdictions.

Nor do the interests of comity—particularly given the vague, unexplained expressions of concern from the EC—justify forcing the parties to resort to procedures that will be "unduly time consuming and expensive, as well as less certain to produce needed evidence." *In Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, No. 10-21944-CIV, 2010 WL 11442753, at *2 (S.D. Fla. Sept. 13, 2010) (Altonaga, J.) (quoting *Aerospatiale*, 482 U.S. at 542). Yet that is precisely what would occur here by adopting Defendants' proposal to block the production of the set of pre-existing documents already obtained by the EC and require Plaintiffs, at a later time, to seek some portion of those documents through "subject-based document requests." (ECF No. 227 at 2.) While such requests—along with attendant negotiations and litigation over minutiae such as custodians, search terms, foreign language translations, and search protocols—are typical and unavoidable aspects of discovery, the set of documents already obtained by the EC—which is investigating the same anticompetitive conspiracy alleged in this action, as the EC's letters confirm—provides an incomparably efficient avenue directly to an initial set of relevant

9

documents.[6] Blocking Plaintiffs from this direct, efficient route to discoverable evidence—particularly on the basis of the vague concerns voiced by the EC—would be "inconsistent with the overriding interest in the 'just, speedy, and inexpensive determination' of litigation in our courts." *Aerospatiale*, 482 U.S. at 542–43 (quoting Fed. R. Civ. P. 1).

### C. Defendants' alternative request for a protective order is unwarranted.

Because Defendants are seeking not only reconsideration but also a protective order, it is their burden to show that such an order is required to avoid "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Defendants have not carried this burden. Aside from relying on the EC's unexplained and inapplicable concerns, Defendants occasionally reference some unexplained "burdens" of complying with the Court's Order. (ECF No. 225 at 1). But it is not clear what Defendants mean, as they do not seriously contest Plaintiffs' argument that the GDPR does not permit them to redact information from the documents that they produce. (ECF No. 217 at 8-14). Because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test," *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008), Defendants are not entitled to a protective order.

### CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration should be denied and Defendants should be required to comply with the Court's prior Order.

---

[6] Defendants raise a half-hearted relevance objection, claiming that the documents obtained by the EC involve "conduct in the EU." (ECF No. 225 at 7-8.) But Plaintiffs' operative complaint alleges in detail that Defendants' anticompetitive conduct in Norway and across the world damages direct purchasers in the United States. (ECF No. 168, ¶¶ 82-114, 126-27.) Still, Defendants' observation that these documents concern EU conduct—together with their admission that the separate set of documents produced to the DOJ only included "documents within the United States" (ECF No. 215 at 5 n.3)—demonstrates that Defendants' willingness to comply with the Court's Order as to the DOJ documents does not lessen Plaintiffs' need for the documents obtained by the EC.

Dated: May 20, 2020
Respectfully submitted,

**PODHURST ORSECK, P.A.**
By: */s/ Peter Prieto*
Peter Prieto, FBN 501492
John Gravante, III, FBN 617113
Matthew P. Weinshall, FBN 84783
Alissa Del Riego, FBN 99742
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
pprieto@podhurst.com
jgravante@podhurst.com
mweinshall@podhurst.com
adelriego@podhurst.com

*Interim Co-Lead Counsel for Direct Purchaser Plaintiff Class*

**HAUSFELD LLP**
Michael P. Lehmann (*pro hac vice*)
Christopher L. Lebsock (*pro hac vice*)
600 Montgomery St. #3200
San Francisco, CA 94111
Tel: (415) 633-1908
*mlehmann@hausfeld.com*
*clebsock@hausfeld.com*

**HAUSFELD LLP**
Reena A. Gambhir (*pro hac vice*)
1700 K Street, N.W., Suite 650
Washington D.C. 20006
Tel: (202) 540-7200
*rgambhir@hausfeld.com*

*Interim Co-Lead Counsel*
*for Direct Purchaser Plaintiff Class*

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
Robert C. Gilbert, FBN 561861
Daniel E. Tropin, FBN 100424
2800 Ponce de Leon Boulevard, Suite 1100

11

Case 1:19-cv-21551-CMA Document 228 Entered on FLSD Docket 05/20/2020 Page 13 of 14

Coral Gables, FL 33134
Tel: (305) 384-7269
gilbert@kolawyers.com
tropin@kolawyers.com

*Direct Purchaser Plaintiffs' Liaison Counsel*

**FREED KANNER LONDON & MILLEN, LLC**
Kimberly A. Justice, (*pro hac vice*)
923 Fayette Street
Conshohocken, PA 19428
Tel: (610) 234-6487
kjustice@fklmlaw.com

**FREED KANNER LONDON & MILLEN, LLC**
Steven A. Kanner, (*pro hac vice*)
Douglas A. Millen, (*pro hac vice*)
Brian M. Hogan, (*pro hac vice*)
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
skanner@fklmlaw.com
dmillen@fklmlaw.com
bhogan@fklmlaw.com

**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
Gregory P. Hansel, FBN 607101
Randall B. Weill (*pro hac vice*)
Michael S. Smith (*pro hac vice*)
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Tel: (207) 791-3000
ghansel@preti.com
rweill@preti.com
msmith@preti.com

**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH, LLP**
Allan Steyer (*pro hac vice*)
Jill M. Manning (*pro hac vice*)
D. Scott Macrae (*pro hac vice*)
235 Pine Street, 15th Floor
San Francisco, CA 94104
Tel: (415) 421-3400
asteyer@steyerlaw.com
jmanning@steyerlaw.com
smacrae@steyerlaw.com

**WOLLMUTH MAHER & DEUTSCH LLP**
Ronald J. Aranoff (*pro hac vice*)
Ryan J. Keenan (*pro hac vice*)
Scott C. Ferrier (*pro hac vice*)
500 Fifth Avenue, 12th Floor
New York, NY 10110
Tel: (212) 382-3300
raranoff@wmd-law.com
rkeenan@wmd-law.com
sferrier@wmd-law.com

*Members of Direct Purchaser Plaintiffs' Executive Committee*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record via transmission of notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*

Peter Prieto