# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 19-21551-CIV-ALTONAGA/Goodman**

In re:

**FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION**

_____/

**STIPULATED PROTECTIVE ORDER**

In the interests of (i) ensuring efficient and prompt resolution of this Action, meaning the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings; (ii) facilitating discovery by the parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), **ORDERS** as follows:

1. **Scope.** All materials produced or adduced in the course of discovery, including responses to requests for production of documents, interrogatories, deposition testimony, and exhibits (if any), and information derived directly therefrom (hereinafter collectively "Discovery Material"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definitions**:

   (a)   Producing Party: a Party or non-party that produces Discovery Material or otherwise discloses information through discovery.

(b) Designating Party: a Party or non-party that designates information or items that it or any other Party possesses or produces in Discovery Material as "Confidential Information" as this term is defined below.

(c) Receiving Party: a Party that possesses or receives Discovery Material from a Producing Party.

(d) Document: defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

(e) Personally Identifying Information or PII: an individual's social security number, taxpayer-identification number, or birth date, the name of an individual known to be an minor, or a financial account number.

(f) Foreign Private Data or FPD: personal or private information that the producing party believes in good faith to be subject to foreign data protection laws, including the General Data Protection Regulation 2016/679, or other foreign privacy obligations that would otherwise prohibit a producing party from disclosing such information.

3. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the Producing Party, including information, whether contained in documents, testimony, or otherwise, that constitutes trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, or other information the disclosure of which would, in the good faith judgment of the party designating the Discovery Material as Confidential Information, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Confidential Information is information that is maintained

in confidence and of value to the party from the fact that it is not commonly or publicly known. Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may also include information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, or any foreign law or regulation, including FPD; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information, including PII; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. However, the Parties expressly agree that any information or documents produced pursuant to a subpoena or other judicial means—in this matter, or any other civil, criminal, or administrative proceeding or investigation—shall not be considered available to the public, and the Parties may designate any information or documents so produced as Confidential Information.

**4.    Designation.**

(a)    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents

marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) Subject to the same designation requirements of 4(a), a party may designate as "ATTORNEYS' EYES ONLY" any Confidential Information that a party in good faith believes to consist of highly proprietary business information, which should not be disclosed to another party's operational and business personnel, including, without limitation, trade secrets.

(c) The designation of a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is a certification by an attorney that the document contains Confidential Information as defined in this Order.

(d) To the extent any party is required to or agrees to produce documents in this litigation that originally were collected or produced in government investigations, those documents will be treated as "ATTORNEYS' EYES ONLY," regardless of any confidentiality designation affixed to the documents.  This does not alter the right of any party to challenge specific confidentiality designations pursuant to the procedure outlined below.

**5.** **Depositions**. Deposition testimony protected by this Order may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony protected by this Order may also be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within thirty (30) days after delivery of the transcript through service of a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information. The failure to either designate a portion of

a deposition as Confidential Information on the record or to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information, unless (a) the Parties agree to a different time for serving a Notice of Designation, (b) the party seeking a late designation seeks and obtains relief from the deadline from the Court for good cause shown or (c) as otherwise ordered by the Court. Deposition testimony shall be treated as Confidential Information protected by this Order until thirty days after delivery of the transcript by the court reporter to any party or the witness.

**6.     Protection of Confidential Material.**

(a)     General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Discovery Materials designated as Confidential Information shall not be photographed, photocopied, or reproduced in any manner except in preparation of this litigation, and shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately, except to counsel for the parties or other persons identified in subparagraphs (b) and (c). Likewise, the Receiving Party may not verbally share it with anyone except as explicitly provided for by this Order or as otherwise ordered by the Court.

(b)     Limited Disclosure by Receiving Party. The Receiving Party and counsel for the Receiving Party shall not disclose or permit the disclosure of any Discovery Materials designated "CONFIDENTIAL" except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the Receiving Party may share Discovery Materials designated "CONFIDENTIAL" with the following categories of persons:

(1) Counsel. Outside and inside counsel for the Receiving Party and employees of outside counsel and a Receiving Party's legal department who have responsibility for the Action;

(2) Parties. Individual parties and officers, directors, and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel. The Court and all persons assisting the Court in this Action, including special masters, law clerks, court reporters (including court reporters and recorders engaged for depositions), and stenographic or clerical personnel;

(4) Any mediator or arbitrator (including his or her staff) that the parties engage in this Action or that this Court appoints;

(5) Contractors. Those persons specifically engaged by the Receiving Party for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents and translate documents, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment And Agreement To Be Bound, unless otherwise agreed in writing by the Designating Party or ordered by the Court;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the Receiving Party or counsel for the Receiving Party to assist in the preparation and trial of this Action, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment And Agreement To Be Bound, unless otherwise agreed in writing by the Designating Party or ordered by the Court and provided that no disclosure shall be made to any expert or consultant who is retained or employed by a known

6

competitor of the Producing Party. For the avoidance of doubt, Plaintiffs are not considered competitors of Defendants.

(7) Witnesses at depositions. During their depositions, Receiving Party or third party witnesses in this Action to whom disclosure is reasonably necessary or where the deponent is already familiar with or reasonably expected to be familiar with the information reflected in the Discovery Material. Such Confidential Information may be shown to the persons described in this subsection for a reasonable length of time sufficient to determine whether the person is familiar with, has previously seen, or has knowledge of the underlying information contained in the Confidential Information. In addition, such persons may not retain copies of Confidential Information unless permitted by other provisions of this Protective Order. Such witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may temporarily review a copy of all exhibits marked at their depositions in connection with review of the transcripts, and shall complete the certification in Exhibit A.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Discovery materials designated as "ATTORNEYS' EYES ONLY" may only be reviewed by counsel for the Parties, including in-house counsel, and the persons specified in paragraphs 6(b)(3)-(9) above.

(d)     Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain a copy of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

(e)     Nothing in this Order:

(1)     Limits a party's use or disclosure of its own Confidential Information;

(2)     Prevents disclosure of Confidential Information by any party to any current employee or corporate representative of the Designating Party;

(3)     Prevents disclosure of Confidential Information by any party with the consent of the Designating Party;

(4)     Prevents disclosure by any party of Confidential Information (i) that is or has become publicly known through no fault of that party; (ii) that was lawfully acquired by or known to that party independent of receipt during discovery in this Action; (iii) that was previously produced, disclosed, and/or provided to that party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court; or

(5)     Prevents counsel for any party authorized to receive Confidential Information in accordance with this Order to rely upon Confidential Information in advising its clients so long as such information is not disclosed.

**7.     Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party desires to designate a document as Confidential Information after it was initially produced, the Producing Party shall do so promptly upon discovery of the inadvertent production

without the appropriate designation and the Receiving Party, on notification of the designation, must take prompt steps to assure the Discovery Material is marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or returned to the Producing Party for confidential designation and treat the document in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of Discovery Material during a time when that Discovery Material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the Discovery Material is subsequently designated Confidential Information.

8.   **Inadvertent Production of Privileged or Otherwise Protected Material**. Inadvertent or unintentional production of documents or information containing information that should have been designated as privileged shall not be deemed a waiver in whole or in part of the party's claims of privilege. Pursuant to Federal Rules of Evidence 502(b)-(d), but without regard to an analysis of whether reasonable steps were taken to prevent disclosure, if a party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the Designating Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the Designating Party within seven (7) days of such request unless the Receiving Party intends to challenge the Designating Party's assertion of privilege or immunity. In the event that the Receiving Party intends to challenge the designation, the Receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information pending the Court's ruling. In no event shall the Receiving Party be permitted to argue that the disclosure of the inadvertently produced documents has waived the Designating Party's privilege or other protections.

9. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the appropriate Local Rules.

10. **Challenges by a Party to Designation as Confidential Information**. The designation of any Discovery Material as Confidential Information is subject to challenge by any Party at any time prior to the termination of the Action. The right to raise such a challenge under this Order will terminate when the case against the Producing Party terminates; however, the Parties reserve the right to challenge confidentiality designations regarding any Discovery Material that may be produced as part of merits discovery even if such documents were previously produced in connection with jurisdictional discovery.

The following procedure shall apply to any such challenge.

(a) Meet and Confer. A Party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated Discovery Material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged Discovery Material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall

be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the Discovery Materials as Confidential Information under the terms of this Order.

11. **Action by the Court**. Applications to the Court for an order relating to Discovery Materials or documents designated Confidential Information shall be by motion unless the Court's mechanism for resolving discovery disputes imposes different requirements, in which case those shall control. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12. **Use of Confidential Documents or Information at a Hearing or Trial**. Confidential Information, or extracts, summaries, or information derived therefrom, retain confidential status even if used in a hearing or at trial. A party who seeks to introduce or discuss Confidential Information at a hearing or other pre-trial or trial proceeding shall advise the Producing Party in advance that such information is Confidential Information. Prior to disclosure of Confidential Information at a hearing or other pre-trial or trial proceeding, the Parties agree to confer in good faith with each other and the Court to prevent public disclosure of Confidential Information. Where necessary, the Producing Party may seek further protections against public disclosure from the Court.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a Receiving Party is served with a request, subpoena or an order issued in other litigation or agency or governmental investigations or proceedings that would compel disclosure of any Discovery Material designated in this Action as Confidential Information, the Receiving Party must so notify the Designating Party, in writing, within three (3) business days after receiving

11

the request, subpoena or order. Such notification must include a copy of the request, subpoena or court order. The Receiving Party shall reasonably cooperate with respect to all reasonable procedures pursued by the Producing Party to maintain the confidentiality of the Confidential Information.

(b)     The Receiving Party also must immediately inform in writing the party who caused the request, subpoena or order to issue in the other litigation, investigation, or proceeding that some or all of the Discovery Material covered by the request, subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action, investigation or proceeding that caused the request, subpoena or order to issue.

(c)     In the event such production is ordered, the Receiving Party shall use reasonable efforts to negotiate a protective order that contains the same level of protection provided in this Order.

(d)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14.     **Obligations on Conclusion of Litigation.**

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information shall be returned to the Producing Party or destroyed with a certification attesting to the destruction provided to the Producing Party unless the document has been offered into evidence or filed without restriction as to disclosure.

(c) **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Discovery Material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms, including any additional parties joining this Action, and any third-parties required to respond to discovery in this Action.

**DONE AND ORDERED** in Miami, Florida, this Xth day of June, 2020.

/s/
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I,_____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order entered by the United States District Court for the Southern District of Florida in the case captioned *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Case No. 19- 21551-CIV-ALTONAGA/Goodman (S.D. Fla. Apr. 23, 2019) (the "Action").

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Action.

Date:_____

City and State:_____

Printed Name:_____

Signature:_____