**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:19-21551-CIV-ALTONAGA/LOUIS

In re:

FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION

_____/

## ORDER

**THIS CAUSE** comes before the Court upon the Joint Notice Regarding Proposed Order on Mediation (ECF No. 331). Pursuant to the Court's Order Setting Trial (ECF No. 308), the Parties were required, by no later than June 30, 2021, to select a mediator and schedule a "time, date, and place for mediation"; and jointly file a proposed order scheduling the mediation. On June 30, 2021, the Parties timely noticed their selection of a mediator but sought the Court's assistance in resolving a dispute over the manner of mediation that prevented them from advancing a single date for the mediation to occur. This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Cecilia M. Altonaga, Chief Judge of the United States District Court for the Southern District of Florida, for a status conference and resolution of the Parties' mediation dispute (ECF No. 333). Having conducted the status conference on July 15, 2021, this Order follows.

The Parties disagree about whether the Court's Order and the Local Rules require attendance at a single mediation session, or whether the Defendants should be ordered to each attend a mediation session, the latter of which would necessitate the scheduling of multiple mediation sessions. Defendants oppose separate mediation sessions and argue that the Court's

Order requires only one session. Plaintiffs dispute Defendants' construction of the Order and Local Rule 16.2 as authorizing a single mediation session.  Plaintiffs seek a unique mediation session with each Defendant, recognizing the practical difficulty of settling among so many parties at a single session; as a concession, Plaintiffs offered that if a joint session were conducted in the Spring of 2022, and if it was insufficient to resolve the case, Defendants should be ordered to participate in separate mediation sessions later in the year and bear the cost of the joint mediation session.

The status conference revealed that the Parties' proposals differ only in two respects: whether the Court should presently enter an order requiring separate mediation sessions in anticipation of the joint session failing; and whether that order should similarly, in anticipation of its failure, order that Defendants will bear its costs. At the hearing, Defendants represented no aversion to participating in separate mediation sessions following—and as a result of—the joint session, to the extent it is recommended by the mediator and agreed to by the Parties.

Plaintiffs' concerns about the ability to settle in a joint mediation reflect the realities of this complex dispute and are well taken; indeed, neither sides' proposal anticipates complete resolution of the case in a single mediation session. Notwithstanding, Plaintiffs' proposal is premature insofar as it assumes that nothing in the (initial) joint session would inform or impact the manner in which mediation should continue from there. Defendants' proposal recognizes the uncertainty of the process and defers to the mediator to set parameters on mediation efforts following the joint session.

Thus, and as explained at the hearing, the Court declines to adopt Plaintiffs' proposal requiring the Parties to submit proposed orders scheduling multiple, individual mediation sessions at this juncture.  This does not preclude Plaintiffs from later seeking the Court's intervention to

compel individual Defendants to attend mediation should it be necessary, but the present circumstances do not justify that relief.  Likewise, the Order Scheduling Mediation shall not impose upon Defendants the costs of mediation should the case not be resolved at the initial joint mediation session.

Within 14 days from the date of this Order, the Parties shall file a proposed order scheduling mediation in the form specified on the Court's website (https://www.flsd.uscourts.gov/forms/order-scheduling-mediation), which specifies the time, date and place for mediation.

**DONE** and **ORDERED** in Miami, Florida this 23rd day of July, 2021.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE