**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:19-21551-CIV-ALTONAGA/LOUIS

In re:

FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION

_____/

**ORDER**

      **THIS CAUSE** comes before the Court upon Plaintiffs' Notice of Hearing, which noticed three discovery disputes pursuant to this Court's General Order on Discovery Objections and Procedures (ECF No. 329).[1] This matter was referred to the undersigned United States Magistrate Judge by the Honorable Cecilia M. Altonaga, Chief Judge for the Southern District of Florida, for disposition of all discovery matters (ECF No. 308). A hearing was conducted on July 15, 2021. The Order memorializes, but does not change, the rulings made in open court.

      This class action is brought on behalf of direct purchasers of farm-raised Atlantic salmon and salmon products, who assert claims against Defendants for violations of sections 1 and 3 of the Sherman Act, *see* 15 U.S.C. §§ 1, 3 (ECF No. 246 at ¶ 3 & n.2). Plaintiffs allege that Defendants engaged in the unlawful coordination of price charged to direct purchasers of salmon from April 10, 2013 through the present (*id*.). These allegations parallel those of the European Commission and the Department of Justice, both of which are investigating illegal anticompetitive behavior in the farmed salmon market (*id*. at ¶ 102).

---

[1] Plaintiffs noticed three discovery disputes relating to Plaintiffs' Request for Production. The Parties resolved one dispute prior to the hearing and requested an opportunity to brief another dispute, which then was continued until July 23, 2021. This Order memorializes the Court's rulings with respect to only one of the noticed disputes: whether Defendants' objections to the time period for documents and data should be overruled.

Plaintiffs' Requests for Production defines the "Relevant Time Period" as January 1, 2010 to the present. All Defendants objected to the period as unduly burdensome, not relevant to any claim or defense, and overly broad and disproportionate to the needs of the case. Upon conferral, Plaintiffs have narrowed the time frame to January 1, 2010 through April 23, 2021 for requests for data and from to January 1, 2010 through October 23, 2020 for documents. Defendants maintain their objection to producing data for any time earlier than January 1, 2011 or later than April 23, 2020; or to producing documents beyond the period of January 1, 2012 to April 23, 2019.

Defendants' position on timeframe concedes the relevance of documents created sometime before the alleged class period began but contends that the limit on that period is January 1, 2011. Plaintiffs, by contrast, contend that they need three full years of data predating the alleged conduct and documents dating back at least to January 1, 2010. Other than generally observing the preference for more data to be used by their experts in a regression analysis, Plaintiffs offered no specific relevance for the data or documents sought from the contested time period. Indeed, counsel for Plaintiffs acknowledged that the defined Relevant Time Period may have been too bluntly applied and recognized that for some requests, the relevant time period should be narrowed. Similarly, Defendants' proposed cutoff time was untethered to any factual event that has occurred (other than the filing of the Complaint), and with respect to many categories of documents sought the proposed cutoff would be arbitrary. Nor have Defendants substantiated their general assertion of burden by arguing that the burden to produce is directly proportional to the length of time over which they may be required to search. No facts were advanced to support the assumption that it would be disproportionate to the needs of this case for any Defendant to collect another year's worth of data or documents.

Accordingly, Defendants' blanket objections to producing data or documents beyond their proposed timeframe is overruled. Notwithstanding, and consistent with the observation that with respect to some requests the time period defined may indeed exceed that which is relevant and proportional to the needs of the case, Defendants were afforded leave to serve amended responses and objections to Plaintiffs' Requests for Production within 14 days of the hearing, on or before July 29, 2021.

**DONE** and **ORDERED** in Miami, Florida this 23rd day of July, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**