# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA/Louis**

**In re:**

**FARM-RAISED SALMON**
**AND SALMON PRODUCTS**
**ANTITRUST LITIGATION**

_____ /

**[PROPOSED] ORDER GRANTING STIPULATED EXPERT PROTOCOL**

Pursuant to Fed. R. Civ. P. 29, the parties, through their respective counsel of record, stipulate to the following order (the "Stipulation and Order") regarding the scope of expert discovery in the above-captioned matter and all other matters subsequently consolidated on this docket (collectively, the "Action"), subject to approval by the Court:

**I.    GENERAL PROVISIONS**

This Stipulation and Order applies to all parties to the Action. This Stipulation and Order provides the protocols applicable to conducting discovery relating to expert witnesses. The Parties agree that there shall be no discovery or disclosures with respect to non-testifying experts and/or consultants. Nothing in this Stipulation and Order shall preclude any party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation and Order.

**II.    GOVERNING LAW**

Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action. Unless

specifically modified herein, nothing in this Stipulation and Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure.

### III.     DISCOVERY RELATING TO EXPERTS

#### A.     **Expert-Related Materials To Be Disclosed**

1.     Each Party shall make all disclosures required by Rule 26(a)(2)(A) and (B)(i), (iii), (iv), (v), and (vi) of the Federal Rules of Civil Procedure, as modified by this Stipulation and Order, at the times provided by any applicable rules and Court order(s) governing the disclosure of expert testimony in this Action.

2.     Within three (3) business days of the service of any expert report or expert declaration pursuant to Federal Rule of Civil Procedure Rule 26(a)(2)(B) or otherwise, the party or parties proffering the expert shall produce: a copy of the data and other information referred to therein or relied upon by the expert in forming the expert's opinions, including, but not limited to, underlying data, spreadsheets (including formulas therein), computerized regression analysis and/or other underlying reports, programs, computer codes and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for their opinions. For avoidance of doubt, the production contemplated by this paragraph shall include, without limitation, all data and information commonly referred to as expert "back up" materials.

3.     The information required to be produced pursuant to this stipulation shall be produced electronically (via email or FTP site) where feasible, or, where that is not feasible, on flash drive or hard drive, and shall be produced to (i) counsel for each Defendant (one copy per Defendant or group of Defendants represented by the same counsel); and (ii) counsel for Plaintiff class. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of their opinion(s) in this matter shall be provided in machine

readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. To the extent the disclosures required by this Stipulation and Order describe or include exhibits, information, or data results generated, processed, or modeled by computer at the direction of a disclosed expert witness and relied upon in forming his or her opinions, machine readable copies of the input data along with the appropriate computer program(s) and instructions sufficient to replicate such exhibits, information, and data results shall be produced to all Parties.

4. No party need produce programs, software, or instructions that are commercially available so long as the party offering the expert's opinion timely discloses the name and publisher of such programs, software, or instructions with sufficient specificity to allow the opposing side to locate and obtain a copy of, or license for, the same.

5. Documents that are publicly available need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document.

6. Documents that have previously been produced during discovery in this Action need not be produced if they are identified by Bates number.

7. Transcripts of depositions taken in this Action need not be produced if the party identifies in writing the deponent names and dates for transcripts, and the exhibit numbers of all exhibits from such deposition upon which any expert is relying or is otherwise referenced in an expert's report or declaration.

8. All information, communications, or documents upon which the expert relies as a basis for their opinion are discoverable.

9. Nothing herein shall be construed to prevent questions relating to the substance of the expert witness's opinion(s) (including alternative theories, methodologies, variables, or assumptions that the expert witness may not have relied upon in formulating his or her opinions).

10. No subpoena for deposition or documents need be served on any expert witness.

### B. Expert Materials Not Requiring Disclosure

Notwithstanding the foregoing, the following types of information shall *not* be the subject of any form of discovery (including by deposition):

1. the content or fact of communications, written or otherwise exchanged, recounted, or memorialized among and between: (i) counsel and the expert witness and/or the expert witness's staff and/or supporting firms; (ii) counsel and any non-testifying expert and/or consultant and/or their staff and/or supporting firms; (iii) the expert witness, other experts, and/or non-testifying experts and/or consultants; (iv) expert witnesses and their staff and/or supporting firms; (v) non-testifying experts and/or consultants and their staff and/or supporting firms; (vi) the respective staffs and/or supporting firms of expert witnesses or non-testifying experts and/or consultants and the staffs and/or supporting firms of other experts or non-testifying experts and/or consultants; and (vii) non-testifying experts and/or consultants and industry contacts; provided, however, that this provision shall not bar discovery of such communications to the extent that a testifying expert has relied on any of the foregoing categories of communications as a basis for his or her opinions;

2. notes, drafts, written communications, or other records of preliminary or intermediate, work prepared or created by, for, or at the direction of expert witnesses, non-testifying experts, and/or consultants;

3. drafts of: expert reports, affidavits, declarations, or other expert materials, including, without limitation, draft studies, analyses, calculations, modeling, data runs, opinions,

or written expert testimony; draft expert work papers prepared in connection with the litigation; or other preliminary expert opinions or any communication between an expert and their staff, assistants, or agents and any other expert retained by the party, including their staff, assistants, or agents; draft materials prepared by, for, or at the direction of an expert witness; and

    4.    budgets, invoices, bills, receipts, or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. However, the hourly rates, and the total amount of compensation, earned by and/or paid to any testifying expert and any other person or entity that has a professional affiliation and/or financial agreement with the testifying expert for work or analysis performed in connection with any matter related to the above-captioned case and/or any other claim and/or investigation relating to claims of collusion in the market for farm-raised salmon shall be disclosed to all counsel at, or in advance of, any testimony offered in this case, whether at deposition, hearing, or trial.

    **IT IS SO STIPULATED.**

    **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this ____ day of August 2021.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT COURT JUDGE