EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-21551-CIV-ALTONAGA/Louis**

In re:

**FARM-RAISED SALMON AND**
**SALMON PRODUCTS ANTITRUST LITIGATION**
_____/

## SETTLEMENT AGREEMENT BETWEEN ALL DEFENDANTS AND THE DIRECT PURCHASER PLAINTIFFS

THIS SETTLEMENT AGREEMENT ("Settlement Agreement"), dated May 25, 2022 ("Execution Date"), is made and entered into by and among Defendants Mowi ASA (f/k/a Marine Harvest ASA); Mowi USA, LLC (f/k/a Marine Harvest USA, LLC); Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.); Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine LLC); Grieg Seafood ASA; Grieg Seafood BC Ltd.; Grieg Seafood North America Inc. (f/k/a Ocean Quality North America Inc.); Grieg Seafood USA, Inc. (f/k/a Ocean Quality USA Inc.); Grieg Seafood Premium Brands, Inc. (f/k/a Ocean Quality Premium Brands, Inc.); Sjór AS sued as Ocean Quality AS; SalMar ASA; Lerøy Seafood AS; Lerøy Seafood USA Inc.; Cermaq Group AS; Cermaq US LLC; Cermaq Canada Ltd.; and Cermaq Norway AS; and Direct Purchaser Plaintiffs Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corp.; and The Fishing Line LLC (collectively,  the "Direct Purchaser Plaintiffs"), both individually and as representatives of the Settlement Class defined herein.

WHEREAS, in the instant class action *In Re Farm-Raised Salmon and Salmon Products Antitrust Litigation*, No. 19-21551-CIV-ALTONAGA/Louis, currently pending before the Honorable Cecilia Altonaga in the United States District Court for the Southern District of Florida, Direct Purchaser Plaintiffs have alleged that Defendants violated Sections 1 and 3 of the Sherman Antitrust Act (15 U.S.C. §§ 1, 3);

1

WHEREAS, Defendants deny each and all of the Claims and allegations of wrongdoing in the Litigation and all charges of wrongdoing or liability against them arising out of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation and have asserted a number of defenses to Direct Purchaser Plaintiffs' Claims;

WHEREAS, Class Counsel, who represent the Direct Purchaser Plaintiffs, have concluded, after an investigation into the facts and the law, and after carefully considering the circumstances of Claims made by Direct Purchaser Plaintiffs on behalf of themselves and the Settlement Class, and the possible legal and factual defenses thereto, that it is in the best interests of Direct Purchaser Plaintiffs and the Settlement Class to enter into this Settlement Agreement with Defendants to avoid the uncertainties and risks of further litigation, and that the settlement set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class;

WHEREAS, Defendants, while denying that they have any liability for the Claims and believing that they have strong defenses to the Claims alleged, recognize that continued litigation of the Claims is likely to be expensive, time consuming, and distracting, have thus agreed to enter into this Settlement Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby put to rest with finality this controversy by obtaining complete dismissal of the Litigation and a release by the Settlement Class Members of all Released Claims; and

WHEREAS, Class Counsel and Defendants have engaged in arm's-length settlement negotiations, assisted by a neutral mediator (United States Magistrate Judge Edward Infante (Ret.)), and have reached this Settlement Agreement, which, subject to the approval of the Court, embodies all of the terms and conditions of the settlement between Direct Purchaser Plaintiffs, both for themselves individually and on behalf of the Settlement Class and each member thereof, and Defendants.

NOW, THEREFORE, in consideration of the promises, covenants, agreements, and releases set forth herein and for other good and valuable consideration, and incorporating the above recitals herein, subject to the approval of the Court, it is agreed by the undersigned, on behalf of

2

the Defendants and the Direct Purchaser Plaintiffs, on behalf of themselves and the Settlement Class Members, that all existing and potential Claims that were raised or could have been raised in this Litigation arising from the conduct alleged in the Complaint as defined herein, be settled, compromised, and dismissed with prejudice as to the Defendants and the other Released Parties, and, except as hereinafter provided, without costs as to Direct Purchaser Plaintiffs, the Settlement Class Members, or Defendants, on the following terms and conditions.

      1.    <u>General Definitions</u>. The terms below and elsewhere in this Settlement Agreement with initial capital letters shall have the meanings ascribed to them for purposes of this Settlement Agreement.

      a.    "Affiliates" with respect to a company, means all other entities which, whether directly or indirectly, (1) are controlled by that company, (2) are under common control with that company, or (3) control that company. The term "control" as used in this definition means the power to individually or jointly with another entity direct or cause the direction of the management and the policies of an entity, whether through the ownership of a majority of the outstanding voting rights or otherwise.

      b.    "Claims" shall mean any and all actions, claims, rights, demands, assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries, attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies, whether equitable or legal.

      c.    "Class Counsel" means Hausfeld LLP and Podhurst Orseck P.A.

      d.    "Complaint" means the Direct Purchaser Plaintiffs' Third Consolidated Amended Class Action Complaint filed in the Litigation on October 28, 2021 [ECF No. 447].

      e.    "Court" means the United States District Court for the Southern District of Florida.

      f.    "Defendants" refers to: Mowi ASA (f/k/a Marine Harvest ASA); Mowi USA, LLC (f/k/a Marine Harvest USA, LLC); Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.); Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine

LLC) (collectively, "Mowi"); Grieg Seafood ASA; Grieg Seafood BC Ltd.; Grieg Seafood North America Inc. (f/k/a Ocean Quality North America Inc.); Grieg Seafood USA, Inc. (f/k/a Ocean Quality USA Inc.); and Grieg Seafood Premium Brands, Inc. (f/k/a Ocean Quality Premium Brands, Inc.) (collectively, "Grieg"); Sjór AS sued as Ocean Quality AS ("Sjór"); SalMar ASA ("SalMar"); Lerøy Seafood AS; Lerøy Seafood USA Inc. (collectively, "Lerøy"); and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS (collectively, "Cermaq").

g. "Defense Counsel" means the law firms of Mayer Brown LLP, Toth Funes, P.A., Freshfields Bruckhaus Deringer US LLP, Bowman and Brooke, LLP, Cleary Gottlieb Steen & Hamilton LLP, Akerman LLP, Skadden, Arps, Slate, Meagher & Flom LLP, Homer Bonner Jacobs Ortiz, P.A., Quinn Emanuel Urquhart & Sullivan, LLP, Leon Cosgrove, LLP, and Robins Kaplan LLP.

h. "Direct Purchaser Plaintiffs" means the named class representatives Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corp.; and The Fishing Line LLC.

i. "Effective Date" means the earliest date on which all of the events and conditions specified in Paragraph 15 herein have occurred or have been met.

j. "Escrow Account" means the account or accounts meeting the requirements of Treas. Reg. § 1.468B-1(c)(3) to be established by Class Counsel for receipt of the Settlement Amount.

k. "Execution Date" means the date on which all Parties have signed this Settlement Agreement.

l. "Final Approval" means an order and Judgment by the Court that finally approves this Settlement Agreement and the settlement pursuant to Federal Rule of Civil Procedure 23 and dismisses the Litigation with prejudice, which is to be consistent

4

in all material respects to the proposed order shared with Defendants pursuant to Paragraph 9.

m.  "Judgment" means the final order of judgment described in Paragraph 9 herein.

n.  "Litigation" means the litigation captioned *In Re Farm-Raised Salmon and Salmon Products Antitrust Litigation*, No. 19-21551-CIV-ALTONAGA/Louis, currently pending before the Honorable Cecilia Altonaga in the United States District Court for the Southern District of Florida and includes all related direct purchaser actions filed in or transferred to the United States District Court for the Southern District of Florida and consolidated thereunder and all such actions that may be so consolidated in the future.

o.  "Parties" means Direct Purchaser Plaintiffs, Settlement Class Members, and Defendants.

p.  "Person(s)" means an individual or an entity.

q.  "Preliminary Approval" means an order by the Court that is in all material respects consistent with the proposed order shared with Defendants pursuant to Paragraph 5, and which preliminarily approves the settlement set forth in this Settlement Agreement, certifies the proposed Settlement Class for purposes of settlement only, and directs notice thereof to the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

r.  "Released Claims" shall mean all manner of Claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including without limitation costs, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that any of the Releasing Parties, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, related to or arising from conduct alleged in the Complaint or which could have been asserted

5

in the Litigation against the Released Parties, or any one of them, prior to the Effective Date, on account of, arising out of, resulting from, or related to in any respect the purchase, sale, pricing, discounting, manufacturing, offering, or distributing of farm-raised Atlantic salmon or products derived therefrom in the United States, including, without limitation, Claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including without limitation the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. However, the Released Claims do not include the following Claims: (a) Claims based on negligence, personal injury, bailment, failure to deliver lost goods, damaged or delayed goods, product defects, breach of product warranty, or breach of contract; (b) Claims based upon a Releasing Party's purchase(s) of farm-raised Atlantic salmon from the Released Parties (or any one of them) occurring outside the United States or its territories for use or consumption outside of the United States or its territories; or (c) Claims brought under any state law for indirect purchases of farm-raised Atlantic Salmon, including, but not limited to, the Claims brought by the indirect purchasers in *Wood Mountain Fish LLC., et. al. v. Mowi ASA, et. al.*, 19-cv-22128 (S.D. Fla.), and any related indirect purchaser cases consolidated thereunder. This reservation of Claims does not impair or diminish the right of the Released Parties to assert any and all defenses to such Claims.

s.   "Released Parties" means, jointly and severally, individually and collectively: Defendants, including their respective predecessors, successors, present, past and future officers, directors, executives, employees, managing directors, agents, contractors, attorneys, legal or other representatives, parents (direct and indirect, including holding companies), divisions, subsidiaries, and Affiliates.

t.   "Releasing Parties" means, jointly and severally, and individually and collectively: Direct Purchaser Plaintiffs and all Settlement Class Members, their predecessors,

successors, present and former parents, subsidiaries, divisions, Affiliates, and departments, each of their respective past and present officers, directors, employees, agents, attorneys, servants, and representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, regardless of whether a Settlement Class Member submits any claim for payment or receives any such payment pursuant to any claims process that may be established and approved by the Court.

u. "Settlement Administrator" means the firm retained to disseminate the Settlement Class notice and to administer the payment of Settlement Funds to the Settlement Class, subject to approval of the Court.

v. "Settlement Amount" means the sum of USD $85,000,000.00 (eighty-five million United States Dollars).

w. "Settlement Class" has the meaning given to it in Paragraph 6.

x. "Settlement Class Member(s)" means each Person that is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself from the Settlement Class in accordance with the procedures established by the Court.

y. "Settlement Class Period" means the period between April 10, 2013 until the date of Preliminary Approval.

z. "Settlement Fund" means the dollar amount of the Settlement Amount plus any interest, income, or proceeds earned thereon after payment thereof by Defendants into the Escrow Account.

2. <u>Settlement Consideration</u>.

a. The Settlement Amount represents an all-in cash settlement amount, inclusive of class recovery amounts, any named plaintiff incentive awards, fees (attorneys' fees and other fees), and costs (including class notice costs). The Settlement Amount represents the full amount to be paid by Defendants pursuant to this Agreement,

and Defendants shall not be required to make any other payments for any other reason pursuant to this Agreement.

b.  Within ten (10) calendar days of the Court's grant of Preliminary Approval, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account.  In the event that the foregoing date falls on a Saturday, Sunday, or U.S. or Norwegian bank holiday, the payment will be made on the next business day. The payment shall be made by wire transfer in immediately available funds.

c.  Subject to the Court's approval, settlement funds may be disbursed only upon the Judgment becoming final and non-appealable, in accordance with the Court's Final Approval Order, except that Class Counsel may pay from the Settlement Fund, without further approval from Defendants or the Court, the costs and expenses reasonably and actually incurred up to the sum of USD $150,000 in connection with providing notice and the administration of the settlement after Preliminary Approval. Additional sums, to the extent required for notice and administration, shall not be withdrawn from the Escrow Account without prior approval of the Court, on good cause shown.

d.  After all costs (including notice costs), attorneys' fees, and any other expenses have been paid from the Settlement Fund, remaining funds shall be distributed to Settlement Class Members in accordance with this Settlement Agreement. If, following further distribution, the remaining funds become *de minimis* in Class Counsel's reasonable judgment, such residual funds shall be made the subject of an application to the Court by Direct Purchaser Plaintiffs for *cy pres* distribution.

3.  The Parties' Efforts to Effectuate This Settlement Agreement. Class Counsel agree to recommend approval of the settlement by the Court and by the Settlement Class Members. Class Counsel, Direct Purchaser Plaintiffs, and Defense Counsel agree to cooperate in good faith and use their best efforts to carry out the terms of this Settlement Agreement and to

obtain the Court's Preliminary Approval and Final Approval of this Settlement Agreement and the settlement contemplated hereby.

4. <u>Litigation Standstill</u>. The Parties, through their respective counsel, shall cease all litigation activities against each other related to the Litigation unless and until (a) the Court denies Preliminary Approval or Final Approval of this Settlement Agreement, or (b) the Settlement Agreement is terminated in accordance with Paragraph 19.

5. <u>Motion for Preliminary Approval</u>. Within five (5) days of the Execution Date, Direct Purchaser Plaintiffs will move the Court for preliminary approval of this settlement and a stay of all proceedings in the Litigation pending final resolution of the settlement ("Preliminary Approval Motion"). No later than three (3) business days prior to filing, Class Counsel shall provide the Preliminary Approval Motion and all supporting materials, including a proposed order, to Defendants for their review. To the extent that Defendants object to any aspect of the Preliminary Approval Motion, they shall communicate such objection to Class Counsel, and the Parties shall meet and confer to resolve any such objection.  In the event that the Parties are unable to reach agreement as to the Preliminary Approval Motion and/or the supporting materials, each Party reserves its right to make such additional filings as it may deem necessary, subject to the limitations of this Settlement Agreement, in further support of the Preliminary Approval Motion.

6. <u>Certification of a Settlement Class</u>. As part of the Preliminary Approval Motion, the Direct Purchaser Plaintiffs shall seek, and Defendants shall take no position with respect to, (a) appointment of Class Counsel as settlement class counsel for purposes of this Settlement, and (b) certification of the following "Settlement Class" for settlement purposes only:

> All persons and entities in the United States, their territories, and the District of Columbia who purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more Defendants from April 10, 2013 until the date of Preliminary Approval. Excluded from the Settlement Class are the Court and its personnel and any Defendants and their parent, subsidiary, or affiliated companies.

9

7.  <u>Settlement Class Notices</u>. Within five (5) days of the date of Preliminary Approval, Defendants shall notify Class Counsel of any new direct purchasers falling into the above-defined Settlement Class since the last date from which Defendants produced transactional data to Class Counsel, so that notice of this settlement can be provided to these potential members of the Settlement Class. After Preliminary Approval, and subject to approval by the Court of the means for dissemination:

   a.  To the extent reasonably practicable, individual notice of this settlement shall be mailed or otherwise directly sent by the Settlement Administrator, at the direction of Class Counsel, to potential members of the Settlement Class, in conformance with a notice plan to be approved by the Court. The Settlement Administrator shall be selected by Class Counsel for approval by the Court.

   b.  Neither the Settlement Class, Class Counsel, Defendants, nor Defense Counsel shall have any responsibility, financial obligation, or liability for any fees, costs, or expenses related to providing notice to the Settlement Class or obtaining approval of the settlement or administering the settlement. Such fees, costs, or expenses shall be paid solely from the Settlement Fund and in accordance with this Settlement Agreement, subject to any necessary Court approval, to pay the costs for notice and administration in conjunction with Preliminary Approval and Final Approval of this Settlement Agreement.

   c.  Any costs of notice and administration that Class Counsel are permitted to withdraw from the Settlement Fund, either pursuant to this Settlement Agreement or order of the Court, shall be nonrefundable if, for any reason, the Settlement Agreement is terminated according to its terms or is not finally approved by the Court.

8.  <u>Requests for Exclusion</u>. Any Person who wishes to seek exclusion from the Settlement Class must timely submit a written request for exclusion as provided in this Paragraph ("Request for Exclusion"). Any Person who timely submits a Request for Exclusion (an

"Opt Out") shall be excluded from the Settlement Class, shall have no rights with respect to the settlement or this Settlement Agreement, and shall receive no benefits as provided in this Settlement Agreement.

a. Unless otherwise ordered by the Court, a Request for Exclusion must be in writing, which shall: (a) state the name, address, and telephone number of the Person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) contain a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, No. 19-21551-cv-ALTONAGA/Louis (S.D. Fla.)"; (c) provide documents sufficient to prove membership in the Settlement Class; and (d) be signed by such Person requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative. The name of the Person(s) seeking exclusion shall be as specific as possible, including any "formerly known as" names, "doing business as" names, etc. Only the specific Person(s) identified may be excluded from the settlement. A Request for Exclusion that does not include all of the foregoing information, that does not contain a proper signature, that is sent to an address other than the one designated in the notice to Settlement Class Members, or that is not sent within the time specified in the notice, shall be invalid, and the Person serving such an invalid request shall remain a Settlement Class Member and shall be bound by this Settlement Agreement, if approved.

b. Class Counsel shall promptly forward to Defense Counsel complete copies of all requests for exclusion as they are received.  To the extent a claims administrator is retained to administer any distribution of the Settlement Fund, Class Counsel are responsible for promptly providing such claims administrator with copies of any requests for exclusion received pursuant to this Paragraph.  Further, Class Counsel

11

shall, within five (5) business days after the Court-ordered deadline for timely requests for exclusion from the Settlement Class, cause to be provided to Defense Counsel a list of Opt-Outs who have timely excluded themselves from the Settlement Class. With respect to any potential member of the Settlement Class who validly requests exclusion from the Settlement Class, Defendants reserve all of their respective legal rights and defenses, including but not limited to any defenses relating to whether the excluded individual or entity is a direct purchaser of farm-raised Atlantic salmon and/or has standing to bring any claim against the Defendants or any of them.

9.  <u>Motion for Final Approval and Entry of Final Judgment</u>. If the Court grants Preliminary Approval, then the Direct Purchaser Plaintiffs, through Class Counsel, and in accordance with the schedule set forth in the Court's Preliminary Approval, shall submit to the Court a separate motion for final approval of this settlement ("Final Approval Motion"). No later than five (5) business days prior to filing the Final Approval Motion, Class Counsel shall provide the Final Approval Motion and all supporting materials to Defendants for their review. To the extent that Defendants object to any aspect of the Final Approval Motion, they shall communicate such objection to Class Counsel and the parties shall meet and confer to resolve any such objection. In the event that the Parties are unable to reach agreement as to the contents of the Final Approval Motion and/or the supporting materials, each Party reserves its right to make such additional filings as it may deem necessary, subject to the limitations of this Settlement Agreement, in further support of the Final Approval Motion. The Final Approval Motion shall seek entry of an order and final Judgment:

    a.  certifying as a settlement class, pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for purposes of this settlement the Settlement Class described in Paragraph 6;

b. fully and finally approving the settlement contemplated by this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement for the Settlement Class within the meaning of Federal Rule of Civil Procedure 23, and directing the implementation, performance, and consummation of this Settlement Agreement pursuant to its terms and conditions;

c. determining that the Settlement Class notice constituted the best notice practicable under the circumstances of the settlement and the fairness hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

d. dismissing the Litigation with prejudice as to the Defendants; such dismissal shall not affect, in any way, the right of the Direct Purchaser Plaintiffs and Settlement Class Members to pursue claims, if any, outside the scope of the Released Claims;

e. discharging and releasing the Released Parties from all Released Claims;

f. reserving continuing and exclusive jurisdiction over the Settlement Agreement for all purposes; and

g. determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and reciting that the judgment of dismissal of the Litigation as to all Defendants shall be final and appealable.

10. Objections to the Settlement. Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement set forth in this Settlement Agreement may appear in person or through counsel, at that Person's own expense, at the fairness hearing to present any evidence or argument that the Court deems proper and relevant. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class, including documentation evidencing Direct purchases of salmon and/or salmon products from one or

more Defendants during the Settlement Class Period; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such a written objection must be mailed to Class Counsel at the addresses provided in the Settlement Class notice and postmarked no later than thirty (30) days prior to the date set for the fairness hearing. As soon as practicable, Class Counsel shall cause all written objections to be filed with the Court. Any Person that fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Litigation, unless otherwise excused for good cause shown, as determined by the Court.

11. <u>Escrow Account</u>.

    a. The Escrow Account shall be administered by Class Counsel for the Direct Purchaser Plaintiffs and Settlement Class under the Court's continuing supervision and control pursuant to the escrow agreement between Class Counsel and their chosen escrow agent.

    b. The funds deposited in the Escrow Account may be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested substantially in such instruments; *provided, however*, that such portions of the Settlement Fund as may reasonably be needed to pay current expenses associated with providing notice to the Settlement Class pursuant to Paragraph 2.c. hereof, and any other amounts approved by the Court following Final Approval, may be deposited in a federally insured bank account. Any interest or other income or proceeds earned on any of the foregoing shall be reinvested as they mature in similar instruments at their then-current market rates. Any interest, income, or proceeds earned on any of the foregoing shall become part of the Settlement Fund. Defendants shall have no responsibility for, or liability in connection with, the

Settlement Fund, including, without limitation, the investment, administration, maintenance, or distribution thereof.

    c.   All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s) of the Court.

12.   <u>Qualified Settlement Fund</u>. The Parties agree to treat the Settlement Fund as being at all times a Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1, and to that end, the Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. In addition, Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.  All provisions of this Settlement Agreement shall be interpreted in a manner that is consistent with the Settlement Funds being a "Qualified Settlement Fund" within the meaning of Treas. Reg. § 1.4688-1.  For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be Class Counsel.  Class Counsel or other Person designated by Class Counsel, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k), (1)).  Such returns shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, whether or not Final Approval has occurred. The escrow agent shall be obligated (notwithstanding anything herein to the

contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1 .468B-2(1)(2)).  In the event federal or state income tax liability is finally assessed against and paid by any Defendant as a result of any income earned on the funds in the Escrow Account, such Defendant shall be entitled to reimbursement of such payment from the funds in the Escrow Account after approval of the Court and whether or not Final Approval has occurred.  Defendants will use reasonable efforts to resist any such assessment or payment.  Except as set forth in this Paragraph, neither Defendants nor any Released Party shall have any responsibility to make any tax filings related to the Settlement Fund or to pay any taxes with respect thereto.

13. <u>Distribution of Settlement Fund to Settlement Class</u>. Settlement Class Members shall be entitled to look solely to the Settlement Fund for settlement and satisfaction against the Released Parties for the Released Claims and shall not be entitled to any other payment or relief from the Released Parties. Except as provided by order of the Court, no member of the Settlement Class shall have any interest in the Settlement Fund or any portion thereof. Direct Purchaser Plaintiffs, members of the Settlement Class, and their counsel will be reimbursed and indemnified solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and expenses and the costs of notice and administration of the Settlement Agreement to potential members of the Settlement Class. Defendants and the other Released Parties shall not be liable for any costs, fees, or expenses of any of the Direct Purchaser Plaintiffs' and Class Counsel's attorneys, experts, advisors, or representatives, but all such costs and expenses as approved by the Court shall be paid out of the Settlement Fund.

14. <u>Fee Awards, Costs and Expenses, and Service Payments to Direct Purchaser Plaintiffs</u>.

    a.   Class Counsel may apply to the Court for a fee award, plus expenses and costs actually incurred, to be paid from the proceeds of the Settlement Fund. Defendants

will take no position as to Class Counsel's request for attorneys' fees, which will not exceed 30% of the Settlement Fund.

b.   Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award in accordance with the Court's Final Approval Order.

c.   Neither Defendants nor any other of the Released Parties shall have any responsibility for, or interest in, or liability whatsoever with respect to allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any fee and expense award that the Court may make in the Litigation.

d.   There shall be no payment of any fee and expense award, or any other awards the Court may make, out of the Settlement Fund until the Effective Date has occurred.

e.   Current law in the Eleventh Circuit prohibits incentive awards to class representatives in class action settlements, *see Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020), but an *en banc* review of the *Johnson* case is pending. If the *Johnson* decision is vacated or the Eleventh Circuit or Supreme Court rules that incentive awards are permissible, Class Counsel may petition the Court for incentive awards for the named Plaintiffs. Any incentive awards made by the Court shall be paid solely and exclusively from the Settlement Fund. Alternatively, Class Counsel reserves the right to seek repayment of actually incurred costs and expenses for the named Plaintiffs from the Settlement Fund.

f.   Within ten (10) days after the Effective Date, the escrow agent shall pay any approved attorneys' fees, expenses, class representative service awards (if permissible) and/or repayment of the class representatives' costs, time, and expenses via wire transfer from the Settlement Fund as directed by Class Counsel in accordance with and attaching the Court's order approving such payments.

15.   Effective Date of the Settlement. This Settlement Agreement shall become final and effective on the earliest date on which all of the following events and conditions have occurred or have been met ("Effective Date"): (a) this settlement has been approved in all

17

respects by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure; (b) the Court has entered the Judgment; and (c) the time for appeal or to seek permission to appeal from the Court's approval of the Settlement Agreement and entry of the Judgment has expired or, if appealed, approval of this Settlement Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. Neither the provisions of Federal Rule of Civil Procedure 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

16. <u>Release</u>.

   a. Upon the Effective Date, and in addition to the effect of any Judgment entered in accordance with this Settlement Agreement, Releasing Parties shall be deemed to have released and forever discharged the Released Parties from the Released Claims and the Litigation will be dismissed with prejudice as to Defendants.

   b. Upon the Effective Date, the Releasing Parties covenant and agree that they, and each of them, will forever refrain from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any suit or action, or collecting from, seeking to recover from, or proceeding against the Released Parties on behalf of themselves individually or collectively in connection with any of the Released Claims.  Direct Purchaser Plaintiffs and Class Counsel acknowledge that Defendants consider it to be a material term of this Settlement Agreement that all Releasing Parties will be bound by the provisions of this Paragraph 16.

   c. During the period after the expiration of the deadline for submitting a request for exclusion pursuant to Paragraph 8, as determined by the Court, and prior to the Effective Date, all Releasing Parties who have not submitted a valid request to be excluded from the Settlement Class shall be preliminarily enjoined and barred from asserting any Released Claims against the Released Parties.

17. <u>Further Release</u>. Each Releasing Party further expressly agrees that, upon the Effective Date, it will waive and release with respect to the Released Claims that such Releasing Party has released pursuant to Paragraph 16 hereof any and all provisions, rights, and benefits conferred either (a) by § 1542 of the California Civil Code, which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

(b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code, or (c) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth in Paragraph 16 hereof.  Each Releasing Party may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims that such Releasing Party has released pursuant to Paragraph 16 hereof, but each such individual or entity hereby expressly agrees that, upon the Effective Date, it shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the Released Claims that such Releasing Party has released pursuant to Paragraph 16 hereof, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  The release of unknown, unanticipated, and unsuspected losses or claims is contractual, and not a mere recital.

18. <u>No Admission</u>. Whether or not this Settlement Agreement becomes final or is terminated pursuant its terms, the Parties expressly agree that this Settlement Agreement and its contents, including without limitation its exhibits and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an

admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaints in the Litigation or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Litigation or in any other action or proceeding.  This Settlement Agreement shall not be construed as an admission of liability or wrongdoing, or used as evidence of liability, for any purpose in any legal proceeding, claim, regulatory proceeding, or government investigation.

19. Option to Terminate. Defendants, in their sole collective discretion, may terminate the Settlement Agreement if the percentage of qualifying commerce of the Settlement Class Members who timely opt out of the settlement equals or exceeds the percentage specified in the separate document executed concurrently with the Settlement Agreement by Defense Counsel and Class Counsel. The number or percentage will be confidential except to the Court, which upon request will be provided a copy of the document for *in camera* review. The Parties will not, directly or indirectly, encourage or cause any Person to opt out of the Settlement Class.

20. Class Action Fairness Act. Within ten (10) days of filing of this Settlement Agreement in Court with the above-mentioned motion for Preliminary Approval, Defendants, at their sole expense, shall submit all materials required to be sent to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and shall confirm to Class Counsel that such notices have been sent.

21. Binding Effect. This Settlement Agreement constitutes a binding, enforceable agreement as to the terms contained herein. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, and heirs of the Parties, Settlement Class, the Releasing Parties, and the Released Parties. Without limiting the generality of the foregoing, upon Final Approval, each and every covenant and agreement herein by the Direct Purchaser Plaintiffs shall be binding upon all members and potential members of

the Settlement Class and Releasing Parties who have not validly excluded themselves from the Settlement Class.

22. <u>Sole Remedy</u>. This Settlement Agreement shall provide the sole and exclusive remedy for any and all Released Claims against any Released Party, and upon the Effective Date, the Releasing Parties shall be forever barred from initiating, asserting, maintaining, or prosecuting any and all Released Claims against any Released Party.

23. <u>Costs</u>. Except as otherwise provided herein, Direct Purchaser Plaintiffs and Defendants shall each be responsible for bearing their own costs and fees incurred in this Litigation.

24. <u>Effect of Disapproval or Rescission</u>. If the settlement contemplated by this Settlement Agreement does not receive final Court approval and the Judgment is not entered, if such final approval and/or Judgment is modified or set aside on appeal, if the Settlement Class is not certified for settlement purposes, or if this Settlement Agreement is terminated or voided for any reason, then all amounts paid by Defendants into the Settlement Fund (other than costs that may already have reasonably been incurred or expended in accordance with this Settlement Agreement, such as notice and administration) shall be returned to Defendants from the Escrow Account along with any interest, income, or proceeds consolidated therewith, within ten (10) business days after such order becomes final and non-appealable.

25. <u>Notices</u>. All notices under this Settlement Agreement shall be in writing. Each such notice shall be given either by: (a) hand delivery; (b) registered or certified mail, return receipt requested, postage pre-paid; or (c) Federal Express or similar overnight courier, and, in the case of either (a), (b), or (c), shall be addressed:

If directed to direct purchaser plaintiffs, the Settlement Class, or any Settlement Class Member, to:

Peter Prieto
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Ave, Suite 2300

Miami, FL 33131
pprieto@podhurst.com

Christopher L. Lebsock
HAUSFELD LLP
600 Montgomery St. #3200
San Francisco, CA 94111
clebsock@hausfeld.com

If directed to Defendants to:

*For Cermaq*

Britt M. Miller
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606
bmiller@mayerbrown.com

*For Grieg*

Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
eric.mahr@freshfields.com

*For Lerøy*

D. Bruce Hoffman
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue NW
Washington, D.C. 20037
bhoffman@cgsh.com

*For Mowi*

Matthew M. Martino
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
matthew.martino@skadden.com

*For SalMar*

Stephen Neuwirth
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
stephenneuwirth@quinnemanuel.com

*For Sjór*

Ryan W. Marth
ROBINS KAPLAN LLP
800 LaSalle Ave, Suite 2800
Minneapolis, MN 55402
rmarth@robinskaplan.com

or such other address as the Parties may designate, from time to time, by giving notice to all parties hereto in the manner described in this Paragraph.  Providing a copy by email shall only be in addition to, and not a substitute for, the formal notice mechanisms provided for in (a), (b), or (c) of this Paragraph.

26. Express Authority. Each counsel signing this Settlement Agreement on behalf of a Party or Parties has full and express authority to enter into all of the terms reflected herein on behalf of each and every one of the clients for which counsel is signing.

27. Board Approval. All Defendants expressly represent that they have obtained all required approvals from their Boards of Directors for this Settlement Agreement.

28. Confidentiality of Settlement Negotiations.  Class Counsel and Defense Counsel shall keep strictly confidential and not disclose to any third party any non-public information regarding the parties' negotiation of this settlement and/or this Settlement Agreement except for disclosure made with the prior consent of the other Parties.  For the sake of clarity, information contained within this Settlement Agreement shall be considered public after the Settlement Agreement has been filed with the Court in connection with the Preliminary Approval Motion.

29. Voluntary Settlement. The Parties agree that this Settlement Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after

23

consultation with competent counsel and the participation of a neutral mediator, and no Party has entered this Settlement Agreement as the result of any coercion or duress. The Settlement Class Members and Class Counsel, or any of them, may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Litigation, but the subsequent discovery or existence of such different or additional facts shall have no bearing on the validity of this Settlement Agreement once executed and shall not serve as a basis for any Party to challenge or otherwise seek to rescind, terminate, or cancel the settlement.

30. <u>Modification/Waiver</u>. This Settlement Agreement may be modified or amended only by a writing executed by the Parties, subject (if after preliminary or final approval by any court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

31. <u>No Drafter</u>. None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any of its provisions hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafters of this Settlement Agreement.

32. <u>No Third-Party Beneficiaries</u>. No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Released Party, Direct Purchaser Plaintiff, member of the Settlement Class, or Class Counsel.

33. <u>Choice of Law and Dispute Resolution</u>. All terms of this Settlement Agreement shall be governed by, and interpreted according to, federal substantive and procedural law. Any disputes concerning matters contained in this Settlement Agreement, if they cannot be resolved by negotiation and agreement, shall be submitted, in the first instance, for

mediation before Judge Edward Infante (Ret.) in his capacity as mediator, and if not then resolved, shall be submitted to the Court.

34. <u>Consent to Jurisdiction</u>. The Parties and any Releasing Parties hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.

35. <u>Execution in Counterparts</u>. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute a single agreement. Facsimile or Portable Document Format signatures shall be considered as valid signatures for purposes of execution of this Settlement Agreement, but original signature pages shall thereafter be collated for filing of this Settlement Agreement with the Court.

36. <u>Integrated Agreement</u>. This Settlement Agreement comprises the entire, complete, and integrated agreement between the Parties, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations, and discussions, either oral or written, between the Parties. The Parties agree that this Settlement Agreement may be modified only by a written instrument signed by the Parties and that no Party will assert any Claim against another based on any alleged agreement affecting or relating to the terms of this Settlement Agreement not in writing and signed by the Parties.


[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, enter into this Settlement Agreement on the date first above written.

Dated: May 25, 2022

**PODHURST ORSECK, P.A.**

Peter Prieto, FBN 501492
John Gravante, III, FBN 617113
Matthew P. Weinshall, FBN 84783
Alissa Del Riego, FBN 99742
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
(305) 358-2800
pprieto@podhurst.com
jgravante@podhurst.com
mweinshall@podhurst.com
adelriego@podhurst.com

Dated: May __, 2022

**HAUSFELD LLP**

Michael P. Lehmann
Christopher L. Lebsock
Samantha J. Stein
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
mlehmann@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

Reena A. Gambhir
Timothy S. Kearns
Jane Shin
888 16th Street, N.W., Suite 300
Washington D.C. 20006
(202) 540-7200
rgambhir@hausfeld.com
tkearns@hausfeld.com
jshin@hausfeld.com

*Interim Class Counsel for Direct Purchaser Plaintiff Class*

IN WITNESS WHEREOF, the Parties, individually or through their duly authorized representatives, enter into this Settlement Agreement on the date first above written.

Dated:  May __, 2022

**PODHURST ORSECK, P.A.**

_____

Peter Prieto, FBN 501492
John Gravante, III, FBN 617113
Matthew P. Weinshall, FBN 84783
Alissa Del Riego, FBN 99742
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
(305) 358-2800
pprieto@podhurst.com
jgravante@podhurst.com
mweinshall@podhurst.com
adelriego@podhurst.com

Dated:  May _25_, 2022

**HAUSFELD LLP**

_____

Michael P. Lehmann
Christopher L. Lebsock
Samantha J. Stein
600 Montgomery St. #3200
San Francisco, CA 94111
(415) 633-1908
mlehmann@hausfeld.com
clebsock@hausfeld.com
sstein@hausfeld.com

Reena A. Gambhir
Timothy S. Kearns
Jane Shin
888 16th Street, N.W., Suite 300
Washington D.C. 20006
(202) 540-7200
rgambhir@hausfeld.com
tkearns@hausfeld.com
jshin@hausfeld.com

*Interim Class Counsel for Direct Purchaser Plaintiff Class*

Dated:  May  25 , 2022

MAYER BROWN LLP

Britt M. Miller
Robert E. Entwisle
Daniel T. Fenske
Luiz Miranda, FBN 1003069
71 South Wacker Dr.
Chicago, IL 60606
(312) 782-0600
bmiller@mayerbrown.com
rentwisle@mayerbrown.com
dfenske@mayerbrown.com
lmiranda@mayerbrown.com

William Stallings
1999 K Street, N.W.
Washington, D.C. 20006-1101
(202) 263-3000
wstallings@mayerbrown.com

*Counsel for Cermaq US, LLC, Cermaq
Group AS, Cermaq Canada Ltd., and
Cermaq Norway AS*

Dated:  May 25, 2022

**FRESHFIELDS BRUCKHAUS
DERINGER US LLP**

Eric Mahr
Richard Snyder
Sara Salem
700 13th Street NW, 10th Floor
Washington, D.C. 20005
(202) 777-4500
eric.mahr@freshfields.com
richard.snyder@freshfields.com
sara.salem@freshfields.com

**TOTH FUNES, P.A**

Brian W. Toth
Ingraham Building
25 Southeast Second Avenue
Suite 805
Miami, Florida 33131
(305) 717-7852
btoth@tothfunes.com

*Counsel for Defendants Grieg Seafood ASA,
Grieg Seafood BC Ltd., Grieg Seafood
North America Inc. (f/k/a Ocean Quality
North America, Inc.), Grieg Seafood USA
Inc. (f/k/a Ocean Quality USA Inc.), and
Grieg Seafood Premium Brands, Inc. (f/k/a
Ocean Quality Premium Brands, Inc.)*

Dated:  May 25, 2022

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

D. Bruce Hoffman, FBN 958026
David I. Gelfand
Matthew Bachrack
Garrett Shinn
Hani Bashour
2112 Pennsylvania Avenue NW
Washington,  D.C. 20037
(202) 974-1500
bhoffman@cgsh.com
dgelfand@cgsh.com
mbachrack@cgsh.com
gshinn@cgsh.com
hbashour@cgsh.com

**BOWMAN AND BROOKE, LLP**
John C. Seipp, FBN 289264
Christine  L. Welstead, FBN 970956
Two Alhambra Plaza, Suite 800
Miami, Florida  33134
(305) 995-5600
john.seipp@bowmanandbrooke.com
christine.welstead@bowmanandbrooke.com

*Counsel for Defendants Lerøy Seafood AS and Lerøy Seafood USA Inc.*

29

Dated: May 25 2022

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

Matthew M. Martino
Karen Hoffman Lent
Matthew Lisagar
Danielle S. Menitove
One Manhattan West
New York, NY 10001
(212) 735-3000
matthew.martino@skadden.com
karen.lent@skadden.com
matthew.lisagar@skadden.com
danielle.menitove@skadden.com

**SIDLEY AUSTIN LLP**

Lawrence D. Silverman, FBN 7160
801 Brickell Avenue, Suite 800
Miami, Florida 33131
(214) 981-3300
lawrence.silverman@sidley.com

*Counsel for Defendants Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC)*

Dated:  May 25, 2022

**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**

_(signature)_

Stephen Neuwirth
Sami Rashid
Maxwell Meadows
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com
maxmeadows@quinnemanuel.com

Christopher Tayback
Will Sears
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000
christayback@quinnemanuel.com
willsears@quinnemanuel.com

**HOMER BONNER JACOBS**
**ORTIZ, P.A.**

Adam L. Schwartz, FBN 0103163
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
(305) 350-5100
aschwartz@homerbonner.com

_Counsel for Defendant SalMar ASA_

Dated:  May 25, 2022

**ROBINS KAPLAN LLP**

Stephen P. Safranski
Ryan W. Marth
Eric P. Barstad
800 LaSalle Ave, Suite 2800
Minneapolis, MN 55402
(612) 349-8500
ssafranski@robinskaplan.com
rmarth@robinskaplan.com
ebarstad@robinskaplan.com

**LEÓN COSGROVE, LLP**

Laurie Mathews, FBN 120618
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
(305) 740-1975
lmathews@leoncosgrove.com

*Counsel for Defendant Sjór AS sued as
Ocean Quality AS*