## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| IN RE: FARM-RAISED SALMON AND SALMON PRODUCTS ANTITRUST LITIGATION | **Master File No. 19-21551-CV-ALTONAGA**<br><br>**DECLARATION OF GINA M. INTREPIDO-BOWDEN REGARDING PROPOSED NOTICE PLAN FOR NOTICE OF SETTLEMENT** |

I, Gina M. Intrepido-Bowden, declare and state as follows:

1.      I am a Vice President at JND Legal Administration LLC ("JND").  I am a judicially recognized legal notice expert with more than 20 years of experience designing and implementing class action legal notice programs.  I have been involved in many of the largest and most complex class action notice programs, including all aspects of notice dissemination.  A comprehensive description of my experience is attached as Exhibit A.

2.      I submit this Declaration based on my personal knowledge, as well as upon information provided to me by experienced JND employees and Settlement Class Counsel to describe the proposed Notice Program and address why it is consistent with other class notice plans that courts have determined satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and any other applicable statute, law or rule, as well as the Federal Judicial Center ("FJC") guidelines for best practicable due process notice.

### JND's BACKGROUND AND EXPERIENCE

3.      JND is a legal administration services provider with headquarters located in Seattle, Washington.  We employ over 180 people in multiple offices throughout the

United States.   JND's class action division provides all services necessary for the effective implementation of class action settlements, including: (1) all facets of providing legal notice to potential class members, such as outbound mailing, email notification, and the design and implementation of media programs, including through digital and social media platforms; (2) website design and deployment, including online claim filing capabilities; (3) call center and other contact support; (4) secure class member data management; (5) paper and electronic claims processing; (6) review of claims submission supporting documentation; (7) calculation design and programming; (8) payment disbursements through check, wire, PayPal, merchandise credits, and other means; (9) qualified settlement fund management and tax reporting; (10) banking services and reporting; and (11) all other functions related to the secure and accurate administration of class action settlements.

4.     JND is an approved vendor for the United States Securities and Exchange Commission ("SEC"), as well as for the Federal Trade Commission ("FTC"), and we have worked with a number of other government agencies including: the U.S. Equal Employment Opportunity Commission ("EEOC"), the Office of the Comptroller of the Currency ("OCC"), the Consumer Financial Protection Bureau ("CFPB"), the Federal Deposit Insurance Corporation ("FDIC"), the Federal Communications Commission ("FCC"), the Department of Justice ("DOJ") and the Department of Labor ("DOL").   We also have Master Services Agreements with various corporations, banks, and other government agencies, which were only awarded after JND underwent rigorous reviews of our systems, privacy policies, and procedures.   JND has been certified as SOC 2 compliant[1] by noted accounting firm Moss Adams.   Finally, JND has been recognized by

---

[1] As a SOC 2 Compliant organization, JND has passed an audit under AICPA criteria for providing data security.

various publications, including, among others, the *National Law Journal*, the *Legal Times* and the *New York Law Journal*, for excellence in class action administration.

5.    The principals of JND collectively have over 80 years of experience in class action legal and administrative fields and have overseen claims processes for some of the largest legal claims administration matters in the country's history and regularly prepare and implement court approved notice and administration campaigns throughout the United States.  Their large matters include the $20 billion Gulf Coast Claims Facility, the $10+billion BP Deepwater Horizon Settlement, and the $3.4 billion Cobell Indian Trust Settlement (the largest U.S. government class action settlement ever), among others.

6.    JND has been appointed the settlement administrator in the $2.67 billion Blue Cross Blue Shield antitrust settlement and has been handling the settlement administration of the $1.3 billion Equifax Data Breach Settlement, the largest class action ever in terms of the number of claims received; a voluntary remediation program in Canada on behalf of over 30 million people; the $1.5 billion Mercedes-Benz Emissions Settlements; the $120 million GM Ignition class action economic settlement, where notice was sent to nearly 30 million class members; and the $215 million USC Student Health Center Settlement on behalf of women who were sexually abused by a doctor at USC, as well as hundreds of other matters.  The notice campaigns JND designs are regularly approved by courts throughout the United States.

7.    JND has also handled notice and claims administration tasks for numerous antitrust matters including:  *Beltran v. InterExchange, Inc.*, Case No. 1:14-cv-03074-CMA-KMT (D. Colo.); *FTC v. Reckitt Benckiser Group PLC*, Case No. 19CV00028 (W.D. Va.); *In re Blue Cross Blue Shield Antitrust Litig*., Case No. 13-CV-20000-RDP (N.D. Ala.); *In re Broiler Chicken Antitrust Litig.*, Case No. 16-cv-08637 (N.D. Ill.); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.* (Indirect-Purchasers), Case No. 14-md-02542 (S.D.N.Y.); *In re LIBOR-Based Financial Instruments Antitrust Litig.*, Case No. 1:11-md-2262-NRB (S.D.N.Y.); *In re Packaged Seafood Products*

*Antitrust Litig.* (End Purchasers and Direct Purchasers), Case No. 15-MD-2670 DMS (MDD), MDL No. 2670 (S.D. Cal.); *In re Pre-Filled Propane Tank Antitrust Litig.*, Case No. 14-md-02567 (W.D. Mo.); *In re Resistors Antitrust Litig.*, Case No. 3:15-cv-03820-JD (N.D. Cal.); *In re Wholesale Grocery Prod. Antitrust Litig.*, Case No. 9-md-2090 (ADM) (TNL) (D. Minn.); *Kent v. R.L. Vallee, Inc.*, Case No. 617-6-15, (Super. Ct. Vt.); *Sidibe v. Sutter Health*, Case No. 12-cv-4854-LB (N.D. Cal.); *Townsend v. G2 Secure Staff, L.L.C.*, Case No. 18STCV04429 (Cal. Super. Ct.); and the Loblaw Canadian Remediation Project.

8.      As a member of JND's Legal Notice Team, I research, design, develop, and implement a wide array of legal notice programs to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and relevant state court rules and to satisfy the due process clause of the United States Constitution.  Our notice campaigns, which are regularly approved by courts throughout the United States, use a variety of media including newspapers, press releases, magazines, trade journals, radio, television, social media and the internet depending on the circumstances and allegations of the case, the demographics of the class, and the habits of its members, as reported by various research and analytics tools.  During my career, I have submitted several hundred affidavits to courts throughout the country attesting to our role in the creation and launch of various media programs.

## CLASS OVERVIEW

9.      I have been asked by Counsel to prepare a Notice Plan to reach Settlement Class Members to inform them about their rights and options in the proposed Settlement.

10.      The Settlement Class consists of all persons and entities that purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more of the Defendants between April 10, 2013 and the date of Preliminary Approval.  Defendants include Mowi ASA (formerly known as Marine Harvest ASA), Mowi USA, LLC (formerly known as Marine Harvest USA, LLC), Mowi Canada West, Inc. (formerly

known as Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood North America Inc. (f/k/a Ocean Quality North America Inc.); Grieg Seafood USA, Inc. (formerly known as Quality USA Inc.); Grieg Seafood Premium Brands, Inc. (formerly known as Ocean Quality Premium Brands, Inc.); Sjór AS (formerly known as Ocean Quality AS); SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS; and entities owned or controlled by them. Excluded from the Settlement Class are the Court and its personnel and any Defendants and their parent, subsidiary, or affiliated companies.

11.    It is my understanding that contact information is available for substantially the entire Settlement Class.  Accordingly, JND designed a Notice Plan that will effectively reach the Settlement Class through a direct notice effort that will be supplemented by the distribution of a nationwide press release.

## NOTICE PLAN SUMMARY

12.    The proposed Notice Plan has been designed to provide the best notice practicable, consistent with the methods and tools employed in other court-approved notice programs.  The FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* considers a notice plan with a 70%-95% reach effective.[2]

> a. **Direct Individual Notice**:  It is my understanding that a reasonably current list of addresses is available for the entire Settlement Class.  As a result, mailed notice will be sent to all Settlement Class Members.  In addition, an email notice will be sent to any Settlement Class Member for whom an email address is available.

---

[2] Reach is the percentage of a specific population group exposed to a media vehicle or a combination of media vehicles containing a notice at least once over the course of a campaign. Reach factors out duplication, representing total different net persons.

b. **Press Release**:  To supplement the direct notice effort, a press release will be distributed nationwide.

c. **Case Website**:  JND will establish and maintain a dedicated Case website, where information about the Settlement, as well as copies of relevant case documentation, including but not limited to the Settlement Agreement, the Preliminary Approval Motion, the Long Form Notice, any potential Preliminary Approval Order, the proposed Final Approval Order and Judgment, and related documents will be accessible to Settlement Class Members.

d. **Dedicated Toll-Free Number and Contact Center**:  JND will also establish and maintain a toll-free telephone number with an Interactive Voice Recording system that Settlement Class Members may call to obtain more information about the Settlement, as well as leave a message for a return call.

13.    Based on my experience in developing and implementing class notice programs, I believe the proposed Notice Plan will meet the standards for providing the best practicable notice in class action settlements.

14.    The sections below explain in greater detail the Notice Plan efforts.

## DIRECT INDIVIDUAL NOTICE

15.    An adequate notice program needs to satisfy "due process" when reaching a class.  The United States Supreme Court, in the seminal case of *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156 (1974), stated that direct notice (when possible) is the preferred method for reaching a class.  In addition, Rule 23(c)(2) of the Federal Rules of Civil Procedure requires that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."

16.     For this matter, JND staff will effectuate direct individual notice to all members of the Settlement Class for whom contact information is available.

17.     It is my understanding that a reasonably current list of postal addresses is available for the entire Settlement Class.  As a result, JND will mail a Long Form Notice, attached as Exhibit B, to all Settlement Class Members.

18.     Using the Class list data, JND will load the information into a unique database for this matter.  To increase deliverability, JND will review the data provided to identify any invalid mail and email addresses and duplicate records based on name, address, and/or email.

19.     Prior to mailing, JND will update all addresses using the United States Postal Services' ("USPS") National Change of Address ("NCOA") database.[3]

20.     JND will track all returned undeliverable mail by the USPS and will promptly re-mail any returned with a forwarding address.  JND will also take reasonable efforts to research and determine a better mailing address through a sophisticated advanced address search to re-mail notices that are returned without a forwarding address.

21.     The direct notice effort alone is expected to reach more than 95% of Settlement Class Members.

### **PRESS RELEASE**

22.      To supplement the direct notice effort, JND will also cause a press release, attached as Exhibit C, to be distributed at the launch of the campaign that will assist in publicizing the Settlement.  The Press Release will be distributed to over 11,000 media outlets nationwide.  This case has been the subject of regular and significant news

---

[3] The NCOA database is the official USPS technology product which makes change of address information available to mailers to help reduce undeliverable mail pieces before mail enters the mail stream.  This product is an effective tool to update address changes when a person has completed a change of address form with the USPS.  The address information is maintained on the database for 48 months.

coverage, which should assist with distribution of notice as well.  The Press Release specifically directs readers to the Case website and clearly identifies Class Counsel.

## SETTLEMENT WEBSITE

23.    JND will develop an informational Case website that will allow Settlement Class Members to obtain more information about the Settlement with an easy-to-navigate design formatted to emphasize important information regarding Settlement Class Member rights, deadlines to act, and provide answers to frequently asked questions.  The Case website will host copies of relevant Settlement documents including the Long Form Notice.  Settlement Class Members will be encouraged to file an electronic claim at the Case website.

24.    The Case website will be optimized for mobile visitors so that information loads quickly across all mobile devices and will also be designed to maximize search engine optimization through Google and other search engines.  Keywords and natural language search terms will be included in the site's metadata to maximize search engine rankings.

## TOLL-FREE NUMBER AND POST OFFICE BOX

25.    JND will establish and maintain a dedicated Interactive Voice Recorded (IVR) toll-free telephone number for Settlement Class Members to call for information related to the Settlement.  Settlement Class Members will also be able to leave a message for a return call.  The telephone line will be available 24 hours a day, seven (7) days a week.

26.    JND will also maintain a dedicated Post Office Box where Settlement Class Members may send claims, inquiries, and exclusion requests.

## NOTICE DESIGN AND CONTENT

27.    All notice documents have been written in plain language and comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the FJC's guidelines for class action notices.

Each of the notice documents contain summaries of the Settlement and the options that are available to Settlement Class Members. Additionally, the notice documents provide instructions on how to obtain more information about the Settlement.

## CLAIMS PROCESS

28.     Class Counsel has also asked that JND advise on the claims process in this case and the method of distribution.

29.     Under the proposed plan of allocation, Settlement Class Members will be able to make claims for their *pro rata* share of the Settlement. It is our understanding that the transactional data in this case is available, and we will be able to determine Settlement Class Members' volume of commerce. JND will establish a secure online portal whereby Settlement Class Members can check and verify their volume of commerce. In the event that the Settlement Class Member believes a different amount of commerce is correct, the Settlement Class Member can dispute that amount, in which case their claim will be subject to an audit. This plan will ease the verification process for Settlement Class Members and reduce the burden on them. The proceeds of the Settlement will be distributed after final approval and after consideration of the costs associated with such a distribution. To the extent there are any undistributed funds following an initial distribution to Settlement Class Members, JND, upon the recommendation of Class Counsel and approval by the Court, will either make subsequent distributions to Settlement Class Members, or, if it is infeasible to do so in light of the amount of undistributed funds and the costs of Administration, will distribute those funds to the *cy pres* candidate.

## CONCLUSION

30.     JND believes that the Notice Plan as described herein provides the best notice practicable under the circumstances and is consistent with other similar court-approved best notice practicable notice programs, Rule 23 of the Federal Rules of Civil Procedure, and the FJC's guidelines for Best Practicable Due Process notice. The Notice Program is designed to reach as many Settlement Class Members as practicable and provide them with

the opportunity to review a plain language notice, with the ability to easily take the next step and learn more about the proposed Settlement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on the 25th day of May 2022, at Philadelphia, Pennsylvania.

GINA M. INTREPIDO-BOWDEN

# - EXHIBIT A -

# GINA INTREPIDO-BOWDEN

### VICE PRESIDENT





# INTRODUCTION

Gina Intrepido-Bowden is a Vice President at JND Legal Administration ("JND"). She is a court recognized legal notice expert who has been involved in the design and implementation of hundreds of legal notice programs reaching class members/claimants throughout the U.S., Canada, and the world, with notice in over 35 languages. Some notable cases in which Gina has been involved include:

- *Flaum v Doctor's Assoc., Inc.*, a $30 million FACTA settlement

- *FTC v. Reckitt Benckiser Grp. PLC*, the $50 million Suboxone branded drug antitrust settlement

- *In re Blue Cross Blue Shield Antitrust Litig.*, a $2.67 billion antitrust settlement

- *In re General Motors LLC Ignition Switch Litig.*, the $120 million GM Ignition Switch economic settlement

- *In re Home Depot, Inc., Customer Data Sec. Breach Litig.*, a security breach impacting over 40 million consumers who made credit/debit card purchases in a Home Depot store

- *In re Monitronics Int'l, Inc.*, a $28 million TCPA settlement

- *In re Residential Schools Litig.*, a complex Canadian class action incorporating a groundbreaking notice program to remote aboriginal persons qualified to receive benefits in the multi-billion-dollar settlement

- *In re Royal Ahold Sec. and "ERISA"*, a $1.1 billion securities settlement involving a comprehensive international notice effort

- *In re Skelaxin (Metaxalone) Antitrust Litig.*, a prescription antitrust involving notice to both third party payor and consumer purchasers

- *In re TJX Cos., Inc. Retail Sec. Breach Litig.*, this $200 million settlement impacted 45 million credit/debit cards in the U.S. and Canada making it the then-largest theft of consumer data

- *In re Trans Union Corp. Privacy Litig.*, a $75 million data breach settlement involving persons with a credit history

- *Thompson v Metropolitan Life Ins. Co.*, a large race-based pricing settlement involving 25 million policyholders

- *USC Student Health Ctr. Settlement*, a $215 million settlement providing compensation to women who were sexually assaulted, harassed and otherwise abused by Dr. George M. Tyndall

- *Williams v. Weyerhaeuser Co.*, a consumer fraud litigation involving exterior hardboard siding on homes and other structures

With more than 25 years of advertising research, planning and buying experience, Gina began her career working for one of New York's largest advertising agency media departments (BBDO), where she designed multi-million-dollar media campaigns for clients such as Gillette, GE, Dupont, and HBO. Since 2000, she has applied her media skills to the legal notification industry, working for several large legal notification firms. Gina is an accomplished author and speaker on class notice issues including effective reach, notice dissemination as well as noticing trends and innovations. She earned a Bachelor of Arts in Advertising from Penn State University, graduating *summa cum laude.*



# II.

# JUDICIAL RECOGNITION

Courts have favorably recognized Ms. Intrepido-Bowden's work as outlined by the sampling of Judicial comments below:

## 1.  Judge William M. Conley

***Bruzek v. Husky Oil Operations Ltd.,*** (January 31, 2022)
No. 18-cv-00697 (W.D. Wis.):

*The claims administrator estimates that at least 70% of the class received notice… the court concludes that the parties' settlement is fair, reasonable and adequate under Rule 23(e).*

## 2.  Judge Timothy J. Corrigan

***Levy v. Dolgencorp, LLC,*** (December 2, 2021)
No. 20-cv-01037-TJC-MCR (M.D. Fla.):

*No Settlement Class Member has objected to the Settlement and only one Settlement Class Member requested exclusion from the Settlement through the opt-out process approved by this Court…The Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice. The Notice Program fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

## 3.  Honorable Nelson S. Roman

***Swetz v. GSK Consumer Health, Inc.,*** (November 22, 2021)
No. 20-cv-04731 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release; direct notice through electronic mail, or in the alternative, mailed, first-class postage prepaid for identified Settlement Class Members; notice through electronic*

media—such as Google Display Network and Facebook—using a digital advertising campaign with links to the dedicated Settlement Website; and a toll-free telephone number that provides Settlement Class Members detailed information and directs them to the Settlement Website. The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order.

### 4.   Honorable James V. Selna

**Herrera v. Wells Fargo Bank, N.A.,** (November 16, 2021)
No. 18-cv-00332-JVS-MRW (C.D. Cal.):

On June 8, 2021, the Court appointed JND Legal Administration ("JND") as the Claims Administrator... JND mailed notice to approximately 2,678,266 potential Non-Statutory Subclass Members and 119,680 Statutory Subclass Members. Id. ¶ 5. 90% of mailings to Non-Statutory Subclass Members were deemed delivered, and 81% of mailings to Statutory Subclass Members were deemed delivered.  Id. ¶ 9. Follow-up email notices were sent to 1,977,514 potential Non-Statutory Subclass Members and 170,333 Statutory Subclass Members, of which 91% and 89% were deemed delivered, respectively.  Id. ¶ 12.  A digital advertising  campaign  generated an additional 5,195,027 views.  Id.   ¶ 13...Accordingly, the Court finds that the notice to the Settlement Class was fair, adequate, and reasonable.

### 5.   Judge Morrison C. England, Jr.

**Martinelli v. Johnson & Johnson,** (September 27, 2021)
No. 15-cv-01733-MCE-DB (E.D. Cal.):

The Court appoints JND, a well-qualified and experienced claims and notice administrator, as the Settlement Administrator.

### 6.   Honorable Nathanael M. Cousins

***Malone v. Western Digital Corp.,*** (July 21, 2021)
No. 20-cv-03584-NC (N.D. Cal.):

*The Court hereby appoints JND Legal Administration as Settlement Administrator... The Court finds that the proposed notice program meets the requirements of Due Process under the U.S. Constitution and Rule 23; and that such notice program- which includes individual direct notice to known Settlement Class Members via email, mail, and a second reminder email, a media and Internet notice program, and the establishment of a Settlement Website and Toll-Free Number-is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.  The Court further finds that the proposed form and content of the forms of the notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt-out, and the proposed Settlement and its terms.*

### 7.   Judge Vernon S. Broderick, Jr.

***In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,*** (June 7, 2021)
No. 14-md-02542 (S.D.N.Y.):

*The Notice Plan provided for notice through a nationwide press release, print notice in the national edition of People magazine, and electronic media—Google Display Network, Facebook, and LinkedIn—using a digital advertising campaign with links to a settlement website. Proof that Plaintiffs have complied with the Notice Plan has been filed with the Court. The Notice Plan met the requirements of due process and Federal Rule of Civil Procedure 23; constituted the most effective and best notice of the Agreement and fairness hearing practicable under the circumstances; and constituted due and sufficient notice for all other purposes to all other persons and entities entitled to receive notice.*

### 8.  Honorable Louis L. Stanton

**Rick Nelson Co. v. Sony Music Ent.,** (May 25, 2021)
No. 18-cv-08791 (S.D.N.Y.):

*Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

### 9.  Honorable Daniel D. Domenico

**Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.,** (January 29, 2021)
No. 18-cv-01897-DDD-NYW (D. Colo.):

*The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B)...The court approves the retention of JND Legal Administration LLC as the Notice Administrator.*

### 10.  Honorable Virginia A. Phillips

**Sonner v. Schwabe North America, Inc.,** (January 25, 2021)
No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*Following preliminary approval of the settlement by the Court, the settlement administrator provided notice to the Settlement Class through a digital media campaign.  (Dkt. 203-5).  The Notice explains in plain language what the case is about, what the recipient is entitled to, and the options available to the recipient in connection with this case, as well as the consequences of each option.  (Id., Ex. E). During the allotted response period, the settlement administrator received no requests for exclusion and just one objection, which was later withdrawn. (Dkt. 203-1, at 11).*

*Given the low number of objections and the absence of any requests for exclusion, the Class response is favorable overall.  Accordingly, this factor also weighs in favor of approval.*

## 11. Honorable R. Gary Klausner

***A.B. v. Regents of the Univ. of California,*** (January 8, 2021) No. 20-cv-09555-RGK-E (C.D. Cal.):

*The parties intend to notify class members through mail using UCLA's patient records. And they intend to supplement the mail notices using Google banners and Facebook ads, publications in the LA times and People magazine, and a national press release. Accordingly, the Court finds that the proposed notice and method of delivery sufficient and approves the notice.*

## 12. Judge Jesse M. Furman

***In re General Motors LLC Ignition Switch Litig.,*** **economic settlement,** (December 18, 2020) No. 2543 (MDL) (S.D.N.Y.):

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rules of Civil Procedure 23(c)(2)(b) and 23(e), and fully comply with all laws, including the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice that is practicable under the circumstances of this litigation.*

## 13. Judge Vernon S. Broderick, Jr.

***In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,*** (December 16, 2020) No. 14-md-02542 (S.D.N.Y.):

*I further appoint JND as Claims Administrator.  JND's principals have more than 75 years-worth of combined class action legal administration experience, and JND has handled some of the largest recent settlement administration issues, including the Equifax Data Breach Settlement.  (Doc. 1115 ¶ 5.)  JND also has extensive experience in handling claims administration in the antitrust context.  (Id.  ¶ 6.)  Accordingly, I appoint JND as Claims Administrator.*

### 14. Judge R. David Proctor

*In re Blue Cross Blue Shield Antitrust Litig.,* (November 30, 2020)
Master File No. 13-CV-20000-RDP (N.D. Ala.):

*After a competitive bidding process, Settlement Class Counsel retained JND Legal Administration LLC ("JND") to serve as Notice and Claims Administrator for the settlement. JND has a proven track record and extensive experience in large, complex matters... JND has prepared a customized Notice Plan in this case. The Notice Plan was designed to provide the best notice practicable, consistent with the latest methods and tools employed in the industry and approved by other courts...The court finds that the proposed Notice Plan is appropriate in both form and content and is due to be approved.*

### 15. Honorable Laurel Beeler

*Sidibe v. Sutter Health,* (November 5, 2020)
No. 12-cv-4854-LB (N.D. Cal.):

*Class Counsel has retained JND Legal Administration ("JND"), an experienced class notice administration firm, to administer notice to the Class. The Court appoints JND as the Class Notice Administrator.*

### 16. Judge Carolyn B. Kuhl

*Sandoval v. Merlex Stucco Inc.,* (October 30, 2020)
No. BC619322 (Cal. Super. Ct.):

*Additional Class Member class members, and because their names and addresses have not yet been confirmed, will be notified of the pendency of this settlement via the digital media campaign... the Court approves the Parties selection of JND Legal as the third-party Claims Administrator.*

### 17. Honorable Louis L. Stanton

*Rick Nelson Co. v. Sony Music Ent.*, (September 16, 2020)
No. 18-cv-08791 (S.D.N.Y.):

*The parties have designated JND Legal Administration ("JND") as the Settlement Administrator. Having found it qualified, the Court appoints JND as the Settlement Administrator and it shall perform all the duties of the Settlement Administrator as set forth in the Stipulation...The form and content of the Notice, Publication Notice and Email Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process. and any other applicable law, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.*

### 18. Honorable Jesse M. Furman

*In re General Motors LLC Ignition Switch Litig.*, **economic settlement,** (April 27, 2020)
No. 2543 (MDL) (S.D.N.Y.):

*The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.*

*The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set forth in the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator...*

### 19. Honorable Virginia A. Phillips

*Sonner v. Schwabe North America, Inc.*, (April 7, 2020)
No. 15-cv-01358 VAP (SPx) (C.D. Cal.):

*The Court orders the appointment of JND Legal Administration to implement and administrate the dissemination of class notice and administer opt-out requests pursuant to the proposed notice dissemination plan attached as Exhibit D to the Stipulation.*

## 20.  Judge Fernando M. Olguin

***Ahmed v. HSBC Bank USA, NA,*** (December 30, 2019)
No. 15-cv-2057-FMO-SPx (N.D. Ill.):

*On June 21, 2019, the court granted preliminary approval of the settlement, appointed JND Legal Administration ("JND") as settlement administrator... the court finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement...the reaction of the class has been very positive.*

## 21.  Judge Cormac J. Carney

***In re ConAgra Foods Inc.,*** (October 8, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*Following the Court's preliminary approval, JND used a multi-pronged notice campaign to reach people who purchased Wesson Oils...As of September 19, 2019, only one class member requested to opt out of the settlement class, with another class member objecting to the settlement. The reaction of the class has thus been overwhelmingly positive, and this factor favors final approval.*

## 22.  Honorable Stephen V. Wilson

***USC Student Health Ctr. Settlement,*** (June 12, 2019)
No. 18-cv-04258-SVW (C.D. Cal.):

*The Court hereby designates JND Legal Administration ("JND") as Claims Administrator. The Court finds that giving Class Members notice of the Settlement is justified under Rule 23(e)(1) because, as described above, the Court will likely be able to: approve the Settlement under Rule 23(e)(2); and certify the Settlement Class for purposes of judgment. The Court finds that the proposed Notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances.*

### 23.  Judge J. Walton McLeod

***Boskie v. Backgroundchecks.com,*** (May 17, 2019)
No. 2019CP3200824 (S.C. C.P.):

*The Court appoints JND Legal Administration as Settlement Administrator...The Court approves the notice plans for the HomeAdvisor Class and the Injunctive Relief Class as set forth in the declaration of JND Legal Administration. The Court finds the class notice fully satisfies the requirements of due process, the South Carolina Rules of Civil Procedure. The notice plan for the HomeAdvisor Class and Injunctive Relief Class constitutes the best notice practicable under the circumstances of each Class.*

### 24.  Judge Cormac J. Carney

***In re ConAgra Foods Inc.,*** (April 4, 2019)
No. 11-cv-05379-CJC-AGR (C.D. Cal.):

*The bids were submitted to Judge McCormick, who ultimately chose JND Legal Administration to propose to the Court to serve as the settlement administrator. (Id. ¶ 65.) In addition to being selected by a neutral third party, JND Legal Administration appears to be well qualified to administer the claims in this case...The Court appoints JND Legal Administration as Settlement Administrator... JND Legal Administration will reach class members through a consumer media campaign, including a national print effort in People magazine, a digital effort targeting consumers in the relevant states through Google Display Network and Facebook, newspaper notice placements in the Los Angeles Daily News, and an internet search effort on Google. (Keough Decl. ¶ 14.) JND Legal Administration will also distribute press releases to media outlets nationwide and establish a settlement website and toll-free phone number. (Id.) The print and digital media effort is designed to reach 70% of the potential class members. (Id.) The newspaper notice placements, internet search effort, and press release distribution are intended to enhance the notice's reach beyond the estimated 70%. (Id.).*

## 25.  Judge Kathleen M. Daily

***Podawiltz v. Swisher Int'l, Inc.,*** (February 7, 2019)
No. 16CV27621 (Or. Cir. Ct.):

*The Court appoints JND Legal Administration as settlement administrator...The Court finds that the notice plan is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, ORCP 32, and any other applicable laws.*

## 26.  Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy,*** (December 14, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the Class Notice and the Notice Program implemented pursuant to the Settlement Agreement and Preliminary Approval Order constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully complied with the due process requirement under all applicable statutes and laws and with the California Rules of Court.*

## 27.  Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (November 16, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The notice given to the Class, including individual notice to all members of the Class who could be identified through reasonable efforts, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

## 28. Honorable Kenneth J. Medel

***Huntzinger v. Suunto Oy,*** (August 10, 2018)
No. 37-2018-27159 (CU) (BT) (CTL) (Cal. Super. Ct.):

*The Court finds that the notice to the Class Members regarding settlement of this Action, including the content of the notices and method of dissemination to the Class Members in accordance with the terms of Settlement Agreement, constitute the best notice practicable under the circumstances and constitute valid, due and sufficient notice to all Class Members, complying fully with the requirements of California Code of Civil Procedure § 382, California Civil Code § 1781, California Rules of Court Rules 3.766 and 3.769(f), the California and United States Constitutions, and any other applicable law.*

## 29. Honorable Thomas M. Durkin

***In re Broiler Chicken Antitrust Litig.,*** (June 22, 2018)
No. 16-cv-8637 (N.D. Ill.):

*The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice vial mail and email to all members who can be identified through reasonable effort.  The direct mail and email notice will be supported by reasonable publication notice to reach class members who could not be individually identified.*

## 30. Judge John Bailey

***In re Monitronics Int'l, Inc. TCPA Litig.,*** (September 28, 2017)
No. 11-cv-00090 (N.D. W.Va.):

*The Court carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided therein, and this Court's final judgment will be binding on all Settlement Class Members.*

### 31.  Honorable Ann I. Jones

***Eck v. City of Los Angeles,*** (September 15, 2017)
No. BC577028 (Cal. Super. Cal.):

*The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits B, E, F and G, will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

### 32.  Honorable James Ashford

***Nishimura v. Gentry Homes, LTD.,*** (September 14, 2017)
No. 11-11-1-1522-07-RAN (Haw. Cir. Ct.):

*The Court finds that the Notice Plan and Class Notices will fully and accurately inform the potential Class Members of all material elements of the proposed Settlement and of each Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Class Notice and the publication of the Class Notices substantially in the manner and form set forth in the Notice Plan and Settlement Agreement meets the requirements of the laws of the State of Hawai'i (including Hawai'i Rule of Civil Procedure 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all potential Class Members.*

### 33.  Judge Cecilia M. Altonaga

***Flaum v. Doctor's Assoc., Inc.,*** (March 22, 2017)
No. 16-cv-61198 (S.D. Fla.):

*...the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice.*

*The Court approves the notice program in all respects (including the proposed forms of notice, Summary Notice, Full Notice for the Settlement Website, Publication Notice, Press Release and Settlement Claim Forms, and orders that notice be given in substantial conformity therewith.*

## 34. Judge Manish S. Shah

***Johnson v. Yahoo! Inc.,*** (December 12, 2016)
No. 14-cv-02028 (N.D. Ill.):

*The Court approves the notice plan set forth in Plaintiff's Amended Motion to Approve Class Notice (Doc. 252) (the "Notice Plan"). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances.*

## 35. Judge Joan A. Leonard

***Barba v. Shire U.S., Inc.,*** (December 2, 2016)
No. 13-cv-21158 (S.D. Fla.):

*The notice of settlement (in the form presented to this Court as Exhibits E, F, and G, attached to the Settlement Agreement [D.E. 423-1] (collectively, "the Notice") directed to the Settlement Class members, constituted the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice was given to potential Settlement Class members who were identified through reasonable efforts, published using several publication dates in Better Homes and Gardens, National Geographic, and People magazines; placed on targeted website and portal banner advertisements on general Run of Network sites; included in e-newsletter placements with ADDitude, a magazine dedicated to helping children and adults with attention deficit disorder and learning disabilities lead successful lives, and posted on the Settlement Website which included additional access to Settlement information and a toll-free number. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Notice provided Settlement Class members with due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, and the rights of Settlement Class members to make a claim, object to the Settlement or exclude themselves from the Settlement.*

### 36. Judge Marco A. Hernandez

***Kearney v. Equilon Enter. LLC,*** (October 25, 2016)
No. 14-cv-00254 (D. Ore.):

*The papers supporting the Final Approval Motion, including, but not limited to, the Declaration of Robert A. Curtis and the two Declarations filed by Gina Intrepido-Bowden, describe the Parties' provision of Notice of the Settlement. Notice was directed to all members of the Settlement Classes defined in paragraph 2, above. No objections to the method or contents of the Notice have been received. Based on the above-mentioned declarations, inter alia, the Court finds that the Parties have fully and adequately effectuated the Notice Plan, as required by the Preliminary Approval Order, and, in fact, have achieved better results than anticipated or required by the Preliminary Approval Order.*

### 37. Honorable Amy J. St. Eve

***In re Rust-Oleum Restore Mktg, Sales Practices & Prod. Liab. Litig.,*** (October 20, 2016)
No. 15-cv-01364 (N.D. Ill.):

*The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class...comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.*

### 38. Honorable R. Gary Klausner

***Russell v. Kohl's Dep't Stores, Inc.,*** (October 20, 2016)
No. 15-cv-01143 (C.D. Cal.):

*Notice of the settlement was provided to the Settlement Class in a reasonable manner, and was the best notice practicable under the circumstances, including through individual notice to all members who could be reasonably identified through reasonable effort.*

### 39. Judge Fernando M. Olguin

***Chambers v. Whirlpool Corp.,*** (October 11, 2016)
No. 11-cv-01733 (C.D. Cal.):

*Accordingly, based on its prior findings and the record before it, the court finds that the Class Notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, their right to exclude themselves from the action, and their right to object to the proposed settlement.*

### 40. Honourable Justice Stack

***Anderson v. Canada,*** (September 28, 2016)
No. 2007 01T4955CP (NL Sup. Ct.):

*The Phase 2 Notice Plan satisfies the requirements of the Class Actions Act and shall constitute good and sufficient service upon class members of the notice of this Order, approval of the Settlement and discontinuance of these actions.*

### 41. Judge Mary M. Rowland

***In re Home Depot, Inc., Customer Data Sec. Breach Litig.,*** (August 23, 2016)
No. 14-md-02583 (N.D. Ga.):

*The Court finds that the Notice Program has been implemented by the Settlement Administrator and the parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure.*

### 42. Honorable Manish S. Shah

***Campos v. Calumet Transload R.R., LLC,*** (August 3, 2016)
No. 13-cv-08376 (N.D. Ill.):

*The form, content, and method of dissemination of the notice given to the Settlement Class were adequate, reasonable, and constitute the best notice practicable under the*

*circumstances. The notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth therein, and these proceedings to all Persons entitled to such notice. The notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and due process.*

### 43.  Honorable Lynn Adelman

***Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd., (Indirect Purchaser),*** (July 7, 2016) No. 09-cv-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

### 44.  Judge Marco A. Hernandez

***Kearney v. Equilon Enter. LLC,*** (June 6, 2016) No. 14-cv-00254 (Ore. Dist. Ct.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Court further finds that the Parties' plan for providing Notice to the Settlement Classes, as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the Settlement Agreement.*

### 45.  Judge Joan A. Leonard

***Barba v. Shire U.S., Inc.,*** (April 11, 2016)
No. 13-cv-21158 (S.D. Fla.):

*The Court finds that the proposed methods for giving notice of the Settlement to members of the Settlement Class, as set forth in this Order and in the Settlement Agreement, meet the requirements of Federal Rule of Civil Procedure Rule 23 and requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.*

### 46.  Honorable Manish S. Shah

***Campos v. Calumet Transload R.R., LLC,*** (March 10, 2016 and April 18, 2016)
No. 13-cv-08376 (N.D. Ill.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.*

### 47.  Judge Thomas W. Thrash Jr.

***In re Home Depot, Inc., Customer Data Sec. Breach Litig.,*** (March 8, 2016)
No. 14-md-02583 (N.D. Ga.):

*The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled*

*to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.*

## 48. Judge Mary M. Rowland

**In re Sears, Roebuck and Co. Front-Loader Washer Prod. Liab. Litig.,** (February 29, 2016) No. 06-cv-07023 (N.D. Ill.):

*The Court concludes that, under the circumstances of this case, the Settlement Administrator's notice program was the "best notice that is practicable," Fed. R. Civ. P. 23(c)(2)(B), and was "reasonably calculated to reach interested parties," Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950).*

## 49. Honorable Lynn Adelman

**Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Ins. Co.,**
**(Indirect Purchaser–Tong Yang & Gordon Settlements),** (January 14, 2016)
No. 09-CV-00852 (E.D. Wis.):

*The form, content, and methods of dissemination of Notice of the Settlements to the Settlement Class were reasonable, adequate, and constitute the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the Settlements, the terms and conditions set forth in the Settlements, and these proceedings to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process requirements.*

## 50. Judge Curtis L. Collier

**In re Skelaxin (Metaxalone) Antitrust Litig.,** (December 22, 2015)
No. 12-md-2343 (E.D. Tenn.):

*The Class Notice met statutory requirements of notice under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement process.*

### 51.  Honorable Mitchell D. Dembin

***Lerma v. Schiff Nutrition Int'l, Inc.,*** (November 3, 2015)
No. 11-CV-01056 (S.D. Cal.):

*According to Ms. Intrepido-Bowden, between June 29, 2015, and August 2, 2015, consumer publications are estimated to have reached 53.9% of likely Class Members and internet publications are estimated to have reached 58.9% of likely Class Members...The Court finds this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class Members of the pendency of the action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.*

### 52.  Honorable Lynn Adelman

***Fond Du Lac Bumper Exch., Inc. v. Jui Li Enter. Ins. Co.,
(Indirect Purchaser–Gordon Settlement),*** (August 4, 2015)
No. 09-CV-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

### 53.  Honorable Sara I. Ellis

***Thomas v. Lennox Indus. Inc.,*** (July 9, 2015)
No. 13-CV-07747 (N.D. Ill.):

*The Court approves the form and content of the Long-Form Notice, Summary Notice, Postcard Notice, Dealer Notice, and Internet Banners (the "Notices") attached as*

*Exhibits A-1, A-2, A-3, A-4 and A-5 respectively to the Settlement Agreement. The Court finds that the Notice Plan, included in the Settlement Agreement and the Declaration of Gina M. Intrepido-Bowden on Settlement Notice Plan and Notice Documents, constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto, and that the Notice Plan complies fully with the requirements of Federal Rule of Civil Procedure 23 and provides Settlement Class Members due process under the United States Constitution.*

## 54. Honorable Lynn Adelman

***Fond du Lac Bumper Exch., Inc. v. Jui Li Enter.Co., Ltd.***
***(Indirect Purchaser–Tong Yang Settlement),*** (May 29, 2015)
No. 09-CV-00852 (E.D. Wis.):

*The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

## 55. Honorable Mitchell D. Dembin

***Lerma v. Schiff Nutrition Int'l, Inc.,*** (May 25, 2015)
No. 11-CV-01056 (S.D. Cal.):

*The parties are to notify the Settlement Class in accordance with the Notice Program outlined in the Second Supplemental Declaration of Gina M. Intrepido-Bowden on Settlement Notice Program.*

## 56. Honorable Lynn Adelman

**Fond du Lac Bumper Exch., Inc. v. Jui Li Enter. Co., Ltd.**
**(Direct Purchaser–Gordon Settlement),** (May 5, 2015)
No. 09-CV-00852 (E.D. Wis.):

*The Notice Program set forth herein is substantially similar to the one set forth in the Court's April 24, 2015 Order regarding notice of the Tong Yang Settlement (ECF. No. 619) and combines the Notice for the Tong Yang Settlement with that of the Gordon Settlement into a comprehensive Notice Program. To the extent differences exist between the two, the Notice Program set forth and approved herein shall prevail over that found in the April 24, 2015 Order.*

## 57. Honorable José L. Linares

**Demmick v. Cellco P'ship,** (May 1, 2015)
No. 06-CV-2163 (D.N.J.):

*The Notice Plan, which this Court has already approved, was timely and properly executed and that it provided the best notice practicable, as required by Federal Rule of Civil Procedure 23, and met the "desire to actually inform" due process communications standard of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950) The Court thus affirms its finding and conclusion in the November 19, 2014 Preliminary Approval Order that the notice in this case meets the requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States and/or any other applicable law. All objections submitted which make mention of notice have been considered and, in light of the above, overruled.*

## 58. Honorable David O. Carter

**Cobb v. BSH Home Appliances Corp.,** (December 29, 2014)
No. 10-CV-0711 (C.D. Cal.):

*The Notice Program complies with Rule 23(c)(2)(B) because it constitutes the best notice practicable under the circumstances, provides individual notice to all Class Members who can be identified through reasonable effort, and is reasonably calculated*

*under the circumstances to apprise the Class Members of the nature of the action, the claims it asserts, the Class definition, the Settlement terms, the right to appear through an attorney, the right to opt out of the Class or to comment on or object to the Settlement (and how to do so), and the binding effect of a final judgment upon Class Members who do not opt out.*

## 59. Honorable José L. Linares

**Demmick v. Cellco P'ship,** (November 19, 2014)
No. 06-CV-2163 (D.N.J.):

*The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

*The Court further finds that the Parties' plan for providing Notice to the Settlement Classes as described in Article V of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina M. Intrepido-Bowden, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as to not be bound by the Settlement Agreement.*

## 60. Honorable Christina A. Snyder

**Roberts v. Electrolux Home Prod., Inc.,** (September 11, 2014)
No. 12-CV-01644 (C.D. Cal.):

*Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects…Any objections to the notice provided to the Class are hereby overruled.*

## 61.  Judge Gregory A. Presnell

***Poertner v. Gillette Co.,*** (August 21, 2014)
No. 12-CV-00803 (M.D. Fla.):

*This Court has again reviewed the Notice and the accompanying documents and finds that the "best practicable" notice was given to the Class and that the Notice was "reasonably calculated" to (a) describe the Action and the Plaintiff's and Class Members' rights in it; and (b) apprise interested parties of the pendency of the Action and of their right to have their objections to the Settlement heard. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 810 (1985). This Court further finds that Class Members were given a reasonable opportunity to opt out of the Action and that they were adequately represented by Plaintiff Joshua D. Poertner. See Id. The Court thus reaffirms its findings that the Notice given to the Class satisfies the requirements of due process and holds that it has personal jurisdiction over all Class Members.*

## 62.  Honorable Christina A. Snyder

***Roberts v. Electrolux Home Prod., Inc.,*** (May 5, 2014)
No. 12-CV-01644 (C.D. Cal.):

*The Court finds that the Notice Plan set forth in the Settlement Agreement (§ V. of that Agreement) is the best notice practicable under the circumstances and constitutes sufficient notice to all persons entitled to notice. The Court further preliminarily finds that the Notice itself IS appropriate, and complies with Rules 23(b)(3), 23(c)(2)(B), and 23(e) because it describes in plain language (1) the nature of the action, (2) the definition of the Settlement Class and Subclasses, (3) the class claims, issues or defenses, (4) that a class member may enter an appearance through an attorney if the member so desires, (5) that the Court will exclude from the class any member who requests exclusion, (6) the time and manner for requesting exclusion, and (7) the binding effect of a judgment on Settlement Class Members under Rule 23(c)(3) and the terms of the releases. Accordingly, the Court approves the Notice Plan in all respects...*

### 63.  Honorable William E. Smith

***Cappalli v. BJ's Wholesale Club, Inc.,*** (December 12, 2013)
No. 10-CV-00407 (D.R.I.):

*The Court finds that the form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice, as given, provided valid, due, and sufficient notice of these proceedings of the proposed Settlement, and of the terms set forth in the Stipulation and first Joint Addendum, and the notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Constitutional due process, and all other applicable laws.*

### 64.  Judge Gregory A. Presnell

***Poertner v. Gillette Co.,*** (November 5, 2013)
No. 12-CV-00803 (M.D. Fla.):

*The Court finds that compliance with the Notice Plan is the best practicable notice under the circumstances and constitutes due and sufficient notice of this Order to all persons entitled thereto and is in full compliance with the requirements of Rule 23, applicable law, and due process.*

### 65.  Judge Marilyn L. Huff

***Beck-Ellman v. Kaz USA, Inc.,*** (June 11, 2013)
No. 10-cv-02134 (S.D. Cal.):

*The Notice Plan has now been implemented in accordance with the Court's Preliminary Approval Order...The Notice Plan was specially developed to cause class members to see the Publication Notice or see an advertisement that directed them to the Settlement Website...The Court concludes that the Class Notice fully satisfied the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure and all due process requirements.*

## 66. Judge Tom A. Lucas

***Stroud v. eMachines, Inc.,*** (March 27, 2013)

No. CJ-2003-968 L (W.D. Okla.):

*The Notices met the requirements of Okla. Stat. tit. 12 section 2023(C), due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto. All objections are stricken. Alternatively, considered on their merits, all objections are overruled.*

## 67. Judge Marilyn L. Huff

***Beck-Ellman v. Kaz USA, Inc.,*** (January 7, 2013)

No. 10-cv-02134 (S.D. Cal.):

*The proposed Class Notice, Publication Notice, and Settlement Website are reasonably calculated to inform potential Class members of the Settlement, and are the best practicable methods under the circumstances... Notice is written in easy and clear language, and provides all needed information, including: (l) basic information about the lawsuit; (2) a description of the benefits provided by the settlement; (3) an explanation of how Class members can obtain Settlement benefits; (4) an explanation of how Class members can exercise their rights to opt-out or object; (5) an explanation that any claims against Kaz that could have been litigated in this action will be released if the Class member does not opt out; (6) the names of Class Counsel and information regarding attorneys' fees; (7) the fairness hearing date and procedure for appearing; and (8) the Settlement Website and a toll free number where additional information, including Spanish translations of all forms, can be obtained. After review of the proposed notice and Settlement Agreement, the Court concludes that the Publication Notice and Settlement Website are adequate and sufficient to inform the class members of their rights. Accordingly, the Court approves the form and manner of giving notice of the proposed settlement.*

## 68.  Judge Tom A. Lucas

**Stroud v. eMachines, Inc.,** (December 21, 2012)
No. CJ-2003-968 L (W.D. Okla.):

*The Plan of Notice in the Settlement Agreement as well as the content of the Claim Form, Class Notice, Post-Card Notice, and Summary Notice of Settlement is hereby approved in all respects. The Court finds that the Plan of Notice and the contents of the Class Notice, Post-Card Notice and Summary Notice of Settlement and the manner of their dissemination described in the Settlement Agreement is the best practicable notice under the circumstances and is reasonably calculated, under the circumstances, to apprise Putative Class Members of the pendency of this action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Certified Settlement Class and, therefore, the Plan of Notice, the Class Notice, Post-Card Notice and Summary Notice of Settlement are approved in all respects. The Court further finds that the Class Notice, Post-Card Notice and Summary Notice of Settlement are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and that they meet the requirements of due process.*

## 69.  Honorable Michael M. Anello

**Shames v. Hertz Corp.,** (November 5, 2012)
No. 07-cv-02174 (S.D. Cal.):

*...the Court is satisfied that the parties and the class administrator made reasonable efforts to reach class members. Class members who did not receive individualized notice still had opportunity for notice by publication, email, or both...The Court is satisfied that the redundancies in the parties' class notice procedure—mailing, e-mailing, and publication—reasonably ensured the widest possible dissemination of the notice...The Court OVERRULES all objections to the class settlement...*

### 70.  Judge Ann D. Montgomery

***In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.***, (July 9, 2012) No. 11-MD-2247 (D. Minn.):

*The objections filed by class members are overruled; The notice provided to the class was reasonably calculated under the circumstances to apprise class members of the pendency of this action, the terms of the Settlement Agreement, and their right to object, opt out, and appear at the final fairness hearing;...*

### 71.  Judge Ann D. Montgomery

***In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.***, (June 29, 2012) No. 11-MD-2247 (D. Minn.):

*After the preliminary approval of the Settlement, the parties carried out the notice program, hiring an experienced consulting firm to design and implement the plan. The plan consisted of direct mail notices to known owners and warranty claimants of the RTI F1807 system, direct mail notices to potential holders of subrogation interests through insurance company mailings, notice publications in leading consumer magazines which target home and property owners, and earned media efforts through national press releases and the Settlement website. The plan was intended to, and did in fact, reach a minimum of 70% of potential class members, on average more than two notices each...The California Objectors also take umbrage with the notice provided the class. Specifically, they argue that the class notice fails to advise class members of the true nature of the aforementioned release. This argument does not float, given that the release is clearly set forth in the Settlement and the published notices satisfy the requirements of Rule 23(c)(2)(B) by providing information regarding: (1) the nature of the action class membership; (2) class claims, issues, and defenses; (3) the ability to enter an appearance through an attorney; (4) the procedure and ability to opt-out or object; (5) the process and instructions to make a claim; (6) the binding effect of the class judgment; and (7) the specifics of the final fairness hearing.*

### 72. Honorable Michael M. Anello

**Shames v. Hertz Corp.**, (May 22, 2012)
No. 07-cv-02174 (S.D. Cal.):

*The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, substantially in the forms of Exhibits A-1 through A-6, as appropriate, (individually or collectively, the "Notice"), and finds that the e-mailing or mailing and distribution of the Notice and publishing of the Notice substantially in the manner and form set forth in ¶ 7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.*

### 73. Judge Ann D. Montgomery

**In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.**, (January 18, 2012)
No. 11-MD-2247 (D. Minn.):

*The Notice Plan detailed.in the Affidavit of Gina M. Intrepido-Bowden provides the best notice practicable under the circumstances and constitutes due and sufficient notice of the Settlement Agreement and the Final Fairness Hearing to the Classes and all persons entitled to receive such notice as potential members of the Class... The Notice Plan's multi-faceted approach to providing notice to Class Members whose identity is not known to the Settling Parties constitutes 'the best notice that is practicable under the circumstances' consistent with Rule 23(c)(2)(B)...Notice to Class members must clearly and concisely state the nature of the lawsuit and its claims and defenses, the Class certified, the Class member's right to appear through an attorney or opt out of the Class, the time and manner for opting out, and the binding effect of a class judgment on members of the Class. Fed. R. Civ. P. 23(c)(2)(B). Compliance with Rule 23's notice requirements also complies with Due Process requirements. 'The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment.' Prudential, 148 F.3d at 306. The proposed notices in the present case meet those requirements.*

### 74.  Judge Jeffrey Goering

***Molina v. Intrust Bank, N.A.,*** (January 17, 2012)
No. 10-CV-3686 (Ks. 18th J.D. Ct.):

*The Court approved the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Kansas law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

### 75.  Judge Charles E. Atwell

***Allen v. UMB Bank, N.A.,*** (October 31, 2011)
No. 1016-CV34791 (Mo. Cir. Ct.):

*The form, content, and method of dissemination of Class Notice given to the Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 52.08 of the Missouri Rules of Civil Procedure and due process.*

### 76.  Judge Charles E. Atwell

***Allen v. UMB Bank, N.A.,*** (June 27, 2011)
No. 1016-CV34791 (Mo. Cir. Ct.):

*The Court approves the form and content of the Class Notice, and finds that transmission of the Notice as proposed by the Parties meets the requirements of due process and Missouri law, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled thereto.*

## 77. Judge Jeremy Fogel

***Ko v. Natura Pet Prod., Inc.,*** (June 24, 2011)
No. 09cv2619 (N.D. Cal.):

*The Court approves, as to form and content, the Long Form Notice of Pendency and Settlement of Class Action ("Long Form Notice"), and the Summary Notice attached as Exhibits to the Settlement Agreement, and finds that the e-mailing of the Summary Notice, and posting on the dedicated internet website of the Long Form Notice, mailing of the Summary Notice post-card, and newspaper and magazine publication of the Summary Notice substantially in the manner as set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.*

## 78. Judge M. Joseph Tiemann

***Billieson v. City of New Orleans,*** (May 27, 2011)
No. 94-19231 (La. Civ. Dist. Ct.):

*The plan to disseminate notice for the Insurance Settlements (the "Insurance Settlements Notice Plan") which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden... IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

## 79. Judge James Robertson

***In re Dep't of Veterans Affairs (VA) Data Theft Litig.,*** (February 11, 2009)
MDL No. 1796 (D.D.C.):

*The Court approves the proposed method of dissemination of notice set forth in the Notice Plan, Exhibit 1 to the Settlement Agreement. The Notice Plan meets the requirements of due process and is the best notice practicable under the circumstances. This method of Class Action Settlement notice dissemination is hereby approved by the Court.*

### 80.  Judge Louis J. Farina

***Soders v. Gen. Motors Corp.,*** (December 19, 2008)
No. CI-00-04255 (C.P. Pa.):

*The Court has considered the proposed forms of Notice to Class members of the settlement and the plan for disseminating Notice, and finds that the form and manner of notice proposed by the parties and approved herein meet the requirements of due process, are the best notice practicable under the circumstances, and constitute sufficient notice to all persons entitled to notice.*

### 81.  Judge Robert W. Gettleman

***In re Trans Union Corp.,*** (September 17, 2008)
MDL No. 1350 (N.D. Ill.):

*The Court finds that the dissemination of the Class Notice under the terms and in the format provided for in its Preliminary Approval Order constitutes the best notice practicable under the circumstances, is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Constitution of the United States, and any other applicable law...Accordingly, all objections are hereby OVERRULED.*

### 82.  Judge William G. Young

***In re TJX Cos. Retail Security Breach Litig.,*** (September 2, 2008)
MDL No. 1838 (D. Mass.):

*...as attested in the Affidavit of Gina M. Intrepido...The form, content, and method of dissemination of notice provided to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

### 83. Judge David De Alba

***Ford Explorer Cases,*** (May 29, 2008)
JCCP Nos. 4226 & 4270 (Cal. Super. Ct.):

*[T]he Court is satisfied that the notice plan, design, implementation, costs, reach, were all reasonable, and has no reservations about the notice to those in this state and those in other states as well, including Texas, Connecticut, and Illinois; that the plan that was approved -- submitted and approved, comports with the fundamentals of due process as described in the case law that was offered by counsel.*



# III. SPEAKING ENGAGEMENTS

1. *'Marching to Their Own Drumbeat.' What Lawyers Don't Understand About Notice and Claims Administration*, AMERICAN BAR ASSOCIATION, American Bar Association's (ABA) 23rd Annual National Institute on Class Actions, panelist (October 2019).

2. *Rule 23 Amendments and Digital Notice Ethics, accredited CLE Program*, presenter at Terrell Marshall Law Group PLLC, Seattle, WA (June 2019); Severson & Werson, San Francisco, CA and broadcast to office in Irvine (June 2019); Greenberg Traurig, LLP, Los Angeles, CA (May 2019); Chicago Bar Association, Chicago, IL (January 2019); Sidley Austin LLP, Century City, CA and broadcast to offices in Los Angeles, San Francisco, New York, Chicago, Washington D.C. (January 2019); Burns Charest LLP, Dallas, TX (November 2018); Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN (October 2018); Zimmerman Reed LLP, Minneapolis, MN (October 2018); Gustafson Gluek PLLC, Minneapolis, MN (October 2018).

3. *Ethics in Legal Notification,* **accredited CLE Program**, presenter at Kessler Topaz Meltzer & Check LLP, Radnor, PA (September 2015); The St. Regis Resort, Deer Valley, UT (March 2014); and Morgan Lewis & Bockius, New York, NY (December 2012).

4. *Pitfalls of Class Action Notice and Settlement Administration,* **accredited CLE Program**, PRACTISING LAW INSTITUTE (PLI), Class Action Litigation 2013, presenter/panelist (July 2013).

5. *The Fundamentals of Settlement Administration,* **accredited CLE Program**, presenter at Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL (January 2013); Wexler Wallace LLP, Chicago, IL (January 2013); Hinshaw & Culbertson LLP, Chicago, IL (October 2012); and Spector Roseman Kodroff & Willis, P.C., Philadelphia, PA (December 2011).

6. *Class Action Settlement Administration Tips & Pitfalls on the Path to Approval,* **accredited CLE Program**, presenter at Jenner & Block, Chicago, IL and broadcast to offices in Washington DC, New York and California (October 2012).

7. *Reaching Class Members & Driving Take Rates*, CONSUMER ATTORNEYS OF SAN DIEGO, 4th Annual Class Action Symposium, presenter/panelist (October 2011).

8. ***Legal Notice Ethics, accredited CLE Program***, presenter at Heins Mills & Olson, P.L.C., Minneapolis, MN (January 2011); Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN (January 2011); Chestnut Cambronne, Minneapolis, MN (January 2011); Berger & Montague, P.C., Anapol Schwartz, Philadelphia, PA (October 2010); Lundy Law, Philadelphia, PA (October 2010); Dechert LLP, Philadelphia, PA and broadcast to offices in California, New Jersey, New York, North Carolina, Texas, Washington D.C., and London and sent via video to their office in China (October 2010); Miller Law LLC, Chicago, IL (May 2010); Cohen Milstein Sellers & Toll PLLC, New York, NY (May 2010); and Milberg LLP, New York, NY (May 2010).

9. ***Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice, accredited CLE Program***, presenter, Kansas Bar Association (March 2009).



# IV. ARTICLES

1. Gina M. Intrepido-Bowden, *Time to Allow More Streamlined Class Action Notice Formats – Adapting Short Form Notice Requirements to Accommodate Today's Fast Paced Society*, LAW360 (2021).

2. Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and* Due P*rocess: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE LAW REV. 1771 (2006); reprinted in course materials for: CENTER FOR LEGAL EDUCATION INTERNATIONAL, Class Actions: Prosecuting and Defending Complex Litigation (2007); AMERICAN BAR ASSOCIATION, 10th Annual National Institute on Class Actions (2006); NATIONAL BUSINESS INSTITUTE, Class Action Update: Today's Trends & Strategies for Success (2006).

3. Gina M. Intrepido, *Notice Experts May Help Resolve CAFA Removal Issues, Notification to Officials*, 6 CLASS ACTION LITIG. REP. 759 (2005).

4. Todd B. Hilsee, Shannon R. Wheatman, & Gina M. Intrepido, *Do You Really Want Me to Know My Rights? The Ethics Behind Due Process in Class Action Notice Is More Than Just Plain Language: A Desire to Actually Inform*, 18 GEORGETOWN JOURNAL LEGAL ETHICS 1359 (2005).



# V. CASE EXPERIENCE

Ms. Intrepido-Bowden has been involved in the design and implementation of hundreds of notice programs throughout her career.  A partial listing of her case work is provided below.

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *A.B. v. Regents of the Univ. of California* | 20-cv-09555-RGK-E | C.D. Cal. |
| *Abante Rooter & Plumbing, Inc. v. New York Life Ins. Co.* | 16-cv-03588 | S.D.N.Y. |
| *Advance Trust & Life Escrow Serv., LTA v. Sec. Life of Denver Ins. Co.* | 18-cv-01897-DDD-NYW | D. Colo. |
| *Ahmed v. HSBC Bank USA, NA* | 15-cv-2057-FMO-SPx | N.D. Ill. |
| *Allen v. UMB Bank, N.A.* | 1016-CV34791 | Mo. Cir. Ct. |
| *Anderson v. Canada (Phase I)* | 2008NLTD166 | NL Sup. Ct. |
| *Anderson v. Canada (Phase II)* | 2007 01T4955CP | NL Sup. Ct. |
| *Angel v. U.S. Tire Recovery* | 06-C-855 | W. Va. Cir. Ct. |
| *Baiz v. Mountain View Cemetery* | 809869-2 | Cal. Super. Ct. |
| *Baker v. Jewel Food Stores, Inc. & Dominick's Finer Foods, Inc.* | 00-L-9664 | Ill. Cir. Ct. |
| *Barba v. Shire U.S., Inc.* | 13-cv-21158 | S.D. Fla. |
| *Beck-Ellman v. Kaz USA Inc.* | 10-cv-2134 | S.D. Cal. |
| *Beringer v. Certegy Check Serv., Inc.* | 07-cv-1657-T-23TGW | M.D. Fla. |
| *Bibb v. Monsanto Co. (Nitro)* | 041465 | W. Va. Cir. Ct. |
| *Billieson v. City of New Orleans* | 94-19231 | La. Civ. Dist. Ct. |
| *Bland v. Premier Nutrition Corp.* | RG19-002714 | Cal. Super. Ct. |
| *Boskie v. Backgroundchecks.com* | 2019CP3200824 | S.C. C.P. |
| *Brookshire Bros. v. Chiquita* | 05-CIV-21962 | S.D. Fla. |
| *Brown v. Am. Tobacco* | J.C.C.P. 4042 No. 711400 | Cal. Super. Ct. |
| *Bruzek v. Husky Oil Operations Ltd.* | 18-cv-00697 | W.D. Wis. |
| *Campos v. Calumet Transload R.R., LLC* | 13-cv-08376 | N.D. Ill. |
| *Cappalli v. BJ's Wholesale Club, Inc.* | 10-cv-00407 | D.R.I. |
| *Carter v. Monsanto Co. (Nitro)* | 00-C-300 | W. Va. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Chambers v. Whirlpool Corp.* | 11-cv-01733 | C.D. Cal. |
| *Cobb v. BSH Home Appliances Corp.* | 10-cv-00711 | C.D. Cal. |
| *Davis v. Am. Home Prods. Corp.* | 94-11684 | La. Civ. Dist. Ct., Div. K |
| *Defrates v. Hollywood Ent. Corp.* | 02L707 | Ill. Cir. Ct. |
| *de Lacour v. Colgate-Palmolive Co.* | 16-cv-8364-KW | S.D.N.Y. |
| *Demereckis v. BSH Home Appliances Corp.* | 8:10-cv-00711 | C.D. Cal. |
| *Demmick v. Cellco P'ship* | 06-cv-2163 | D.N.J. |
| *Desportes v. Am. Gen. Assurance Co.* | SU-04-CV-3637 | Ga. Super. Ct. |
| *Dolen v. ABN AMRO Bank N.V.* | 01-L-454 & 01-L-493 | Ill. Cir. Ct. |
| *Donnelly v. United Tech. Corp.* | 06-CV-320045CP | Ont. S.C.J. |
| *Eck v. City of Los Angeles* | BC577028 | Cal. Super. Ct. |
| *Engquist v. City of Los Angeles* | BC591331 | Cal. Super. Ct. |
| *Ervin v. Movie Gallery Inc.* | CV-13007 | Tenn. Ch. Fayette Co. |
| *First State Orthopaedics v. Concentra, Inc.* | 05-CV-04951-AB | E.D. Pa. |
| *Fisher v. Virginia Electric & Power Co.* | 02-CV-431 | E.D. Va. |
| *Flaum v. Doctor's Assoc., Inc. (d/b/a Subway)* | 16-cv-61198 | S.D. Fla. |
| *Fond du Lac Bumper Exch. Inc. v. Jui Li Enter. Co. Ltd. (Direct & Indirect Purchasers Classes)* | 09-cv-00852 | E.D. Wis. |
| *Ford Explorer Cases* | JCCP Nos. 4226 & 4270 | Cal. Super. Ct. |
| *Friedman v. Microsoft Corp.* | 2000-000722 | Ariz. Super. Ct. |
| *FTC v. Reckitt Benckiser Grp. PLC* | 19CV00028 | W.D. Va. |
| *Gardner v. Stimson Lumber Co.* | 00-2-17633-3SEA | Wash. Super. Ct. |
| *Gordon v. Microsoft Corp.* | 00-5994 | D. Minn. |
| *Grays Harbor v. Carrier Corp.* | 05-05437-RBL | W.D. Wash. |
| *Griffin v. Dell Canada Inc.* | 07-CV-325223D2 | Ont. Super. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (AIG)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (FARA)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (Focus)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (Wal-Mart)* | 2004-2417-D | La. 14th Jud. Dist. Ct. |
| *Gunderson v. F.A. Richard & Assoc., Inc. (Amerisafe)* | 2004-002417 | La. 14th Jud. Dist. Ct. |
| *Herrera v. Wells Fargo Bank, N.A.* | 18-cv-00332-JVS-MRW | C.D. Cal. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Huntzinger v. Suunto Oy* | 37-2018-00027159-CU-BT-CTL | Cal. Super. Ct. |
| *In re Anthem, Inc. Data Breach Litig.* | 15-md-02617 | N.D. Cal. |
| *In re Babcock & Wilcox Co.* | 00-10992 | E.D. La. |
| *In re Blue Cross Blue Shield Antitrust Litig.* | 13-CV-20000-RDP | N.D. Ala. |
| *In re Broiler Chicken Antitrust Litig.* | 16-cv-08637 | N.D. Ill. |
| *In re ConAgra Foods Inc.* | 11-cv-05379-CJC-AGR | C.D. Cal. |
| *In re Countrywide Fin. Corp. Customer Data Sec. Breach* | MDL 08-md-1998 | W.D. Ky. |
| *In re General Motors LLC Ignition Switch Litig. (economic settlement)* | 2543 (MDL) | S.D.N.Y. |
| *In re High Sulfur Content Gasoline Prod. Liab.* | MDL No. 1632 | E.D. La. |
| *In re Home Depot, Inc., Customer Data Sec. Breach Litig.* | 14-md-02583 | N.D. Ga. |
| *In re Hypodermic Prod. Antitrust Litig.* | 05-cv-01602 | D.N.J. |
| *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig. (Indirect-Purchasers)* | 14-md-02542 | S.D.N.Y. |
| *In re Lidoderm Antitrust Litig.* | 14-md-02521 | N.D. Cal. |
| *In re Lupron Mktg. & Sales Practices* | MDL No.1430 | D. Mass. |
| *In re Mercedes-Benz Emissions Litig.* | 16-cv-881 (KM) (ESK) | D.N.J. |
| *In re Monitronics Int'l, Inc., TCPA Litig.* | 11-cv-00090 | N.D. W.Va. |
| *In re Parmalat Sec.* | 04-md-01653 (LAK) | S.D.N.Y. |
| *In re Residential Schools Litig.* | 00-CV-192059 CPA | Ont. Super. Ct. |
| *In re Resistors Antitrust Litig.* | 15-cv-03820-JD | N.D. Cal. |
| *In re Royal Ahold Sec. & "ERISA"* | 03-md-01539 | D. Md. |
| *In re Rust-Oleum Restore Mktg. Sales Practices & Prod. Liab. Litig.* | 15-cv01364 | N.D. Ill. |
| *In re Sears, Roebuck & Co. Front-Loading Washer Prod. Liab. Litig.* | 06-cv-07023 | N.D. Ill. |
| *In re Serzone Prod. Liab.* | 02-md-1477 | S.D. W. Va. |
| *In re Skelaxin (Metaxalone) Antitrust Litig.* | 12-cv-194 | E.D. Ten. |
| *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig. (Direct Purchaser Class)* | 14-md-2503 | D. Mass. |
| *In re TJX Cos. Retail Sec. Breach Litig.* | MDL No. 1838 | D. Mass. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *In re Trans Union Corp. Privacy Litig.* | MDL No. 1350 | N.D. Ill. |
| *In re Uponor, Inc., F1807 Prod. Liab. Litig.* | 2247 | D. Minn. |
| *In re U.S. Dep't of Veterans Affairs Data Theft Litig.* | MDL 1796 | D.D.C. |
| *In re Zurn Pex Plumbing Prod. Liab. Litig.* | MDL 08-1958 | D. Minn. |
| *Johnson v. Yahoo! Inc.* | 14-cv02028 | N.D. Ill. |
| *Kearney v. Equilon Enter. LLC* | 14-cv-00254 | D. Ore. |
| *Ko v. Natura Pet Prod., Inc.* | 09cv02619 | N.D. Cal. |
| *Langan v. Johnson & Johnson Consumer Co.* | 13-cv-01471 | D. Conn. |
| *Lavinsky v. City of Los Angeles* | BC542245 | Cal. Super. Ct. |
| *Lee v. Stonebridge Life Ins. Co.* | 11-cv-00043 | N.D. Cal. |
| *Lerma v. Schiff Nutrition Int'l, Inc.* | 11-cv-01056 | S.D. Cal. |
| *Levy v. Dolgencorp, LLC* | 20-cv-01037-TJC-MCR | M.D. Fla. |
| *Lockwood v. Certegy Check Serv., Inc.* | 07-CV-587-FtM-29-DNF | M.D. Fla. |
| *Luster v. Wells Fargo Dealer Serv., Inc.* | 15-cv-01058 | N.D. Ga. |
| *Malone v. Western Digital Corp.* | 20-cv-03584-NC | N.D. Cal. |
| *Martinelli v. Johnson & Johnson* | 15-cv-01733-MCE-DB | E.D. Cal. |
| *McCrary v. Elations Co., LLC* | 13-cv-00242 | C.D. Cal. |
| *Microsoft I-V Cases* | J.C.C.P. No. 4106 | Cal. Super. Ct. |
| *Molina v. Intrust Bank, N.A.* | 10-cv-3686 | Ks. 18th Jud. Dist. Ct. |
| *Morrow v. Conoco Inc.* | 2002-3860 | La. Dist. Ct. |
| *Mullins v. Direct Digital LLC.* | 13-cv-01829 | N.D. Ill. |
| *Myers v. Rite Aid of PA, Inc.* | 01-2771 | Pa. C.P. |
| *Naef v. Masonite Corp.* | CV-94-4033 | Ala. Cir. Ct. |
| *Nature Guard Cement Roofing Shingles Cases* | J.C.C.P. No. 4215 | Cal. Super. Ct. |
| *Nichols v. SmithKline Beecham Corp.* | 00-6222 | E.D. Pa. |
| *Nishimura v Gentry Homes, LTD.* | 11-11-1-1522-07-RAN | Haw. Cir. Ct. |
| *Novoa v. The GEO Grp., Inc.* | 17-cv-02514-JGB-SHK | C.D. Cal. |
| *Nwauzor v. GEO Grp., Inc.* | 17-cv-05769 | W.D. Wash. |
| *Palace v. DaimlerChrysler* | 01-CH-13168 | Ill. Cir. Ct. |
| *Peek v. Microsoft Corp.* | CV-2006-2612 | Ark. Cir. Ct. |
| *Plubell v. Merck & Co., Inc.* | 04CV235817-01 | Mo. Cir. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Podawiltz v. Swisher Int'l, Inc.* | 16CV27621 | Or. Cir. Ct. |
| *Poertner v. Gillette Co.* | 12-cv-00803 | M.D. Fla. |
| *Prather v. Wells Fargo Bank, N.A.* | 15-cv-04231 | N.D. Ga. |
| *Q+ Food, LLC v. Mitsubishi Fuso Truck of Am., Inc.* | 14-cv-06046 | D.N.J. |
| *Richison v. Am. Cemwood Corp.* | 005532 | Cal. Super. Ct. |
| *Rick Nelson Co. v. Sony Music Ent.* | 18-cv-08791 | S.D.N.Y. |
| *Roberts v. Electrolux Home Prod., Inc.* | 12-cv-01644 | C.D. Cal. |
| *Russell v. Kohl's Dep't Stores, Inc.* | 15-cv-01143 | C.D. Cal. |
| *Sandoval v. Merlex Stucco Inc.* | BC619322 | Cal. Super. Ct. |
| *Scott v. Blockbuster, Inc.* | D 162-535 | 136th Tex. Jud. Dist. |
| *Senne v Office of the Comm'r of Baseball* | 14-cv-00608-JCS | N.D. Cal. |
| *Shames v. Hertz Corp.* | 07cv2174-MMA | S.D. Cal. |
| *Sidibe v. Sutter Health* | 12-cv-4854-LB | N.D. Cal. |
| *Staats v. City of Palo Alto* | 2015-1-CV-284956 | Cal. Super. Ct. |
| *Soders v. Gen. Motors Corp.* | CI-00-04255 | Pa. C.P. |
| *Sonner v. Schwabe North America, Inc.* | 15-cv-01358 VAP (SPx) | C.D. Cal. |
| *Stroud v. eMachines, Inc.* | CJ-2003-968-L | W.D. Okla. |
| *Swetz v. GSK Consumer Health, Inc.* | 20-cv-04731 | S.D.N.Y. |
| *Talalai v. Cooper Tire & Rubber Co.* | MID-L-8839-00 MT | N.J. Super. Ct. |
| *Tech. Training Assoc. v. Buccaneers Ltd. P'ship* | 16-cv-01622 | M.D. Fla. |
| *Thibodeaux v. Conoco Philips Co.* | 2003-481 | La. 4th Jud. Dist. Ct. |
| *Thomas v. Lennox Indus. Inc.* | 13-cv-07747 | N.D. Ill. |
| *Thompson v. Metropolitan Life Ins. Co.* | 00-CIV-5071 HB | S.D. N.Y. |
| *Turner v. Murphy Oil USA, Inc.* | 05-CV-04206-EEF-JCW | E.D. La. |
| *USC Student Health Ctr. Settlement* | 18-cv-04258-SVW | C.D. Cal. |
| *Walker v. Rite Aid of PA, Inc.* | 99-6210 | Pa. C.P. |
| *Wells v. Abbott Lab., Inc. (AdvantEdge/ Myoplex nutrition bars)* | BC389753 | Cal. Super. Ct. |
| *Wener v. United Tech. Corp.* | 500-06-000425-088 | QC. Super. Ct. |
| *West v. G&H Seed Co.* | 99-C-4984-A | La. 27th Jud. Dist. Ct. |
| *Williams v. Weyerhaeuser Co.* | CV-995787 | Cal. Super. Ct. |

| CASE NAME | CASE NUMBER | LOCATION |
|---|---|---|
| *Yamagata v. Reckitt Benckiser, LLC* | 17-cv-03529-CV | N.D.Cal. |
| *Zarebski v. Hartford Ins. Co. of the Midwest* | CV-2006-409-3 | Ark. Cir. Ct. |

# - EXHIBIT B -

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

# If you purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more Defendants between April 10, 2013 and [Date of Preliminary Approval], you may be affected by a class action settlement

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT.**

You or your company have been identified as a member of a proposed Settlement Class. This notice is to:

- Provide information regarding a proposed Settlement with Defendants Mowi ASA (formerly known as Marine Harvest ASA), Mowi USA, LLC (formerly known as Marine Harvest USA, LLC), Mowi Canada West, Inc. (formerly known as Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood ASA, Grieg Seafood BC Ltd., Grieg Seafood North America Inc. (formerly known as Ocean Quality North America Inc.), Grieg Seafood USA, Inc. (formerly known as Ocean Quality USA Inc.), Grieg Seafood Premium Brands, Inc. (formerly known as Ocean Quality Premium Brands, Inc.); Sjór AS (formerly known as Ocean Quality AS); SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS.

- Provide information regarding a process and deadline for filing a claim, excluding yourself from the Settlement, and objecting to the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **You May** | **Explanation** | **Deadline** |
| **STAY IN THE SETTLEMENT CLASS, AND FILE A CLAIM** | • File a claim to receive benefits<br>• Give up your right to separately sue or continue to sue Defendants for the claims in this case | **Month x, 2022** |
| **STAY IN THE SETTLEMENT CLASS, AND DO NOTHING** | • Receive no benefits<br>• Give up your right to separately sue or continue to sue Defendants for the claims in this case | **None** |
| **STAY IN THE SETTLEMENT CLASS, BUT OBJECT TO THE SETTLEMENT** | • Tell the Court what you do not like about the Settlement—you will still be bound by the Settlement if the Court approves it over your objection or other objections. | Postmarked by **Month x, 2022** |
| **STAY IN THE SETTLEMENT CLASS, AND ATTEND THE HEARING** | • Ask to speak in Court about the Settlement by providing Notice of Intention to Appear<br>• If you want your own attorney to represent you, you must pay for that attorney | Postmarked by **Month x, 2022** |
| **ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS ("OPT OUT")** | • Receive no benefits<br>• Keep your right to sue or continue to sue Defendants for the claims in this case at your own expense | Postmarked by **Month x, 2022** |

**Questions? Visit www.xxxxxSettlement.com or call toll-free at 1-xxx-xxx-xxxx**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................ 3
1.   Why did I receive this notice?
2.   What is this lawsuit about?
3.   What is a class action and who is involved?
4.   Why is there a proposed Settlement in this case?

**WHO IS IN THE SETTLEMENT CLASS?** ......................................................................... 4
5.   Am I part of the Settlement Class?
6.   I am still not sure if I am included.

**THE LAWYERS REPRESENTING YOU** ........................................................................... 4
7.   Do I have a lawyer in this case?
8.   How will the lawyers be paid?

**SETTLEMENT BENEFITS** ............................................................................................. 4
9.   What does the proposed Settlement provide?
10.  What are the Settlement benefits being used for?
11.  How can I get a payment?
12.  When do I get my payment?
13.  What am I giving up by staying in the Settlement Class?

**IF YOU DO NOTHING** ................................................................................................. 5
14.  What happens if I do nothing at all?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................ 6
15.  What does it mean if I exclude myself from the Settlement Class?
16.  How do I exclude myself from the Settlement Class?

**OBJECTING TO THE SETTLEMENT** ............................................................................. 6
17.  How do I tell the Court that I don't like the proposed Settlement?
18.  What is the difference between excluding myself and objecting?

**THE COURT'S FAIRNESS HEARING** ............................................................................ 7
19.  When and where is the Court's Fairness Hearing?
20.  Do I have to come to the hearing?
21.  May I speak at the hearing?

**GETTING MORE INFORMATION** ................................................................................. 7
22.  How do I get more information?

# Basic Information

| 1. Why did I receive this notice? |
|---|

You received this notice because your business may have purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more of the Defendants between April 10, 2013 and [Date of Preliminary Approval]. You have the right to know about your rights or options in the proposed Settlement.

The Court in charge of this case is the United States District Court for the Southern District of Florida, Miami Division (the "Court"). The case is called *In Re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Master File No. 19-21551-CV-ALTONAGA. It was filed in 2019.

Plaintiffs Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corporation; and The Fishing Line LLC—sued on behalf of a proposed Class. The companies they sued are called the Defendants and they are: Mowi ASA (formerly known as Marine Harvest ASA), Mowi USA, LLC (formerly known as Marine Harvest USA, LLC), Mowi Canada West, Inc. (formerly known as Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood ASA, Grieg Seafood BC Ltd., Grieg Seafood North America Inc. (formerly known as Ocean Quality North America Inc.),; Grieg Seafood USA, Inc. (formerly known as Ocean Quality USA Inc.), Grieg Seafood Premium Brands, Inc. (formerly known as Ocean Quality Premium Brands, Inc.); Sjór AS (formerly known as Ocean Quality AS); SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS.

This notice explains that:

- ✓ The Settlement Class is affected by a proposed Settlement with all Defendants.

- ✓ You have legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

| 2. What is this lawsuit about? |
|---|

Plaintiffs allege that Defendants conspired to fix, raise, and maintain the prices that direct purchasers paid for the Defendants' farm-raised Atlantic salmon and that, as a result, members of the Class paid more than they otherwise would have. Defendants deny all liability for this conduct and assert that their conduct was lawful or exempt from the antitrust laws, and that their conduct did not cause injury, among other defenses. The Court has not decided who is right. Plaintiffs and Defendants have reached a proposed Settlement to avoid the uncertainties, risks, and costs of further litigation.

| 3. What is a class action and who is involved? |
|---|

In a class action lawsuit, one or more persons or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action settlement or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

| 4. Why is there a proposed Settlement in this case? |
|---|

The Court did not decide in favor of either Plaintiffs or the Defendants. Trials involve risks to both sides; therefore, Plaintiffs and the Defendants have agreed to settle the case. The proposed Settlement requires Defendants to pay money to members of the Settlement Class. Plaintiffs and their attorneys believe the Settlement is in the best interests of the Settlement Class.

**Questions? Visit www.xxxx.com or call toll-free at 1-xxx-xxx-xxxx**

3

# Who is in the Settlement Class?

| **5.   Am I part of the Settlement Class?** |
| --- |

You are a Settlement Class Member if you or your company purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more of the Defendants between April 10, 2013 and [Date of Preliminary Approval].  Excluded from the Settlement Class are the Court and its personnel and any Defendants and their parent, subsidiary, or affiliated companies.

| **6.   I am still not sure if I am included.** |
| --- |

If you are still not sure if you are included in the Settlement Class, please review the detailed case information, available at www.xxxx.com.  You may also call the Claims Administrator toll-free at 1-xxx-xxx-xxxx.

# The Lawyers Representing You

| **7.   Do I have a lawyer in this case?** |
| --- |

The Court has appointed Podhurst Orseck, P.A. and Hausfeld LLP as Class Counsel.  Their contact information is provided below.  If you wish to remain a Settlement Class Member, you do not need to hire your own lawyer because Class Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you.  You may need to hire your own lawyer if you wish to pursue your own lawsuit against the Defendants.

| **8.   How will the lawyers be paid?** |
| --- |

You will not have to pay any attorneys' fees or costs out-of-pocket.  You do not have to pay Class Counsel. Class Counsel have not been paid for their services since this case began.   They will seek an award of attorneys' fees out of the Settlement Fund, as well as reimbursement for litigation costs they advanced in pursuing the claims. The fees will compensate Class Counsel for investigating the facts, litigating the case, and negotiating and administering the Settlement.  Class Counsel's attorneys' fee request will not exceed 30% percent of the Settlement Amount. Any attorneys' fees and costs awarded are subject to the Court's approval. Class Counsel's motion for approval of their fees and costs will be posted at www.xxxx.com prior to the deadline for objections.

# Settlement Benefits

| **9.   What does the proposed Settlement provide?** |
| --- |

If the proposed Settlement is approved, the Defendants will pay a total Settlement Amount of $85,000,000.00 into a Settlement Fund. After deductions for attorneys' fees, litigation costs, and other expenses (Question 10), the Fund will be distributed to Settlement Class Members who submit valid claims.

| **10. What are the Settlement benefits being used for?** |
| --- |

Settlement Class Members who make a claim will be entitled to receive cash from the Settlement Fund, after deductions for legal fees (not to exceed 30% of the Settlement Amount) and litigation costs; the cost of notice, administration and the distribution of the Settlement proceeds (estimated at approximately $75,000), as well as to pay reasonable Service Awards to each of the four named Class Representatives for their work in the case, if permitted by the Court. The remainder of the Settlement Amount will be distributed via check on a pro rata

**Questions? Visit www.xxxx.com or call toll-free at 1-xxx-xxx-xxxx**

4

basis to Settlement Class Members who make a claim based on the number of claims and the volume of commerce represented in those claims. Using an online portal, Settlement Class Members will be able to check their claim volume, and in the event that their own data suggests that a different claimed volume of commerce is appropriate, they can provide that information, and it will be considered by the Claims Administrator, subject to audit.

To the extent there are any undistributed funds following an initial distribution to Settlement Class Members, the Claims Administrator, upon the recommendation of Class Counsel and approval by the Court, will either make subsequent distributions to Settlement Class Members, or, if it is infeasible to do so in light of the amount of undistributed funds and the costs of Administration, will distribute those funds to x.

## 11. How can I get a payment?

You must complete and submit a timely Claim Form to be eligible to receive a payment from the Settlement. The Claim Form can be obtained online at www.xxxx.com or by writing or emailing the Claims Administrator at the address listed below.  The completed Claim Form must be submitted online at www.xxxx.com or by mail to the address below postmarked by **Month x, 2022**.

xxxx Settlement<br>
c/o JND Legal Administration<br>
P.O. Box xxxxx<br>
Seattle, WA 98111-0050

**If you do not submit a valid Claim Form by Month x, 2022, you will not receive a payment, but you will be bound by the Court's judgment.**

You may receive offers from companies, not affiliated with the Court or Class Counsel, that specialize in aggregating claims of Class Members who will offer to complete and file your claim in return for your agreement to pay them a percentage of the amount you receive. YOU DO NOT NEED TO PAY ANYONE TO FILE YOUR CLAIM. You can always seek help from the Settlement Administrator or Class Counsel at no charge.

## 12. When do I get my payment?

Payments will be made to Settlement Class Members who submit valid and timely Claim Form after the Court grants "final approval" to the Settlement and after all appeals are resolved.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved and resolving them can take time. Please be patient.

## 13. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself from the Settlement Class, you are staying in the Settlement Class.  By staying in the Settlement Class, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants that makes claims based on the same legal issues alleged or could have been alleged in this case.  All Court orders will apply to you and legally bind you.  The Released Claims are detailed in the Settlement Agreement, available at www.xxxxx.com.

# If You Do Nothing

## 14. What happens if I do nothing at all?

If you do nothing, you will not get a payment from the Settlement.  Unless you exclude yourself, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants that makes claims based on the same

**Questions? Visit www.xxxx.com or call toll-free at 1-xxx-xxx-xxxx**

5

legal issues alleged or could have been alleged in this case.  All Court orders will apply to you and legally bind you.

# Excluding Yourself from the Settlement

**15. What does it mean if I exclude myself from the Settlement Class?**

Excluding yourself or opting out of the Settlement Class means you remove yourself from the Settlement and its benefits and releases.  If you have a pending lawsuit against any of the Defendants involving the same legal issues in this case, speak to your lawyer in that case immediately.

**16. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement your Request for Exclusion must include: (a) the name (including any formerly known names, doing business as names, etc.), address, and telephone number of the person(s) seeking exclusion; (b) a signed statement that "I/we hereby request that I/we be excluded from the *In Re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*"; (c) documents sufficient to prove membership in the Settlement Class; and (d) the signature(s) of Person(s) requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.  The name of the Person(s) seeking exclusion should be as specific as possible, including any "formerly known as" names, "doing business as" names, etc. You must mail your Request for Exclusion, postmarked by **Month x, 2022**, to:

*Farm Raised Salmon and Salmon Products Settlement* – EXCLUSIONS
c/o JND Legal Administration
PO Box xxxxx
Seattle, WA 98111

# Objecting to the Settlement

**17. How do I tell the Court that I do not like the proposed Settlement?**

If you stay in Settlement Class, you can object to the proposed Settlement if you do not like part or all of it.  The Court will consider your views.

To object to the Settlement, you must send a written objection that includes:

- Your Notice of Intention to Appear;
- Proof of membership in the Settlement Class; and
- The specific grounds for the objection and any reasons why you desire to appear and be heard, as well as all documents or writings that you desire the Court to consider.

Your written objection must be filed with the Court and mailed to Class Counsel and the Defendants' counsel at the addresses below.  Your objection must be postmarked (or mailed by overnight delivery) no later than **Month x, 2022**.

| **The Court:** | **Class Counsel:** | **Defendants' Counsel:** |
|---|---|---|
| xxxx | x | x |

**Questions? Visit www.xxxx.com or call toll-free at 1-xxx-xxx-xxxx**

**18. What is the difference between excluding myself and objecting?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Settlement. If you exclude yourself from the Settlement, you have no standing to object because the Settlement no longer affects you.

# The Court's Fairness Hearing

**19. When and where is the Court's Fairness Hearing?**

The Court will hold a Fairness Hearing at x:xx x.m. XX on **Month x, 2022** at the United States District Court for the Southern District of Florida, x, x, Miami, FL xxxxx, Courtroom #x. At the hearing, the Court will consider (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate to Settlement Class Members; and (ii) whether to approve any application by Class Counsel for an award of attorneys' fees and payment of costs and expenses, and any Service Awards to the named Class Representatives.

If there are objections, the Court will consider them. You may attend and ask to speak at the Fairness Hearing if you filed an objection as instructed in Question 17, but you do not have to. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long the Court will take to decide. The date of the hearing may change without further notice to the Settlement Class, so please check www.xxxxx.com for updates.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection to the proposed Settlement, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing or trial, but it is not necessary.

**21. May I speak at the hearing?**

Yes. If you did not request exclusion from the Settlement, you may ask permission for you or your own attorney to speak at the Fairness Hearing, at your own expense. To do so, you must submit a written objection as instructed in Question x. Your Notice of Intention to Appear must be postmarked no later than **Month xx, 2022**, and it must be sent to the Court, Class Counsel, and Defendants' counsel at the addresses provided in Question x. You cannot ask to speak at the hearing if you exclude yourself from the Settlement Class.

# Getting More Information

**22. How do I get more information?**

For more detailed information about the case, visit www.xxxxxx.com or contact the Claims Administrator:

xxx Settlement
c/o JND Legal Administration
P.O. Box xxxxx
Seattle, WA 98111-0050
info@xxxxx.com
1-xxx-xxx-xxxx

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION.**

**Questions? Visit www.xxxx.com or call toll-free at 1-xxx-xxx-xxxx**

# - EXHIBIT C -

**If you purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more Defendants between April 10, 2013 and [Date of Preliminary Approval], you may be affected by a class action settlement**

SEATTLE, [DATE], 2022/

JND Legal Administration announces a proposed Settlement in *In Re: Farm-Raised Salmon and Salmon Products Antitrust Litigation*, Master File No. 19-21551-CVALTONAGA.  The Court in charge of this case is the United States District Court for the Southern District of Florida, Miami Division (the "Court").

Plaintiffs Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corporation; and The Fishing Line LLC—sued on behalf of a proposed Class.  The companies they sued are called the Defendants and include Mowi ASA (formerly known as Marine Harvest ASA), Mowi USA, LLC (formerly known as Marine Harvest USA, LLC), Mowi Canada West, Inc. (formerly known as Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood ASA, Grieg Seafood BC Ltd., Grieg Seafood North America Inc. (formerly known as Ocean Quality North America Inc.),; Grieg Seafood USA, Inc. (formerly known as Ocean Quality USA Inc.), Grieg Seafood Premium Brands, Inc. (formerly known as Ocean Quality Premium Brands, Inc.); Sjór AS (formerly known as Ocean Quality AS); SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS.

## Who is part of the Settlement Class?

You are a Settlement Class Member if you or your company purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more of the Defendants between April 10, 2013 and [Date of Preliminary Approval].  Excluded from the Settlement Class are the Court and its personnel and any Defendants and their parent,  subsidiary, or affiliated companies.

## What is this case about?

Plaintiffs allege that Defendants conspired to fix, raise, and maintain the prices that direct purchasers paid for the Defendants' farm-raised Atlantic salmon and that, as a result, members of the Class paid more than they otherwise would have.  Defendants deny all claims and have asserted a number of defenses.  The Court has not decided who is right.  Plaintiffs and Defendants have reached a proposed Settlement to avoid the uncertainties, risks, and costs of further litigation.

## What does the Settlement provide?

If the Settlement is approved, Defendants will pay a total Settlement Amount of $85,000,000.00 into a Settlement Fund to pay legal fees (not to exceed 30% of the Settlement Amount) and litigation costs; the cost of notice, administration, and the distribution of the Settlement proceeds (estimated at approximately $75,000), as well as to pay reasonable Service Awards to each of the four Class Representatives for their work in the case, if permitted by the Court.  The remainder of the Settlement Amount will be available for distributions to Settlement Class Members.  Settlement Class Members who make a claim will receive their pro rata distribution via check based on the number of claims and the volume of commerce represented in those claims.  Using an online portal, Settlement Class Members will be able to check their claim volume, and in the event that their own data suggests that a different claimed volume of commerce is appropriate, they can provide that information, and it will be considered by the Claims Administrator, subject to audit.

**How can I get a payment?**

You must complete and submit a timely Claim Form to be eligible to receive a payment from the Settlement. The Claim Form can be obtained online at [www.xxxx.com] or by writing or emailing the Claims Administrator at the address listed below.

[xxxx] Settlement
c/o JND Legal Administration
P.O. Box xxxxx
Seattle, WA 98111-0050
info@xx.com

The completed Claim Form must be submitted online or by mail postmarked by [**Month x, 2022**].  If you do not submit a valid Claim Form by [**Month x, 2022**], you will not receive a payment, but you will be bound by the Court's judgment.

You may receive offers from companies, not affiliated with the Court or Class Counsel, that specialize in aggregating claims of Class Members who will offer to complete and file your claim in return for your agreement to pay them a percentage of the amount you receive. YOU DO NOT NEED TO PAY ANYONE TO FILE YOUR CLAIM. You can always seek help from the Settlement Administrator or Class Counsel at no charge.

**When do I get my payment?**

Payments will be made to Settlement Class Members who submit valid and timely Claim Form after the Court grants "final approval" to the Settlement and after all appeals are resolved.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved and resolving them can take time.  Please be patient.

**Do I have a lawyer and how will they be paid?**

The Court has appointed Podhurst Orseck, P.A. and Hausfeld LLP as Class Counsel.  You do not have to pay Class Counsel.  Class Counsel have not been paid for their services since this case began.  They will seek an award of attorneys' fees out of the Settlement Fund, as well as reimbursement for litigation costs they advanced in pursuing the claims.  The fees will compensate Class Counsel for investigating the facts, litigating the case, and negotiating and administering the Settlement.  Class Counsel's attorneys' fee request will not exceed 30% of the Settlement Amount.  Any attorneys' fees and costs awarded are subject to the Court's approval. Class Counsel's motion for approval of that award and payment of their fees and costs will also be posted at www.xxxx.com prior to the deadline for objections.

**What are my other rights and options?**

If you do not file a claim, your other options are:

STAY IN THE CLASS AND DO NOTHING.  If you do nothing, you will receive no benefits and you will give up your right to separately sue or continue to sue the Defendants for the claims in this case.

STAY IN THE SETTLEMENT CLASS, BUT OBJECT TO THE SETTLEMENT.  If you do not exclude yourself from the Settlement Class, you may tell the Court what you do not like about the proposed Settlement. You will still be bound by the proposed Settlement unless you exclude yourself from the Settlement Class.

ASK TO BE EXCLUDED FROM THE SETTLEMENT CLASS.  This means you remove yourself from the Class entirely.  You will receive no benefits and you will no longer be bound by any judgment for this case. You will keep your right to sue or continue to sue the Defendants for the legal claims in this case.

Go to [www.xxxxx.com] for details on how to exclude yourself or object.  Exclusion requests and objections must be postmarked by [**Month x, 2022**].

**Fairness Hearing**

The Court will hold a Fairness Hearing at [x:xx x.m.] on [Month x, 2022] at the United States District Court for the Southern District of Florida, [x, xxx, Miami, FL xxxxx in Courtroom x].  At the hearing, the Court will consider (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate to Settlement Class Members; and (ii) whether to approve any application by Class Counsel for an award of attorneys' fees and payment of costs and expenses, and any Service Awards to the named Class Representatives.  If there are objections, the Court will consider them.  If you stay in the Settlement Class, you or your representative may ask to speak at the hearing at your own expense, but you do not have to.  The date of the hearing may change, so please check www.xxxx.com for updates.

**Questions?**

For more information go to www.xxxx.com, call toll-free 1-xxx-xxx-xxxx, or email info@xxx.com.

**Please do not contact the Court.**