UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21551-CIV-ALTONAGA/Louis

In re:

**FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION**

_____/

## ORDER

**THIS CAUSE** came before the Court on the Direct Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement With All Defendants,[1] Preliminary Certification of Settlement Class, and Approval of Class Notice [ECF No. 524], filed on May 25, 2022. Having reviewed the Settlement Agreement [ECF No. 524-3], the supporting declarations, and the record, it is

**ORDERED AND ADJUDGED** that the Direct Purchaser Plaintiffs' Motion **[ECF No. 524]** is **GRANTED**. All pending deadlines in the case are vacated and replaced by the deadlines set forth herein.

---

[1] The Direct Purchaser Plaintiffs are: Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corporation; and The Fishing Line LLC. The Defendants are: Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood ASA, Grieg Seafood BC Ltd., Grieg Seafood North America Inc. (f/k/a Ocean Quality North America Inc.), Grieg Seafood USA Inc. (f/k/a Ocean Quality USA Inc.), and Grieg Seafood Premium Brands, Inc. (f/k/a Ocean Quality Premium Brands, Inc.); Sjor AS; SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS. Defendants, collectively with the Direct Purchaser Plaintiffs, are referred to as the "Parties" herein.

Preliminary Approval of Settlement Agreement[2]

1. The terms of the Settlement Agreement are preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing. In preliminarily approving the Settlement Agreement, upon review of the record, the Court makes the following findings:

    a. The Court has jurisdiction over this action and each of the parties to the Settlement Agreement.

    b. The proposed class representative and Class Counsel have adequately represented the Settlement Class.

    c. The Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Settlement Class.

    d. The relief provided for the Settlement Class is fair, reasonable, adequate, and in the best interests of the Settlement Class, including taking into account the relevant subfactors.

    e. The Settlement Agreement treats members of the Settlement Class equitably relative to each other.

    f. The parties have also identified all agreements made in connection with the proposal, which in this case are the Settlement Agreement and a separate confidential agreement between the parties regarding the number of opt-outs necessary to give Defendants the option to terminate the Settlement Agreement. The Court has access to that agreement via *in camera* review and finds it reasonable, fair, and adequate for preliminary approval purposes.

    g. The *Bennett* factors similarly support the grant of preliminary approval of the Settlement Agreement. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir.

---

[2] Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

1984). Those factors include (1) "the likelihood of success at trial"; (2) "the range of possible recovery"; (3) "the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable"; (4) "the complexity, expense and duration of litigation"; (5) "the substance and amount of opposition to the settlement"; and (6) "the stage of proceedings at which the settlement was achieved." *Id*. Each of these factors is addressed in the Direct Purchaser Plaintiffs' Motion, and the Court finds them satisfied for purposes of preliminary approval.

## Class Certification

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes:

   All persons and entities in the United States, their territories, and the District of Columbia who purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more Defendants from April 10, 2013 until the date of Preliminary Approval. Excluded from the Settlement Class are the Court and its personnel and any Defendants and their parents, subsidiaries, or affiliated companies.

2. The proposed Settlement Class here satisfies the applicable requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes. The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiffs and Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over individual issues affecting the members of the Settlement Class. The Court further finds that the Direct Purchaser Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds that settlement of this action on a class basis is superior to other means of resolving the matter.

3. Provisional certification of the Settlement Class is for settlement purposes only, shall not constitute evidence in any other proceeding, and may not be cited in support of the certification of any other proposed class.

## Appointment of Class Representative and Class Counsel

1. The Court appoints Plaintiff Euclid Fish Company, Euro USA Inc., Schneider's Fish and Sea Food Corporation, and The Fishing Line LLC as class representatives for settlement purposes.

2. The Court appoints the law firms of Podhurst Orseck P.A. and Hausfeld LLP ("Class Counsel") to serve as co-lead settlement Class Counsel for the Settlement Class, having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

## Notice to Potential Settlement Class Members

1. The Settlement Class shall receive notice in accordance with the terms of this Order. The Court approves the form and content of: (a) the Long Form Notice, attached as Exhibit B to the Declaration of Gina Intrepido-Bowden of JND Administration; and (b) the Informational Press Release (the "Press Release"), attached as Exhibit C to that Declaration. The Court finds that the mailing of the Notice and the Press Release in the manner set forth herein constitutes the best notice that is practicable under the circumstances, is valid, due, and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

2. On or before **May 31, 2022**, JND shall disseminate the Notice.

3. On or before **June 9, 2022**, Class Counsel shall file with the Court an affidavit attesting that the Settlement Notice was disseminated as ordered and their motion for an award of attorneys' fees and expenses from the settlement proceeds, and, if permitted under Eleventh Circuit law, an incentive payment to the Direct Purchaser Plaintiffs to be paid from the Settlement Fund.

4. On or before **July 25, 2022**, Class Counsel shall file with the Court their motion for: final approval of the proposed settlement with Defendants, and approval of a proposed plan of distribution of the settlement proceeds from the settlement.

5. All requests for exclusion from the Settlement Class must be in writing, postmarked no later than **July 5, 2022**, and must otherwise comply with the requirements set forth in the Notice.

6. Any objection by any member of the Settlement Class to the proposed settlement, or to the request for attorneys' fees and expenses, must be in writing, must be filed with the Clerk of Court and postmarked no later than **July 5, 2022**, and must otherwise comply with the instructions set forth in the Notice.

7. The Court will hold a Fairness Hearing on **September 8, 2022 at 9:00 a.m.**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Room 13-3, Miami, Florida 33128 (or such other courtroom as may be assigned for the hearing), to determine whether to approve: (1) the proposed settlement; (2) the proposed plan of distribution of the Settlement Fund; (3) Class Counsel's request for an award of attorneys' fees and litigation costs and expenses from the Settlement Fund; and (4) the request for an incentive payment to the Direct Purchaser Plaintiffs, to be paid from the Settlement Fund. Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing. If the Court believes that it is appropriate, the hearing may be conducted remotely by telephone or other electronic means. If the Court determines to hold the hearing remotely, Class Counsel shall post that information on the website devoted to the direct purchaser litigation and provide any class member that has informed the Court that it intends to participate the information required to remotely participate. The Fairness Hearing may be rescheduled, adjourned or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Class.

8. Any Settlement Class member who wishes to participate in the distribution of the settlement funds must submit a claim in accordance with the instructions therein, postmarked or submitted online on or before **September 23, 2022**.

9. The Court orders Defendants to provide the relevant notices as required by the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., to the extent they have not already done so.

10. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of the entry of this Order, all claims asserted by the Settlement Class against Defendants are stayed pending further Order of the Court, and the Direct Purchaser Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against Defendants asserting any of the Claims released in the Settlement Agreement pending final approval of the Settlement Agreement or until such time as the Court lifts such injunction by subsequent order.

11. If the Settlement Agreement is terminated in accordance with its provisions or is not approved by the Court or any appellate court, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo ante rights of the Direct Purchaser Plaintiffs, Defendants, and members of the Settlement Class.

12. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the parties will have sufficient time to prepare for the resumption of litigation, including but not limited to, class-certification and dispositive motion practice, and preparation for trial.

13. The Clerk is instructed to close this case for administrative purposes, and any pending motions are denied as moot. The status conference scheduled for May 31, 2022 is cancelled.

CASE NO. 19-21551-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 26th day of May, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record