UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21551-CIV-ALTONAGA/Louis

In re:

**FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION**
_____/

## ORDER APPROVING CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS

**THIS CAUSE** came before the Court for a hearing on September 8, 2022 on the Direct Purchaser Plaintiffs'[1] Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses [ECF No. 533] and Unopposed Motion for Final Approval of Settlement with All Defendants, Certification of Settlement Class [ECF No. 539], filed on June 9, 2022, and July 25, 2022, respectively.

In evaluating the Motions, the Court considered the Settlement Agreement Between All Defendants and Direct Purchaser Plaintiffs [ECF No. 524-3] (the "Settlement Agreement), dated May 25, 2022; the Court's Order [ECF No. 525] ("Preliminary Approval Order"), dated May 26, 2022, granting Direct Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement With All Defendants, Preliminary Certification of Settlement Class, and Approval of

---

[1] Direct Purchaser Plaintiffs are: Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corporation; and The Fishing Line LLC. Defendants are: Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood ASA, Grieg Seafood BC Ltd., Grieg Seafood North America Inc. (f/k/a Ocean Quality North America Inc.), Grieg Seafood USA Inc. (f/k/a Ocean Quality USA Inc.), and Grieg Seafood Premium Brands, Inc. (f/k/a Ocean Quality Premium Brands, Inc.); Sjór AS sued as Ocean Quality AS; SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS. Defendants, collectively with Direct Purchaser Plaintiffs, are referred to as the "Parties" herein.

1

Class Notice [ECF No. 524]; and the statements made at Fairness Hearing on September 8, 2022. Further, the Court also considered that the parties provided due and adequate notice to the Settlement Class as required in the Court's Preliminary Approval Order and Notice Order and that the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), expired on September 1, 2022. Having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefor, it is

**ORDERED AND ADJUDGED** the Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses **[ECF No. 533]** and Unopposed Motion for Final Approval of Settlement with All Defendants, Certification of Settlement Class **[ECF No. 539]** are **GRANTED**. The Court further orders as follows:

1. This Final Judgment and Order of Dismissal as to all Defendants incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Litigation[2] and over all parties to the Settlement Agreement, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

## I. The Settlement Class

4. Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the settlement between Direct Purchaser Plaintiffs, for

---

[2] As defined in the Settlement Agreement, "Litigation" means the litigation captioned *In Re Farm-Raised Salmon and Salmon Products Antitrust Litigation*, No. 19-21551-Civ-ALTONAGA/Louis, currently pending before the Undersigned and includes all related direct purchaser actions filed in or transferred to the United States District Court for the Southern District of Florida and consolidated thereunder and all such actions that may be so consolidated in the future.

themselves individually and on behalf of each Class Member in the Litigation, and Defendants, and any objections and responses thereto, the Court finds — solely for purposes of effectuating the settlement — that all requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and hereby certifies solely for settlement purposes the following Settlement Class:

**The Settlement Class**: All persons and entities in the United States, their territories, and the District of Columbia who purchased farm-raised Atlantic salmon or products derived therefrom directly from one or more Defendants from April 10, 2013 until the date of Preliminary Approval.[3] Excluded from the Settlement Class are the Court and its personnel and any Defendants and their parents, subsidiaries, or affiliated companies.

5. The Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon the occurrence of the Effective Date, that the Settlement Class meets the applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(3):

    a. *Numerosity*: The Settlement Class, which is ascertainable, consists of more than 800 persons located throughout the United States and satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(l). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

    b. *Commonality*: The Court determines that Direct Purchaser Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class. These issues are sufficient to establish commonality under Federal Rule of Civil Procedure 23(a)(2) for purposes of settlement.

---

[3] The date of Preliminary Approval is May 26, 2022.

    c.    *Typicality*: The claims of Direct Purchaser Plaintiffs are typical of the claims of the Settlement Class Members they seek to represent for purposes of settlement.

    d.    *Adequacy:* Direct Purchaser Plaintiffs' interests do not conflict with those of absent members of the Settlement Class, and Direct Purchaser Plaintiffs' interests are co-extensive with those of absent Settlement Class Members. Additionally, the Court recognizes the experience of Settlement Class Counsel. Direct Purchaser Plaintiffs and their counsel have prosecuted this action vigorously on behalf of the Settlement Class. The Court finds that the requirement of adequate representation of the Settlement Class has been fully met under Federal Rule of Civil Procedure 23(a)(4).

    e.    *Predominance of Common Issues*: For settlement purposes, the questions of law or fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member.

    f.    *Superiority of the Class Action Mechanism.* The class action mechanism provides a superior procedural vehicle for resolution of this matter compared to other available alternatives. Class certification promotes efficiency and uniformity of judgment because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

6.    Certification of the Settlement Class is for settlement purposes only, shall not constitute evidence in any other proceeding, and may not be cited in support of the certification of any other proposed class.

7. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the following counsel are certified as Settlement Class Counsel for the Settlement Class:

Peter Prieto
PODHURST ORSECK, P.A.
SunTrust International Center
One S.E. 3rd Ave, Suite 2300
Miami, FL 33131
pprieto@podhurst.com

Christopher L. Lebsock
Michael P. Lehmann
HAUSFELD LLP
600 Montgomery St. #3200
San Francisco, CA 94111
clebsock@hausfeld.com

8. Direct Class Plaintiffs are certified as class representatives on behalf of the Settlement Class.

## II. Notice to Settlement Class Members

9. The record shows and the Court finds that notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such class notice: (i) is reasonable and constitutes the best practicable notice to Settlement Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Settlement Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons

and entities who or which do not exclude themselves from the Settlement Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause, Federal Rule of Civil Procedure 23, and any other applicable law).

### III. Final Approval of Settlement Agreement

10. The Court finds that the settlement as set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations undertaken in good faith and with the assistance of United States Magistrate Judge Edward Infante (Ret.), an experienced and well-regarded mediator of complex cases.

11. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the settlement as set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Settlement Class Members.

12. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things: (a) there is no fraud or collusion underlying the Settlement Agreement and the proposal was negotiated at arm's length; (b) the relief provided for the class is adequate, taking into account the complexity, expense, uncertainty and likely duration of litigation in the Action, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member

claims, the terms of the proposed award of attorney's fees, including timing of payment, and the absence of any other agreements required to be identified under Rule 23(e)(3); (c) the Settlement treats class members equitably relative to each other; (d) the class representatives and class counsel have adequately represented the class; and (e) any and all other applicable factors that favor final approval.

13. In reaching this conclusion, the Court considered the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

14. Moreover, the Court concludes that:

    a.    the Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the cooperation agreement, outweigh the mere possibility of future relief after protracted and expensive litigation;

    b.    success in antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

    c.    Settlement Class Counsel's judgment that the settlement as set forth in the Settlement Agreement is fair and reasonable, and the Settlement Class Members' reaction to the settlement is entitled to great weight.

## IV. Settlement Class Counsel's Fee Application

15. Settlement Class Counsel has filed an application for attorneys' fees equal to thirty percent (30%) of the $85,000,000 common fund created through their efforts in prosecution and settling this Litigation, totaling $25,500,000.

16. As recognized by the United States Supreme Court, the law is well established that "a litigant or a lawyer who recovers a common fund for the benefit of persons other than

7

himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (collecting cases). And as the Eleventh Circuit made clear in *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), the law is equally well established in this jurisdiction that "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Id.* at 774.

17. The "majority of common fund fee awards," the Eleventh Circuit has observed, "fall between 20% to 30% of the fund." *Id.* at 774; *see also Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1243 (11th Cir. 2011) (affirming fee award above the "25% benchmark"); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999) (directing district courts "to view [the 20% to 30%] range as a 'benchmark,' which 'may be adjusted in accordance with the individual circumstances of each case'") (quoting *Camden I*, 946 F.2d at 774–75). Thus, "[c]ourts nationwide," the Eleventh Circuit recently noted with approval, "'have repeatedly awarded fees of 30 percent or higher[.]'" *In re Equifax Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1281 (11th Cir. 2021) (alteration added; quoting *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1367 (S.D. Fla. 2011)).

18. Per *Camden I*, the Court may also consider the following nonexclusive list of factors in determining the reasonableness of the attorneys' fees are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability"

of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

19. In support of their request for attorneys' fees, Settlement Class Counsel have presented the Declaration of Professor Brian Fitzpatrick [ECF No. 533-2] (the "Fitzpatrick Declaration"), a leading scholar on class actions, and the Declaration of Peter Prieto and Michael Lehmann [ECF No. 533-1] ("Lead Counsel Declaration"), Court-appointed Lead Counsel in this litigation.

20. The Fitzpatrick Declaration and the Lead Counsel Declaration analyze the factors set forth in *Camden I*, and both conclude that every applicable one of them supports the reasonableness of the instant fee request. The Court agrees. The Court independently has analyzed the *Camden I* factors against the unique facts of this case and concludes that each and every applicable one of them supports the reasonableness of the instant fee request.

21. Settlement Class Counsel have also sought the reimbursement of litigation expenses in the amount of $2,636,558.69.

22. It is understood that Settlement Class Counsel are "entitled to be reimbursed from the class fund for the reasonable expenses incurred" in pursuing actions on behalf of a Class. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 549 (S.D. Fla. 1988), *aff'd* 899 F.2d 21 (11th Cir. 1990) (citation omitted). The expenses sought to be reimbursed here are expenses that are both reasonable and necessary to the progress of the litigation.

23. Accordingly, the Court approves the application for attorneys' fees in the amount of $25,500,000, to be paid from the Settlement Fund and approves the reimbursement of $2,636,558.69.

**V.      Dismissal of Claims, Release**

24.     The Litigation and all claims contained therein, as well as all of the Released Claims, against any of the Released Parties by the Direct Purchaser Plaintiffs, Settlement Class Members, and Releasing Parties are hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

25.     Upon the Effective Date, each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal, shall have waived and released (i) all Released Claims against the Released Parties and (ii) any rights to the protections afforded under California Civil Code section 1542 or any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, or any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release; (b) shall forever be barred from initiating, asserting, maintaining, or prosecuting any and all Released Claims against any Released Party.

26.     This Final Judgment and Order of Dismissal shall not affect, in any way, the right of Direct Purchaser Plaintiffs or Settlement Class Members to pursue claims, if any, outside the scope of the Released Claims.

**VI.     Other Provisions**

27.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence

of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein.  The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, the Court hereby retains continuing jurisdiction over the Settlement Agreement for all purposes, including any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement.

29. If the settlement set forth in the Settlement Agreement is terminated pursuant to the Settlement Agreement, then the Settlement Agreement (including any amendment(s) thereto) and this Final Judgment and Order of Dismissal shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

30. Except as otherwise provided herein, in the event the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason,

then the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Litigation as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and all amounts paid by Defendants into the Settlement Fund (other than costs that may already have reasonably been incurred or expended in accordance with this Settlement Agreement, such as notice and administration) shall be returned to Defendants from the Escrow Account along with any interest, income, or proceeds consolidated therewith, within ten (10) business days after such order becomes final and non-appealable.

31.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

32.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal and immediate entry by the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54.

**DONE AND ORDERED** in Miami, Florida, this 8th day of September, 2022.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record