UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21551-CIV-ALTONAGA/Louis

In re: FARM-RAISED SALMON
AND SALMON PRODUCTS
ANTITRUST LITIGATION
_____/

**PLAINTIFFS' MOTION FOR DISTRIBUTION OF THE CLASS SETTLEMENT FUND**

Co-lead Counsel for the Direct Purchaser Class Plaintiffs respectfully submit this Memorandum in Support of their Motion for Distribution of the Class Settlement Fund (the "Class Distribution Motion"). For the reasons set forth herein and in the accompanying Declaration of Bronyn Heubach in Support of Class Plaintiffs' Class Distribution Motion (the "Heubach Declaration"), prepared on behalf of JND Legal Administration (the "Claims Administrator" or "JND"), Class Plaintiffs respectfully request that the Court enter the [Proposed] Order submitted concurrently herewith permitting Co-Lead Class Counsel and JND to distribute the Class Settlement Fund ("CSF") to Participating Accounts in accordance with the Settlement Agreement Between All Defendants and the Direct Purchaser Plaintiffs (the "Settlement Agreement") and approved by in this Court's Order Approving Class Settlement, Certifying Settlement Class, dated September 8, 2022 (the "Final Approval Order").

I.   **PRELIMINARY STATEMENT**

Since the time the Court entered its Final Approval Order, Co-Lead Class Counsel and the Claims Administrator have worked diligently to provide notice to the Class and to administer the Settlement consistent with the Settlement Agreement and the Court's Final Approval Order. Between September 8, 2022 and the present, Co-Lead Class Counsel and JND communicated with all Settlement Class Members and claimants: (i) to notify them of the Claims Administrator's calculations from which their *pro rata* share of the Settlement would be calculated; (ii) to resolve ownership issues and disputes with respect to transferred claims, if any; (iii) to resolve disputes, if any, with respect to the calculation of volumes of commerce for purposes of this Class Action pursuant to the terms of the Settlement Agreement; and (iv) to notify claimants, where appropriate, of the final calculation of the volumes of commerce to be recognized for purposes of this Class Action, or to notify a claimant that they did not have recognized direct purchases. Each Settlement

Class Member and Claimant received a letter advising them of these calculations, the fact that Co-Lead Counsel would be filing this motion seeking an order approving distribution of those amounts, and, where appropriate, not excluding claims or approving the escrowing of funds pending resolution of ownership disputes or any further matters which need to be resolved. Accordingly, Co-Lead Class Counsel and the Claims Administrator are prepared to distribute the Class Settlement Fund to Settlement Class Members as determined by Co-Lead Class Counsel and the Claims Administrator (the "Class Distribution" or "Distribution"). Class Plaintiffs, therefore, respectfully request that the Court enter the proposed Class Distribution Order submitted herewith.

## II.     FACTUAL BACKGROUND

### A.     The Settlement

On May 26, 2022, the Court preliminarily approved the Direct Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement with All Defendants, Preliminary Certification of Settlement Class, and Approval of Class Notice [ECF No. 524], filed on May 25, 2022. *See* ECF No. 525 ("Preliminary Approval Order"). The Court preliminarily approved the Settlement Agreement between the Direct Purchaser Plaintiffs and Defendants[1], as the "terms of the Settlement Agreement . . . [are] fair, reasonable, and adequate to the Settlement Class[.]" In preliminarily approving the Settlement Agreement, the Court ruled that it would hold a Fairness Hearing on September 8, 2022 to determine whether to approve, among other things, "Class

---

[1]     **Plaintiffs** are: Euclid Fish Company; Euro USA Inc.; Schneider's Fish and Sea Food Corporation; and The Fishing Line LLC. **Defendants** are: Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC); Grieg Seafood ASA, Grieg Seafood BC Ltd., Grieg Seafood North America Inc. (f/k/a Ocean Quality North America Inc.), Grieg Seafood USA Inc. (f/k/a Ocean Quality USA Inc.), and Grieg Seafood Premium Brands, Inc. (f/k/a Ocean Quality Premium Brands, Inc.); Sjór AS sued as Ocean Quality AS; SalMar ASA; Lerøy Seafood AS and Lerøy Seafood USA Inc.; and Cermaq Group AS, Cermaq US LLC, Cermaq Canada Ltd., and Cermaq Norway AS. Defendants, collectively with Plaintiffs, are referred to as "Parties." Capitalized terms not defined herein shall have the same definitions ascribed to them in the Settlement.

Counsel's request for an award of attorneys' fees and litigation costs and expenses from the Settlement Fund." ECF No. 525 at 4.

After the Preliminary Approval Order, Plaintiffs provided direct notice of the Settlement Agreement to what is reasonably believed to be *every member* of the Settlement Class, and published notice in accordance with the Preliminary Approval Order. As further described herein, the notices were also available on a website maintained by JND. The deadline by which Settlement Class Members could opt-out of the Class or object to the Settlement was Monday, July 11, 2022.

On September 8, 2022, the Court held the Fairness Hearing on the Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses [ECF No. 533] and Unopposed Motion for Final Approval of Settlement with All Defendants, Certification of Settlement Class [ECF No. 539], filed on June 9, 2022, and July 25, 2022, respectively. In evaluating the Motions, the Court considered:

> "the Settlement Agreement Between All Defendants and Direct Purchaser Plaintiffs [ECF No. 524-3] (the "Settlement Agreement), dated May 25, 2022; the Court's Order [ECF No. 525] ("Preliminary Approval Order"), dated May 26, 2022, granting Direct Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement With All Defendants, Preliminary Certification of Settlement Class, and Approval of Class Notice [ECF No. 524]; and the statements made at Fairness Hearing on September 8, 2022. Further, the Court also considered that the parties provided due and adequate notice to the Settlement Class as required in the Court's Preliminary Approval Order and Notice Order and that the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), expired on September 1, 2022."

Final Approval Order, ECF No. 543 at 1-2.

Having considered all papers filed and proceedings held, the Court granted the Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses [ECF No. 533] and the

3

Unopposed Motion for Final Approval of Settlement with All Defendants, Certification of Settlement Class [ECF No. 539]. *See* Final Approval Order, ECF No. 543 at 2. Further, the Court found that the "relief provided for the class is adequate, taking into account the complexity, expense, uncertainty and likely duration of litigation in the Action, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of the proposed award of attorney's fees, including the timing of payment, and the absence of any other agreements required to be identified under Rule 23(e)(3)[.]" *Id.* at 6-7. *See also generally*, Settlement Agreement.

**B.     The Approved Plan of Allocation**

Defendants paid $85 million to settle the claims advanced in the Action. In Plaintiffs' July 25, 2022 Motion for Final Approval of Settlement with All Defendants, Certification of Settlement, and Incorporated Memorandum of Law ("Motion for Final Approval of Settlement"), Settlement Class Counsel filed an application for attorneys' fees equal to thirty percent (30%) of the $85 million common fund created through their efforts in prosecution and settling this Action, totaling $25,500,000. *See* ECF No. 539. Settlement Class Counsel also requested to be reimbursed from the CSF for the reasonable expenses incurred in pursuing actions on behalf of the Class. *See id*. This Court approved the application for attorneys' fees and the reimbursement of $2,636,558.69, after finding the expenses to be "both reasonable and necessary to the progress of the litigation." *See* ECF No. 543 at 8-9.

As stated above, this Court found that the "relief provided for the class is adequate, taking into account the complexity, expense, uncertainty and likely duration of litigation in the Action, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of the proposed award of attorney's fees, including

timing of payment, and the absence of any other agreements required to be identified under Rule 23(e)(3)[.]" ECF No. 543 at 7.

Settlement Class Counsel's proposed method of distribution dictated that the settlement funds be distributed to all Members of the Settlement Class who file a valid claim on a *pro rata* basis, "based on the Class Member's volume of commerce (based on either Defendants' transaction records or an individual Class Member's transaction records, subject to audit) compared with the volume of commerce of other claimants. After all the claims are processed, JND will promptly distribute cash payments via check to Settlement Class Members." ECF No. 539 at 13-14.

    **C.**    **The Claims Administration**

        *1.*    *The Claims Administrator Provided Notice and Claims Materials to the Class.*

In accordance with this Court's Order, the Claims Administrator, JND, implemented the Notice Program. ECF No. 539 at 8. A total of 968 Notices were successfully mailed to Settlement Class Members as identified from Defendants' transaction records and through additional research efforts. *See* Heubach Decl., ¶¶ 4-5. JND promptly re-mailed Notices that were returned with forwarding addresses and conducted advanced address research for Notices returned without a forwarding address. *Id*., ¶ 4. In addition, the Press Release was issued. The Settlement Website, www.salmondirectpurchasersettlement.com, also has had more than 33,512 page views, including more than 17, 671 unique visitors, and JND has received more than 529 calls and more than 2,959 emails with respect to the Settlement as of the date of the Heubach Declaration. *See* Heubach Decl., ¶ 7. JND also established a toll-free telephone number, 1-877-540-1074, which has been operational. *Id*., ¶ 6. Additionally, JND established an email address, info@SalmonDirectPurchaserSettlement.com, for electronic inquiries and submissions by the

5

claimants, which like the toll-free telephone number, has been operational since its inception. *Id.*, ¶ 7.

        2.    *Claims Processing, Review, and Resolution.*

The Direct Mail Notice sent to Settlement Class Members, among other things, described the Class, the release, the amount and proposed distribution of the Settlement Fund and informed Settlement Class Members of their right to opt out or object, as well as the procedural steps required to opt out or object. By submitting a Claim, a person or entity was deemed to have submitted to the jurisdiction of this Court with respect to his, her, or its Claim and the subject matter of the Settlement. The Notice expressly stated September 23, 2022 as the deadline to submit a Claim Form; July 11, 2022 as the deadline to exclude themselves, opt out of the settlement case, object to the Settlement, or file a notice of intention to appear at the Fairness Hearing; and September 8, 2022 as the date of the final approval and fairness hearing. *See* Heubach Decl., ¶ 8, Ex. A.

A total of 655 claims were timely submitted for JND's review and processing, of which 37 were identified as duplicative. *See* Heubach Decl., ¶ 9. Of the unique, timely claims, a total of 371 claims were from individuals that did not appear in the Class data ("original Class List"). *Id.* In addition, two claims were submitted after the claim filing deadline and were mailed denial notifications. *Id.* JND mailed deficient claim notifications to 56 Class Members who disputed their purchase amounts but did not fully support the claimed amounts. *Id.*, ¶ 10. The letters provided detailed reasons for the determination and 45 days to respond with additional documentation to cure the deficiencies. *Id.*, ¶ 10, Ex. B. On August 29, 2023, JND mailed a final determination letter to any Class Member who responded to the notification and whose claim is still not approved for the full disputed amount. *Id.* ¶ 10.

6

JND also mailed deficient claim notifications to 371 unique non-Class Member claimants providing 45 days to respond with sufficient documentation to prove their membership in the Class. *See* Heubach Decl., ¶ 11, Ex. C. No sufficient responses were received proving that any claimant that did not appear on the original Class List should be added to the Class.[2] *Id*. On August 25, 2023, JND mailed a final determination letter to any non-Class Member who responded to the notification and whose claim is still not approved. *Id*.

In summary, of 618 unique, timely claims, 189 claims were initially fully approved, and 56 claims were approved with deficient disputes. *See* Heubach Decl., ¶¶ 10-12. Of these deficient claims, nine claimants were able to submit additional supporting documentation and were ultimately fully approved. *Id.* ¶ 12. An additional 373 unique claims were denied for untimeliness, deficiency, and unqualifying purchases. *Id*. All rejected claimants were notified of their deficient claims and provided an opportunity to cure; two responded with sufficient documentation to cure the issues with their claims, and all those who responded and did not cure were subsequently notified of the final determination rejecting their claims. *Id*. JND recommended and Co-Lead Class Counsel accepted the rejection of 373 claims. A total of 247 claims were ultimately approved. *Id.*, Ex. D.

### D. The Class Settlement Fund to be Distributed and the Claims Administrator's Fees

The current estimated amount of distribution is approximately $56 million, which represents the $85,000,000 Class Settlement Fund less (1) approved attorney's fees of 30% of $85,000,000, (2) reimbursement of litigation expenses in the amount of $2,636,558.69, and (3)

---

[2] JND approved two claims from non-Class Member entities that provided proof of assigned claims from other Class Members. The value of these assigned claims was deducted from the assignor Class Members' purchase amounts and reallocated to the assignee non-Class Members.

payments to JND for work performed on behalf of the class through the date of the Heubach Declaration. *See* ECF No. 543 at 9.

Class Counsel, according to the Settlement, were permitted to pay from the Settlement Fund, without further approval from Defendants or the Court, the costs and expenses reasonably and actually incurred, up to the sum of $150,000 for providing notice and the administration of the Settlement. *See* ECF No. 539 at 3. The Settlement also states that any "[a]dditional sums, to the extent required for notice and administration, shall not be withdrawn from the Escrow Account without prior approval of the Court, *on good cause shown*." ECF No. 524-3.

JND's monthly invoices for work performed on behalf of the Class through September 22, 2023 totals $308,101.25. *See* Heubach Decl., ¶ 16. Given the complexity of submitted claims and a higher number of claim inquiries than expected, JND estimates that total fees and expenses for notice and claims administration, including the work done thus far and the remaining costs for notifying Class Members with denied claims and distribution of checks to Class Members, will not exceed a total of $365,000. *Id.* ¶ 18. This estimate is $215,000 above the sum of $150,000 expressed in the Settlement. To demonstrate good cause as required by the Settlement, JND submits its sworn declaration for this Court's consideration for approval of payment from the Escrow Account. The sworn declaration includes details of work performed on behalf of the Class through the date of the Heubach Declaration, which was reasonably incurred in connection with providing notice and the administration of the Settlement. *See* Heubach Decl., ¶¶ 17(a)-(e).

### III. ARGUMENT

#### A. Class Counsel's and Claims Administrator's Administrative Determinations Should be Accepted

As detailed above and in the accompanying Heubach Declaration, Co-Lead Counsel and the Claims Administrator have corresponded with each Settlement Class Member and claimant

and have determined that the amount of volume of commerce for all valid claims listed in Exhibit D of the Heubach Declaration, should be used for purposes of determining the numerator for each claimant's *pro rata* share the Class Settlement Fund. The total amount of volume of commerce of all the Settlement Class Member participants, also set forth in Paragraph 13 of the Heubach Declaration, is $6,535,252,667.12. This total represents the Denominator for purposes of determining the *pro rata* distribution to each Settlement Class Member. Class Plaintiffs and Co-Lead Class Counsel respectfully request that the Court adopt Co-Lead Class Counsel's and the Claims Administrator's administrative determinations concerning the valid and qualifying claims of direct purchases of farm-raised Atlantic salmon or products derived therefrom from one or more Defendants from April 10, 2013 until May 26, 2022 in the Class Distribution and the determination of their volume of commerce for purposes of calculating each account's *pro rata* share of the Class Distribution.

          1.     *The Ineligible Claims Should be Rejected.*

JND has recommended and Co-Lead Class Counsel accepted the rejection of 373 claims. *See* Heubach Decl., ¶ 12. These claims were either untimely, unqualified, or unsupported. *See id.* Rejected claims, for example, consisted of purchases that were not farm-raised Atlantic salmon or products derived therefrom, were not purchased directly from one or more Defendants, or were not purchased during from April 10, 2013 until May 26, 2022. *See id.*, Ex. B. Additionally, some of the rejected claims also were missing valid documentation of the claimed purchases. *See id.* Each rejected claimant received a letter identifying that their claim was rejected. *See id.*, ¶¶12, Ex. B. Class Plaintiffs and Co-Lead Class Counsel respectfully request that the Court adopt Co-Lead Class Counsel and the Claims Administrator's administrative determinations concerning the rejection of these claims.

### B. The Court Should Authorize the Requested Distribution of the Net Settlement Fund

As set forth herein and in the Heubach Declaration, Co-Lead Class Counsel and the Claims Administrator have performed the work necessary to effectuate Distribution of the Class Settlement Fund that is consistent with the Court's prior Orders and the plan of allocation. Class Plaintiffs and Co-Lead Class Counsel respectfully request that the Court order distribution as set forth herein.

Once the Court authorizes the Class Distribution, the Claims Administrator will determine each Authorized Claimant's payment from the Class Settlement Fund (the "Settlement Payment") by calculating each Authorized Claimant's *pro rata* share of the Class Settlement Fund as set forth above. This calculation will be determined by comparing the participants' volumes of commerce with the total volumes of commerce set forth in Exhibit D to the Heubach Declaration and multiplying that percentage by the total dollar value of the Class Settlement Fund at the time of Distribution in order to calculate payment amounts.

The Claims Administrator will then mail a Settlement Payment check to each Authorized Claimant by pre-paid first-Class mail. In some appropriate cases, the Claims Administrator will wire the payment amounts to accounts of Class Members. The Claims Administrator will distribute all of the available balance of the Class Settlement Fund after deducting payments for current and estimated total billings. As detailed above, the Claims Administrator will not withdraw any additional sums required for notice and administration without this Court's approval if the amount sought causes the total sum of Settlement Administration costs and expenses to exceed beyond $150,000 as stated in the Settlement.

1.  *Disposition of Any Unclaimed/Uncashed Balance.*

In order to encourage Participating Accounts to cash their Class Distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, Co-Lead Class Counsel and the Claims Administrator propose that all Distribution checks bear clear language encouraging Class Members to cash their checks promptly and notifying them that the funds will be subject to re-distribution if not cashed within 60 days of the issue date. *See* Heubach Decl. ¶¶ 15. After the void date passes, any remaining funds from uncashed checks will be re-distributed pro rata to Class Members that cashed their checks. *Id.*

If any funds remain in the CSF after the Distribution (including notice and administration costs and expenses) because of uncashed distributions or other reasons, and the remaining funds become *de minimis* in Class Counsel's reasonable judgment, such funds shall be made the subject of an application to the Court by Direct Purchaser Plaintiffs for *cy pres* distribution. *See* ECF No. 524-3.

2.  *Release of Claims.*

In order to allow the full and final distribution of the Class Settlement Fund, it is necessary to bar any further claims against the Class Settlement Fund beyond the amount allocated to the participating accounts in Exhibit D, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration of claims, be released and discharged from any and all claims arising out of such involvement. Accordingly, Class Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the CSF from any and all claims arising out of such involvement, and bar all Settlement Class Members, whether or not they receive payment from the

11

CSF, from making any further claims against the CSF, Class Plaintiffs, Class Plaintiffs' Counsel, the Claims Administrator, or any other agent retained by Class Plaintiffs' Counsel in connection with the administration or taxation of the CSF beyond the amount allocated to Participating Accounts.

### C. The Claims Administrator Should be Permitted to Discard Certain Records Following a Reasonable Time After the Initial Distribution

Class Plaintiffs and Co-Lead Class Counsel respectfully request that the Class Distribution Order provide that: (i) the Claims Administrator may discard paper copies of Proof of Claim forms and all supporting documentation not less than one year after the Distribution of the CSF; and (ii) the Claims Administrator may discard copies of such materials maintained in electronic form not less than three years after the Distribution of the CSF.

## IV. CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court enter the [Proposed] Order Granting Class Plaintiffs' Motion for Distribution of the Class Settlement Fund.

Dated:  October 4, 2023

*/s/Peter Prieto*
PODHURST ORSECK, P.A.
Peter Prieto
Florida Bar No: 501492

John Gravante, III
Florida Bar No: 617113

Matthew P. Weinshall
Florida Bar No: 84783

One S. E. 3rd Avenue, Suite 2300
Miami, Florida 33131
Email: PPrieto@podhurst.com
Email: JGravanteIII@podhurst.com
Email: MWeinshall@podhurst.com

HAUSFELD LLP
Michael P. Lehmann (pro hac vice)
Christopher L. Lebsock (pro hac vice)
600 Montgomery St. #3200
San Francisco, CA 94111
Tel: (415) 633-1908
Email: MLehmann@hausfeld.com
Email: CLebsock@hausfeld.com

HAUSFELD LLP
Reena A. Gambhir (pro hac vice)
Timothy S. Kearns (pro hac vice)
In Kyung Shin (pro hac vice)
888 16th St. NW, Suite 300
Washington D.C. 20006
Tel: (202) 540-7200
Email: RGambhir@hausfeld.com
Email: TKearns@hausfeld.com
Email: JShin@hausfeld.com

*Co-lead counsel for Direct Purchaser Plaintiff Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record via transmission of notice of Electronic Filing generated by CM/ECF.

By: */s/ Peter Prieto*
 Peter Prieto